UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAMUEL KATZ, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>   *Plaintiff*,<br><br>v.<br><br>LIBERTY POWER CORP., LLC, *et al.*,<br><br>   *Defendants*. | Case No. 1:18-cv-10506-ADB |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF**
**MOTION TO BIFURCATE INDIVIDUAL AND CLASS DISCOVERY**

  Defendants Liberty Power Corp., LLC and Liberty Power Holdings, LLC (collectively, "Defendants"), by and through counsel, move the Court for the entry of an Order bifurcating discovery of the named Plaintiff, Samuel Katz ("Plaintiff" or "Mr. Katz"), from class discovery. Based upon information currently available to Defendants, Mr. Katz likely cannot maintain a valid claim under the Telephone Consumer Protection Act ("TCPA"). In particular, Mr. Katz has not pleaded that he was "charged" (by his communications service provider) for each telephone call that he allegedly received from Defendants as required by federal district courts in Massachusetts and elsewhere. This is a required element of pleading and proof under the TCPA. Limited fact discovery on Mr. Katz's claims only should be conducted immediately, without subjecting the parties to the tremendous costs associated with more expansive class discovery. This limited discovery of a single individual will establish the legal and factual bases (or lack thereof) for Mr. Katz's claims.

  Defendants anticipate filing a dispositive motion on Mr. Katz's individual claims, and, if the motion is granted, this expedited process will dispose of the entire case. In the absence of

bifurcation, Defendants will be forced to endure many months of intrusive and expensive discovery to fend off a putative class action claim filed by for Mr. Katz "on his own behalf and on behalf of all others similarly situated." Mr. Katz, and only Mr. Katz, can establish whether *he* suffered any injury in fact, and if so, then the parties can move onto discovery on the broader issues at stake in the TCPA class action case.

## I. OVERVIEW

On March 16, 2018, Plaintiff Samuel Katz filed a putative class action Complaint against Defendants. Compl., ECF No. 1. Plaintiff alleges violations of the TCPA. Plaintiff seeks to represent three sets of nationwide classes: (1) an artificial/prerecorded voice class; (2) a national do not call class; and (3) an internal do not call class. *Id.* ¶ 60. The proposed timeframe for all three classes is *four years* from the date Plaintiff filed his Complaint. *Id.* (emphasis added).[1] Mr. Katz contends that he received more than a dozen unsolicited calls to his residential telephone number from Defendants and/or their agents trying to sell electricity services, even though his number was allegedly registered with the National Do Not Call Registry, purportedly causing him damage and harm. *See id.* ¶¶ 50, 54, 56, 58.

As explained below, the alleged caller (Defendants) and the recipient of these calls (Plaintiff) *both* utilized Voice over Internet Protocol ("VoIP") telephone technology, enabling "free" telephone calls over the Internet to Plaintiff's Verizon FIOS residential landline. Plaintiff could not have incurred direct damages (*i.e.*, charged a higher telephone bill) when or if he

---

[1] Mr. Katz also has two claims for alleged fraudulent transfers. Compl. ¶¶ 93-103. However, these claims are asserted solely as a basis to satisfy any TCPA judgment. *See id.* ¶ 98 "Hence, Transfers of Liberty Power's assets alleged above inevitably reduce the total amount of assets available to satisfy a judgment in favor of Plaintiff and the other class members." Thus, without a meritorious underlying TCPA claim, these claims are moot.

2

received Defendants' telephone calls.  Accordingly, the parties should undertake discovery into individual Plaintiff's claims first before proceeding into class discovery.

## II.     RATIONALE FOR BIFURCATED DISCOVERY

Bifurcation of individual and class discovery is appropriate and should be granted. "[A] district court possesses inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Dietz v. Bouldin*, ___ U.S. ___, 136 S. Ct. 1885, 1891 (2016) (citations omitted).  The court's exercise of its "inherent power must be a reasonable response to a specific problem and the power cannot contradict any express rule or statute." *Id.* at 1892. "Federal trial courts enjoy broad discretion in managing the pace of pretrial proceedings, including the timing of discovery." *Vineberg v. Bissonnette*, 548 F.3d 50, 54 (1st Cir. 2008) (citing *Dynamic Image Techs., Inc. v. United States*, 221 F.3d 34, 38 (1st Cir. 2000)); *See Aponte-Torres v. Univ. Of Puerto Rico*, 445 F.3d 50, 59 (1st Cir. 2006). ("Trial courts have broad discretion in shaping the parameters of pretrial discovery…").

In accordance with *Deitz*, bifurcated discovery would achieve the orderly and expeditious disposition of the case and would be consistent with the Federal and Local Rules.  The scope of discovery should be "proportional to the needs of the case…and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1).  The parties must consider "whether discovery should be conducted in phases or be limited to or focused on particular issues." FED. R. CIV. P. 26(f)(3)(B).  The Local Rules of this Court further require consideration of phased discovery: the parties must "take into account the desirability of conducting phased discovery in which the first phase is limited to developing information needed for a realistic assessment of the case[.]") LOC. R. 16.1(d)(1)(b) (discussing contents of joint

discovery plan).  Local Rule 16.3(a)(3)(b) ("Case Management Conferences") requires contemplation of sequencing discovery into one or more phases.[2]

Federal courts in this District have approved bifurcated discovery.  *See Bucceri v. Cumberland Farms, Inc.*, No. 15-CV-13955-IT, 2017 WL 4411033, at *1 (D. Mass. Oct. 4, 2017) (approving bifurcated discovery with phase I discovery involving the claims of 8 named or opt-out Plaintiffs, and Defendant's defenses to such claims); *Rothbaum v. Samsung Telecomm, Am., LLC.*, No. 11-cv-10509-MLW (D. Mass. March 24, 2011) (ECF No. 68) (ordering a schedule for the parties to file and argue motions for summary judgment on Plaintiff's individual claim); *Neilen v. Guitar Ctr., Inc.*, No. 13-cv-11284-RGS (D. Mass. May 29, 2013) (ECF No. 21) (order allowing only individual discovery followed by dispositive motions); *O'Connell v. Sterling Jewelers, Inc.*, No. 13-cv-13165-DPW (D. Mass. Dec. 14, 2013) (ECF No. 61) (order setting schedule for merit discovery "as to claims of named Plaintiff" following by a summary judgment briefing schedule); *Huzarsky v. Little Kids, Inc.*, No. 15-cv-13613-DJC (D. Mass. Oct. 21, 2015) (ECF No. 22) (ordering fact discovery on plaintiff's individual claims followed by summary judgment).   In sum, the Federal Rules, the Local Rules, and recent decisions from this District all authorize bifurcated discovery, and the Court should order it for the reasons below.

---

[2] Defendants are cognizant of the Court's Judicial Form Survey Question and Answer 13.  Bifurcated discovery will lead to efficiency in perhaps resolving the entire case on a prompt dispositive motion. Defendants further submit the size and scope of three potential classes of individuals from the entire United States going back four years is unrelated and will not overlap at all with whether Plaintiff has meritorious claims that can survive a dispositive motion. *See Physicians Healthsource, Inc. v. Janssen Pharm., Inc.,* No. 3:12-cv-2132-FLW, 2014 WL 413534, at *4 (D.N.J. Feb. 4, 2014) (bifurcating discovery in a TCPA case and stating "…the Court finds that the issue concerning whether the faxes here are informational is totally distinct from class issues.  Unlike Plaintiff, the Court finds that there will be no significant overlap between the two and therefore no real danger of a duplication of efforts or corresponding increase in litigation costs.  Moreover, the Court also finds that bifurcating the two issues has the potential to save the parties and the Court from the substantial costs and burdens associated with whole scale class action discovery.").

### III.  ARGUMENT

#### A.  Plaintiff's Complaint Should Be Tested By Dispositive Motion At This Early Stage to Minimize Prejudice and Maximize Judicial Economy

Based upon the allegations in the Class Action Complaint, and the facts gathered to date by Defendants' counsel, it is highly questionable whether the claims of the named Plaintiff will survive a dispositive motion.  For example, Mr. Katz allegedly received telephone calls from a VoIP telephone number and owns a VoIP telephone number.  In addition, Plaintiff has made inconsistent statements regarding when he received the allegedly unlawful telephone calls and the originating number for these telephone calls.  Discovery into Mr. Katz's individual claims should proceed first, logically, in order to test whether or not Plaintiff himself has meritorious claims.  This phased, sequenced discovery supports judicial efficiency and economy and will provide a realistic assessment of the case. *See* LOC. R. 16.1(d)(1)(b); FED. R. CIV. P. 26(f)(3)(B).  Should the Court grant Defendants' dispositive motion disposing of Plaintiff's individual claims, the entire case is terminated, and costly, time-consuming class discovery is mooted.  Thus bifurcation, at this juncture, "is proportional to the needs of the case." FED. R. CIV. P. 26(b)(1).

Plaintiff alleges that Liberty Power called him on numerous occasions from the telephone number (508) 202-1270. Compl. ¶ 50.  At the time of the alleged calls, that telephone number was assigned to Bandwidth-CLEC, LLC, a VoIP provider. *See* **Exhibit A**, Decl. of Jeffrey Brundage ¶ 3; **Exhibit B**, Bandwidth CLEC, LLC subpoena response.  Plaintiff does not allege that he was charged for these particular calls. *See* Compl.  Plaintiff admits he has a VoIP telephone number from Verizon FIOS. *See* **Exhibit A**, Decl. of Jeffrey Brundage ¶ 4; *In the Matter of Verizon*, 28 F.C.C. Rcd. 8156, 8158 (2013) (Verizon's FIOS Digital Voice service is a VoIP (voice over Internet Protocol) service).  Thus, given the recent decision of the federal

5

courts in this District and elsewhere, it is dubious Plaintiff has claims that can survive a dispositive motion. *See Breda v. Cellco P'ship*, No. CV 16-11512-DJC, 2017 WL 5586661, at *3-4 (D. Mass. Nov. 17, 2017) (granting Defendant summary judgment in a VoIP TCPA case because there was no evidence that plaintiff was charged for individual calls and noting Plaintiff may have to show VoIP service is "connected to a cellular telephone" and Defendant knew this); appeal docketed, No. 18-1010 (1st Cir. Jan. 11, 2018); *Karle v. Sw. Credit Sys., Ne. Utilities Serv. Co.*, No. 14-30058-MGM, 2015 WL 5031966, at *6 (D. Mass. Aug. 25, 2015) (granting defendant's summary judgment motion on TCPA claim where plaintiff was charged a flat monthly fee for VoIP service, there were no indications that she was charged per usage, and plaintiff submitted no evidence in support of itemized charges); appeal docketed, No. 15-1993 (1st Cir. Sept. 1, 2015); *Jones v. Experian Info. Sols.*, No. CV 14-10218-GAO, 2016 WL 8679218, at *2 (D. Mass. Sept. 30, 2016) (ordering judgment in favor of defendant and affirming magistrate's finding that plaintiff cannot prove required element of TCPA claim—that defendant called a cellular telephone service or service for which the called party is charged on per call basis); *see also Klein v. Commerce Energy, Inc.*, 256 F. Supp. 3d 563, 583 (W.D. Pa. 2017) (granting summary judgment for Defendant in VoIP TCPA case because Plaintiff failed to adduce facts he was charged for the telephone calls he received), *appeal dismissed*, No. 17-2623, 2017 WL 7135432 (3d Cir. Dec. 11, 2017); *Lundstedt v. I.C. Sys., Inc.*, No. 3:15-CV-00824-JAM, 2017 WL 4281057, at *4 (D. Conn. Sept. 27, 2017) (citing *Klein* for the proposition that "§ 227(b)(1)(A)(iii) does not apply to automatic dialing system calls made to someone who received calls via Voice-over-Internet Protocol system absent evidence that the called party was charged for the call."). Given the tenuous nature of Plaintiff's claims, only individual discovery

is needed to ascertain if Plaintiff has a viable cause of action that could represent a class and necessitate class discovery.

In addition, Plaintiff has alleged he received similar but different calls on different days, and at different times, from the same Defendants. In a January 4, 2017 demand letter sent by one of his current counsel, Plaintiff claimed to have received 14 calls from Defendants from *two different telephone numbers*. *See* **Exhibit C**, January 4, 2017 Demand Letter. Yet the Class Action Complaint does not contain the second telephone number, but rather cites to (508) 202-1270 and "Anonymous." *See* Compl. ¶ 50. Responses to document requests and third-party subpoenas will establish the facts of these alleged calls, *i.e.*, which telephone number(s) originated the calls to Mr. Katz, whether any of the telephone numbers are linked to Defendants, and whether all (or none) of the calls to Mr. Katz originated from a VoIP provider.

Judicial economy favors testing the merits of Plaintiff's allegations before engaging in costly class discovery. *See Leschinsky v. Inter-Cont'l Hotels Corp.*, No. 8:15-cv-1470-T-30MAP, 2015 WL 6150888, at *2 (M.D. Fla. Oct. 15, 2015) (ordering bifurcated individual discovery and then summary judgment briefing schedule because "Defendants have presented evidence suggesting that [Plaintiff's] TCPA claims are without merit as a matter of law."); *Loreaux v. ACB Receivables Mgmt., Inc.*, No. CIV.A. 14-710 MAS, 2015 WL 5032052, at *4 (D. N.J. Aug. 25, 2015) (bifurcating discovery in a TCPA case and holding "[f]urther, the Court finds that there will be no significant overlap between the two and therefore no real danger of a duplication of efforts or corresponding increase in litigation costs. Moreover, the Court finds that bifurcating the two issues has the potential to save the parties and the Court from the substantial costs and burdens associated with whole scale class action discovery.").

### B. Discovery Into the Named Plaintiff's Claims Can Be Conducted on an Expedited Basis

In order to proceed with a dispositive motion on Mr. Katz's individual claims, only basic discovery is required and that discovery is already well underway. Mr. Katz's answers to Defendants' Interrogatories and responses to Defendants' Requests for Production of Documents are due July 2, 2018. Plaintiff's deposition is scheduled for July 27, 2018. Defendants have also issued many third-party subpoenas which have provided the VoIP information. Lastly, Defendants anticipate issuing requests for admissions.

Allowing broad discovery into the class certification allegations–before testing the merit of the individual Plaintiff's claims–would be highly prejudicial to and tremendously costly for Defendants. Moreover, a bifurcation of discovery here is consistent with recent changes to FED. R. CIV. P. 26(B)(1). *See Stavroff v. Midland Credit Mgmt. Inc., No. 3:05-CV-127 AS, 2005 WL 6329149*, at *1 (N.D. Ind. June 8, 2005) (ordering bifurcation in a putative FDCPA class action and holding "the 2003 Advisory Committee Notes state that a party opposing the class may prefer to win dismissal or summary judgment as to the individual plaintiffs without certification and without binding the class that might have been certified. Thus, it appears that if deciding the merits would help to determine whether the certification is proper based upon the claims of the named representative, bifurcation may be proper.") (internal quotation marks omitted).

Defendants propose the following schedule:[3] (1) The parties have ninety (90) days from the date of an Order granting this motion to conduct limited discovery on (i) the question of whether the telephone services at issue are classified as VoIP and (ii) the source of the call(s) Plaintiff allegedly received; (2) within thirty (30) days of the conclusion of the discovery phase,

---

[3] This proposed schedule is adopted from another TCPA case with bifurcated discovery. *See Leschinsky v. Inter-Cont'l Hotels Corp.*, No. 8:15-cv-1470-T-30MAP, 2015 WL 6150888, at *2 (M.D. Fla. Oct. 15, 2015).

8

either party may file a dispositive motion on Plaintiff's individual claims; and (3) if the individual Plaintiff's claims survive a dispositive motion, then the parties shall submit a Joint Case Management Report within fourteen (14) days of the Court's ruling.

Using this abbreviated timeline, the Court should restrict discovery to the merits of Plaintiff's allegations, *vel non*, and preclude any class discovery until individual discovery has been completed and a ruling on Defendants' dispositive motion regarding Mr. Katz's claims has been rendered.

## IV.     CONCLUSION

For the above good cause, Defendants respectfully request the Court enter an order bifurcating individual and class discovery, enter a scheduling order regarding discovery into the individual Plaintiff's claims and date(s) for filing and arguing dispositive motion(s) regarding same, and order any other relief this Court deems just and proper.

Dated:  June 25, 2018                                  Respectfully Submitted,

**LIBERTY POWER CORP., LLC,**
**LIBERTY POWER HOLDINGS, LLC,**

By their attorneys,

Craig R. Waksler (B.B.O. # 566087)
Pamela C. Rutkowski (B.B.O. # 681618)
ECKERT SEAMANS CHERIN &
          MELLOTT, LLC
Two International Place, 16th Floor
Boston, MA  02110-2602
Telephone: 617.342.6800
Facsimile: 617.342.6899
cwaksler@eckertseamans.com
prutkowski@eckertseamans.com

*/s/ Jeffrey P. Brundage*
Charles A. Zdebski (*pro hac vice*)
Jeffrey P. Brundage (*pro hac vice*)
ECKERT SEAMANS CHERIN &
      MELLOTT, LLC
1717 Pennsylvania Avenue, N.W.
12th Floor
Washington, DC 20006
Telephone: 202-659-6676
Facsimile: 202-659-6699
Email: czdebski@eckertseamans.com
Email: jbrundage@eckertseamans.com

## CERTIFICATE OF SERVICE

  I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF) and paper copies will be sent to those indicated as non-registered participants on June 25, 2018.

    John L. Fink, Esq.
    FINK LAW OFFICE
    18 Lyman Street, Suite 208
    J&N Professional Building
    Westborough, MA  01581
    *Co-Counsel for Plaintiff*

    David C. Parisi, *Pro Hac Vice*
    Suzanne Havens Beckman, *Pro Hac Vice*
    PARISI & HAVENS LLP
    212 Marine Street, Unit 100
    Santa Monica, CA  90405
    *Co-Counsel for Plaintiff*

    Yitzchak H. Lieberman, *Pro Hac Vice*
    Grace E. Parasmo, *Pro Hac Vice*
    PARASMO LIEBERMAN LAW
    7400 Hollywood Blvd., Suite 505
    Los Angeles, CA  90046
    *Co-Counsel for Plaintiff*

    Ethan M. Preston, *Pro Hac Vice*
    PRESTON LAW OFFICES
    4054 McKinney Avenue
    Suite 310
    Dallas, TX 75204
    *Co-Counsel for Plaintiff*

          */s/ Jeffrey P. Brundage*
          Jeffrey P. Brundage