UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAMUEL KATZ et al., | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | * Civil Action No. 18-cv-10506-ADB |
| | * |
| LIBERTY POWER Corp., LLC et al., | * |
| | * |
| Defendants. | * |
| | * |

# **ORDER**

BURROUGHS, D.J.

     Plaintiffs' letter request [ECF No. 48] and motion to compel [ECF No. 54] are granted in part and denied in part. Plaintiffs ask the Court to compel Defendants (1) to preserve call records in the possession of non-party vendors, including Mezzi Marketing LLC, that placed calls for Defendants; (2) to include Plaintiffs on communications with their vendors regarding preservation; (3) to withdraw any direction to third parties not to comply with Plaintiffs' subpoenas; (4) to produce communications with witnesses about the subpoenas; and (5) to include Plaintiffs on future communications with witnesses about the subpoenas. [ECF No. 54].

     Plaintiffs noted the urgency of their requests but failed to show any need for emergency relief. They filed their letter request on July 26, 2018, but had been aware for two months that Defendants disclaimed any duty to preserve third-party vendor documents. Plaintiffs served document subpoenas on the key vendor at issue, Mezzi Marketing, on May 16 and June 5, sent preservation notices to vendors on June 12, and subpoenaed other vendors in July and August. Plaintiffs also apparently did not accept Defendants' offer at a July 24 meet and confer to send litigation hold letters to their vendors. Because Plaintiffs waited months to make their request,

and in light of the pending subpoenas and preservation notices, there were not sufficient grounds for taking urgent or emergency action.

The central dispute is whether Defendants have a duty to preserve relevant documents in their vendors' possession because Defendants arguably have "control" over them pursuant to the governing contracts. "A party has 'control' over documents if the party has actual possession or a legal right to obtain the documents. Such control may be established by the existence of a principal-agent relationship or a legal right pursuant to a contractual provision. The party seeking production of documents has the burden of proving that the opposing party has control over the sought documents." Thomas & Betts Corp. v. New Albertson's, Inc., 2012 WL 12552276, at *3 (D. Mass. July 20, 2012). See FM Generator, Inc. v. MTU Onsite Energy Corp., 2016 WL 8902603, at *3 (D. Mass. Aug. 25, 2016) ("Control is defined not only as possession, but as the legal right to obtain the documents requested upon demand." (citation omitted)).

Here, the relevant contracts contain one provision that states that the vendor agrees to provide Defendants with "unrestricted access to any of the processes, documents, meetings or individuals . . . described in this agreement and as part of their operations for purposes of assuring compliance policies are in place and are being followed and enforced." [ECF No. 28-1 at 12]; [ECF No. 60 at 2]. Unrestricted access to records for auditing purposes may be sufficient to demonstrate control. See Lofton v. Verizon Wireless (Vaw) LLC, 2014 WL 10965261, at *1 (N.D. Cal. Nov. 25, 2014) (control established by audit provision stating that defendant "shall have the right, at all times, to examine and audit records"); Haskins v. First Am. Title Ins. Co., 2012 WL 5183908, at *3 (D.N.J. Oct. 18, 2012) (control established by contractual right "at all reasonable times to examine all accounts of [the agent] and to check any and all checks, books, records, and files of [the agent]"). Here, however, Defendants' contracts provide access only for

the limited purpose of assuring "compliance policies" are in place and being followed and enforced. Out of an abundance of caution, although this single provision might not establish control for the purposes of preservation, the Court orders Defendants to now implement the preservation measures discussed in Zubulake v. UBS Warburg LLC, 229 F.R.D. 422 (S.D.N.Y. 2004) with respect to relevant documents in the possession of their vendors. Plaintiffs, however, must enforce the document subpoenas they have served on the vendors to effectuate the production of documents. See GenOn Mid-Atl., LLC v. Stone & Webster, Inc., 282 F.R.D. 346, 356 (S.D.N.Y. 2012) (concluding that party had "an obligation to cause [a third party] to preserve its information, but [was] not liable for any unrelated shortcomings in [that third party's] actual production"); Rockwood v. SKF USA Inc., 2009 WL 3698406, at *1 (D.N.H. Nov. 5, 2009) ("If defendant wants the documents sought by its document request, and which are in the hands of [the third party], it is ordered to subpoena them from [that third party]."). Accordingly, Plaintiffs' letter request and motion on this issue are granted in part and denied in part, without prejudice to Plaintiffs later raising spoliation or other claims related to the preservation of third-party vendor documents. See Rockwood, 2009 WL 3698406, at *1 (holding that on motion to compel production it was "unnecessary to decide whether plaintiffs breached a duty to preserve documents" and denied motion without prejudice to Plaintiffs later seeking costs related to any failure to preserve or other spoliation claims).

Plaintiffs also assert that Defendants interfered with third parties' compliance with Plaintiffs' subpoenas (1) by threatening additional litigation and (2) by asserting that the confidentiality provisions in the vendor contracts prevented documents from being produced. On August 4, 2018, following the parties' meet and confer, Defendants withdrew their assertions of a breach of confidentiality. [ECF No. 61-1]. Defendants also agreed to produce documents that

are responsive to Plaintiffs' request for communications with third parties about the outstanding subpoenas. Plaintiffs' requests to compel Defendants to withdraw any direction to third parties and to produce communications with third parties about the subpoenas are therefore moot. Additionally, requiring Defendants to include Plaintiffs on future communications about the subpoenas is unwarranted given that the parties have resolved these disputes through the meet and confer process, and the evidence proffered is insufficient to show that Defendants have threatened any vendor to obstruct compliance with Plaintiffs' subpoenas. Plaintiffs' similar request that the Court compel Defendants to include Plaintiffs on all communications with their vendors relating to preservation is also denied. The preservation dispute arose from differences of contractual interpretation, and Defendants have otherwise made good faith efforts to resolve discovery disputes through the meet and confer process. Under the circumstances, Plaintiffs have not sufficiently demonstrated the need for such broad relief.

    **SO ORDERED.**

September 14, 2018 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE