# Parasmo Lieberman Law

7400 Hollywood Boulevard, Suite #505
Los Angeles, California 90046
Phone:  646-509-3913
Fax: 877-501-3346

***Via Electronic Case Filing System***

The Honorable Allison D. Burroughs
Judge for the United States District Court for the District of Massachusetts
Joseph Moakley United States Courthouse
Courtroom No. 17, 5th Floor
1 Courthouse Way
Boston, Massachusetts 02210

November 21, 2018

   Re: *Katz v. Liberty Power Corp., LLC*, No. 1:18-cv-10506

Dear Judge Burroughs:

   Plaintiffs file this letter to resolve a dispute over documents missing from Defendants' production (including documents they represented to the Court that they would produce), and Defendants' failure to answer interrogatories that will allow Plaintiffs to secure relevant evidence via subpoena (consistent with the Court's prior order). *See Katz v. Liberty Power Corp.*, *LLC*, No. 18-10506, 2018 WL 4398256 (D. Mass. Sept. 14, 2018). Defendants' failure to produce responsive documents, to provide accurate addresses for their vendors in their Rule 26(a)(1) disclosures, and to identify relevant dialing and database systems prevent Plaintiffs from serving subpoenas to secure relevant evidence. The relief Plaintiffs seek is necessary to locate—and to thereby preserve and obtain—evidence which is critical to this case.

   The parties have met and conferred extensively.[1] When Plaintiffs finally gave Defendants a draft of this letter, Defendants responded that the draft contained "inaccurate things," but have declined to identify the alleged inaccuracies. (Parasmo Decl. ¶¶6-7.) Likewise, Defendants indicated they would "produce additional Mezzi documents" and then (after Plaintiffs pointed out that this was "not the same [as] all responsive documents") indicated they would produce "documents your letter cites." (*Id.*) Plaintiffs responded that they "need all of these responsive documents, not just those specifically cited in the draft letter, or Defendants need to amend their

---

[1] This letter is the culmination of a series of conferences between the parties on August 1, 2018 (on Defendants' responses to the RPDs), September 19, 2018 (on Defendants' failure to produce documents identified via Mezzi Marketing LLC), October 4, 2018 (on Defendants' interrogatory objections), and again on November 7, 2018 (regarding a draft of this letter to the Court). (Parasmo Decl. ¶¶2-7.)

Hon. Allison D. Burroughs
November 21, 2018
Page 2

RPD responses to specifically identify what documents they have withheld." (*Id*. ¶7.) After Plaintiffs sent Defendants a draft of this letter, Defendants produced roughly 6,400 files (or 30 gigabytes). Despite its volume, Plaintiffs' fears that this production would omit material responsive documents have been realized.

## Background to this Dispute

On June 20, 2018, Plaintiffs served their first set of Requests for Production of Documents, including three RPDs relevant to this letter which seek documents concerning Defendants' communications (1) with anyone who received a subpoena (RPD 12); (2) with their Telesales Channels (RPD 13), and (3) with Mezzi Marketing LLC ("Mezzi") (RPD 14). (Preston Decl. ¶2.)

On July 27, 2018, Defendants served their response, which largely refused to produce responsive documents. (*Id*.) For RPD 12, Defendants refused to produce documents like "emails to in house counsel regarding subpoena responses," asserting privilege. (*Id*.) Defendants have not provided any privilege log that would shed light on the scope of documents being withheld. (*Id*.) For RPD 13, Defendants objected that "class discovery [was] not ripe" and "[s]ubject to" these objections, limited production to "responsive, non-privileged documents in their possession, custody, or control related to named Plaintiff Samuel Katz, if any." (*Id*.) Defendants' response to RPD 14 was virtually the same, except that Defendants also objected RPD 14 was "vague and compound" and that they could not "surmise what Plaintiff seeks" in RPD 14. (*Id*.)

However, on August 15, 2018, Defendants filed their opposition to Plaintiffs' motion for relief on preservation of documents and interference with Plaintiffs' subpoena. (ECF No. 61.) Quoting RPD 12, the opposition stated "Defendants will produce documents responsive to this Request and will seasonably supplement that response." (ECF No. 61 at 8.) The Court found Defendants' commitment "to produce documents that are responsive to Plaintiffs' request for communications with third parties about the outstanding subpoenas" mooted the motion. *Katz*, 2018 WL 4398256, at *2.

On August 20, 2018, Plaintiffs served Interrogatories 2 and 3, requesting that Defendants identify (1) the telephone dialing equipment and systems used by Defendants and their telesales channels and (2) the databases containing potential customers' contact information. (Preston Decl. ¶4.) On September 19, 2018, Defendants served their responses which did not answer substantively, but objected the interrogatory was "vague" and "not proportional" because of the bifurcation motion. (*Id*.)

## Despite Its Commitment to the Court, Defendants Have Failed to Produce All Communications With Mezzi Marketing, LLC

Since filing their motion for preservation-related relief, Plaintiffs obtained additional discovery on communications between Mezzi and Defendants—including Mezzi's own production. (*Id*. ¶¶19-21.) During a September 19 conference, Defendants conceded these

Hon. Allison D. Burroughs
November 21, 2018
Page 3

omissions and indicated they were inadvertent but, to date, have not made a full production.
(Parasmo Decl. ¶4.) The disparity between Defendants' September and November productions is
striking: approximately 2,400 files compared with roughly 6,400 files.[2]

After reviewing Defendants' productions, Plaintiffs have identified categories of
documents missing from both Mezzi and Defendants' productions. Some of the missing
documents are potentially critical to the merits of the case. For instance, Mezzi's production
references an email dated December 12, 2016 with a disposition report for Mezzi's calls between
May 12, 2016 and December 12, 2016—a time period that would cover calls to Katz. (Preston
Decl. ¶32.) However, the underlying December 12, 2016 and January 13, 2017 emails are
missing. (*Id.*) This email is responsive to at least RPDs 13 and 14, and it relates to Katz.
Defendants should have produced these documents.

Mezzi's production also indicates Defendants were directly involved in Mezzi's response
to TCPA litigation before this Court. On January 5, 2018, Defendants sent Mezzi an
indemnification demand regarding *McDermet v. Liberty Power Corp., LLC*, No. 18-10043 (also
pending before this Court). (*Id.* ¶7.) On January 8, 2018, Mezzi sent a Skype message to
Defendants asking "what to do" with the "legal notice" Mezzi had received. (*Id.* ¶26.)
Defendants responded: "No action needed on your part as of now. We will let you [know], if
anything is necessary." (*Id.*) On April 18, 2018, Defendants indicated via Skype they had not
received any response "regarding that McDermet lawsuit [from Mezzi]. []*Call me later on so I
can instruct you on how to respond.*" (*Id.* ¶29.) Mezzi later responded to Defendants' email on
the *McDermet* case by stating that it was "fully willing to cooperate with this matter," and asking
"do [I] need to do something?" (*Id.* ¶33.) However, Mezzi's production also indicates both
Mezzi and Defendants have failed to produce documents relevant to Defendants' involvement in
Mezzi's response to the *McDermet* litigation:

- Defendants have not produced any Skype communications with Mezzi at all. (Preston
  Decl. ¶¶21, 25-31.) Defendants' Rule 26(a)(1) disclosures do not identify Josue
  Toussaint, the channel manager primarily responsible for managing Mezzi, who
  communicated with Mezzi via Skype. (*Id.* ¶21.)
- On January 25, 2018, Toussaint advised Mezzi he would send an email regarding the
  "legal notification [sent a] couple of weeks back," and that Defendants were "confident
  we can win the case, but in case the customer elect to go to court (unlikely), Mezzi will
  be responsible for their own legal fees." (*Id.* ¶27.) Plaintiffs do not have any January 25,
  2018 email from Defendants to Mezzi. (*Id.*)
- On April 13, 2018, Defendants asked Mezzi to respond to an email from Defendants
  asking whether "a number . . . was called," which stated "I dont need details. just a No."

---

[2]   Neither of Defendants' productions are produced "as they are kept in the usual course of
business," or organized and labeled "to correspond to the categories in the request[s]," in
violation of Rule 34(b)(2)(E)(i). This failure has greatly complicated the review of these
documents, but Plaintiffs defer this issue. They will address it at a later time.

Hon. Allison D. Burroughs
November 21, 2018
Page 4

(*Id*. ¶28.) Plaintiffs do not appear to have this email. (*Id*.)

- On May 12, Mezzi followed up with Defendants on "monetry help," and asked Toussaint to "write . . . a reply [on] how to respond to that email." (*Id*. ¶30.) Toussaint responded: "I did and it was not well taken .. almost got my ass chewed up ... mainly bcause of the pending litigation and current charge backs," and then "I will send it to you tonight from my other e-mail." (*Id*.) Again, Plaintiffs do not have the email referenced in this Skype exchange. (*Id*.)

These documents are responsive at least to RPDs 13 and 14, and some appear to be responsive to RPD 12 as well. Again, Defendants should have produced these documents.

Mezzi also solicited Defendants' instructions for responding to Plaintiffs' subpoenas, asking Toussaint via Skype "you can you please forward that [email] to your council as soon as you can . . . [b]ecause I have no idea what I need to do." (*Id*. ¶31.) On May 23, 2018, Mezzi emailed Defendants concerning Plaintiffs' subpoenas: "Please let me know what i need to do in this matter, and how need to respond to this . . . Let's talk with liberty power council . . . as I need to know what to do." (*Id*. ¶37.) These Skype communications are responsive to RPD 12, as well as RPDs 13 and 14. Defendants should have produced them, but did not. (*Id*. ¶25.)

On May 23, Defendants promptly emailed a calendar invitation for a telephone conference for the next day (May 24), which Mezzi, Defendants' employees, and both Defendants' inside and outside counsel evidently all attended. (*Id*. ¶¶37-39.) The day after that conference (May 25), Defendants' counsel emailed Mezzi that Defendants could not "advise or direct [Mezzi] as to how to respond to the subpoena." (*Id*. ¶39.) Defendants later produced that email as part of an email chain with the statement, made minutes later: "this will likely be discoverable, so please make note." (*Id*.)

The May 25 email is essentially the last communication with Mezzi in Defendants' production. (*See id*. ¶24.) Mezzi's counsel has indicated that Mezzi "stopped" working for Defendants "in January of 2018 but then were asked to come back on in April for a couple of days but then it seems this litigation flaired up and so Mezzi never got paid for the 2 weeks or so they performed in April." (*Id*. ¶22.) Defendants evidently re-activated Mezzi's access to the Calibrus enrollment system on April 17, 2018 and de-activated it on May 4, 2018. (*Id*. ¶24.)

- None of the documents produced to Plaintiffs evidence preservation measures taken by Defendants to effectuate the Court's September 14, 2018 order with respect to Mezzi (or their other vendors).[3] (*Id*.)  Such documents are responsive to RPDs 12, 13, and 14.

---

[3]   The Court's order required Defendants to "implement the preservation measures discussed in *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422 (S.D.N.Y. 2004) with respect to relevant documents in the possession of their vendors." *Katz*, 2018 WL 4398256, at *1. Such preservation measures *would necessarily require follow-up communications*:

A party's discovery obligations do not end with the implementation of a "litigation hold"—to the contrary, that's only the beginning. Counsel must

Hon. Allison D. Burroughs
November 21, 2018
Page 5

- Defendants clearly managed Mezzi's response to the *McDermet* litigation. Defendants' production lacks any communications reflecting Defendants' two indemnification lawsuits against Mezzi, or Defendants' failure to pay Mezzi for the work it performed for Defendants in April 2018, after May 25, 2018. (*Id*. ¶¶24, 38-39.)
- Still, there is evidence that Mezzi and Defendants' relationship continued beyond May 25. Defendants did not produce the email just one minute prior to the May 23 calendar invite above, sent to all the same addressees. (*Id*. ¶38.) Likewise, Defendants sent Mezzi email from regulatorycompliance@libertypowercorp.com up to and through June 27, 2018 to Mezzi. (*Id*. ¶35.)
- There is evidence of other responsive emails between Mezzi and Defendants from that same general time frame which were not produced. (*Id*. ¶¶36-38.)
- Mezzi avers it "diligently searched [its] computers and all other relevant locations of *Liberty Power*" for documents responsive to Plaintiffs' subpoenas, but there are no documents reflecting Mezzi's search of Defendants' locations. (Nadeem Doc. ¶4.) Given the ongoing litigation between Mezzi and Defendants, it beggars belief that Mezzi searched Defendants' locations without generating any post-May 25 communications.

Again, these documents are responsive at least to RPDs 13 and 14, and some appear to be responsive to RPD 12 as well.  Defendants should have produced these documents also (and in particular should have exported Skype logs in near-native csv format).

**Defendants' Incomplete Interrogatory Answers and Rule 26(a)(1) Disclosures Prevent Plaintiffs From Effectuating the Court's Order**

The Court's order requires Plaintiffs to collect evidence from Defendants' vendors. *See Katz*, 2018 WL 4398256, at *1 (plaintiffs "must enforce the document subpoenas they have served on the vendors to effectuate the production of documents"). Plaintiffs need complete answers to Interrogatories 2 and 3 to identify responsive dialers and customer contact information databases to ensure they can complete collection of relevant documents, as Plaintiffs pointed out to Defendants in their October 4 conference. (Parasmo Decl. ¶5.) (Plaintiffs have sought this information informally early on, in their March 22, 2018 letter to Defendants and again during the parties' May 1, 2018 Rule 26(f) conference,)

Plaintiffs have endeavored to serve several of Defendants' vendors at the addresses provided on Defendants' Rule 26(a)(1) disclosures—only to discover that those addresses are not valid. (Preston Decl. ¶21.) Plaintiffs cannot serve Defendants' vendors without valid addresses.

---

oversee compliance with the litigation hold, monitoring the party's efforts to retain and produce the relevant documents. Proper communication between a party and her lawyer will ensure (1) that all relevant information (or at least all sources of relevant information) is discovered, (2) that relevant information is retained on a continuing basis; and (3) that relevant non-privileged material is produced to the opposing party.

*Zubulake*, 229 F.R.D. at 432.

Hon. Allison D. Burroughs
November 21, 2018
Page 6

Moreover, *there is no way Defendants could have implemented an effective litigation hold with their vendors without valid addresses*. Defendants' failure to honor their commitment to the Court as to RPD 12 compounds the prejudice from the potential failure to implement an effective litigation hold with their vendors—Plaintiffs are in the dark as to whether Defendants' litigation hold letters were sent *or received*.

**Defendants Should Honor Their Commitment to the Court to Comply with RPD 12**

Again, Defendants ultimately "agreed to produce documents that are responsive to Plaintiffs' request for communications with third parties about the outstanding subpoenas" responsive to RPD 12. *Katz*, 2018 WL 4398256, at *2. Initially, however, Defendants asserted privilege over "emails to in house counsel regarding subpoena responses" from Defendants' vendors. (Preston Decl. ¶2.) Defendants have not produced responsive documents or even provided a privilege log—so Plaintiffs have no evidence Defendants actually complied with the Court's preservation order. (*Id.*) So the record is unclear what responsive documents exist but have not been produced.

The Court should have Defendants honor their commitment to produce all of these documents, because no privilege applies here. On this record, there is no basis to withhold documents as work product and therefore Defendants must produce these documents (or at the very least log them).[4] Defendants have sued Mezzi (twice) for indemnification; there is no attorney-client privilege and work product protection for communications between Mezzi and Defendants, because their relationship is "adversarial." *United States v. Mass. Inst. of Tech.*, 129 F.3d 681, 686, 687 (1st Cir. 1997). "[Liberty] doubtless hoped that there would be no actual controversy between it and the [telesales agents], but the potential for dispute and even litigation was certainly there. The cases treat this situation as one in which the work product protection is deemed forfeit." *Id.* at 687. Defendants' assertion of privilege and work product has no legal basis.

**Defendants' Discovery Responses Have Prevented Other Follow-Up Discovery**

Defendants should comply with RPDs 12, 13, and 14. Defendants should also answer Interrogatories 2 and 3. Defendants' stalling on this discovery has prevented other discovery more directly targeted to resolving this case. For instance, without documents responsive to RPD 12 and 13, Plaintiffs have had to defer Rule 30(b)(6) depositions on, e.g., how Defendants have implemented the Court's preservation order for months.

---

[4]   The Court's May 25, 2018 stipulated protective order provides "[t]he parties agree that any communications that occur after the commencement of the present litigation, shall not be required to be identified on a privilege log absent good cause." (ECF No. 20 ¶23 (italics added).) To the extent the Court does not overrule Defendants' privilege objection here outright, Plaintiffs submit the record here—where it is unclear whether evidence Defendants complied with the Court's order—constitutes good cause for a privilege log.

Hon. Allison D. Burroughs
November 21, 2018
Page 7

Sincerely,


/s/ Grace E. Parasmo
Grace E. Parasmo (*pro hac vice*)
One of the Attorneys for Plaintiffs

Hon. Allison D. Burroughs
November 21, 2018
Page 8

## CERTIFICATE OF SERVICE

I, Grace E. Parasmo, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: November 21, 2018                    By: _____ /s/ Grace E. Parasmo _____
                                                          Grace E. Parasmo