UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAMUEL KATZ et al., | * |
| Plaintiffs, | * |
| v. | * Civil Action No. 18-cv-10506-ADB |
| LIBERTY POWER Corp., LLC et al., | * |
| Defendants. | * |

**MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO BIFURCATE CLASS DISCOVERY AND PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER**

BURROUGHS, D.J.

Plaintiffs Samuel Katz, Alexander Braurman, and Lynne Rhodes allege violations of the Telephone Consumer Protection Act of 1991 ("TPCA") and fraudulent transfers to the detriment of four putative nationwide classes of persons who received telemarketing calls on behalf of Defendants Liberty Power Corp, LLC and Liberty Power Holdings, LLC (together "Liberty Power"). Before the Court are Liberty Power's Motion to Bifurcate Class Discovery, [ECF No. 66], and Plaintiffs' Motion for a Protective Order regarding certain third-party subpoenas, [ECF No. 88]. For the reasons explained herein, individual and class discovery are bifurcated, and the Motion for a Protective Order is GRANTED in part and DENIED in part.

**I. DISCUSSION**

This action was filed on March 16, 2018. [ECF No. 1]. The complaint has been amended twice, most recently on November 14, 2018. [ECF No. 109]. On January 9, 2019, Liberty Power filed a motion to dismiss the Second Amended Complaint. [ECF No. 118]. Although the Court has not yet ruled on that motion, the parties have—quite appropriately—engaged in considerable discovery. As a result, Liberty Power has identified several perceived

weaknesses in the named Plaintiffs' claims and argues that it may be able to show, after limited additional individual discovery, that the named Plaintiffs lack viable claims. [See ECF No. 67]. Liberty Power requests that the Court bifurcate discovery and permit a dispositive motion on the named Plaintiffs' claims before class discovery.

As part of Liberty Power's efforts to secure discovery to support its arguments that the named Plaintiffs do not have viable claims, it issued third-party subpoenas to Verizon, Cellco Parnership, Vonage, and Google, providers of telephone and email services used by Plaintiffs. Plaintiffs move for a protective order prohibiting enforcement of those third-party subpoenas, or alternatively narrowing their scope. [ECF No. 88].

### A. Bifurcation of Discovery

District courts possess "inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" Dietz v. Bouldin, 136 S. Ct. 1885, 1891 (2016) (quoting Link v. Wabash R. Co., 370 U.S. 626, 630–31 (1962)). A district court's exercise of its "inherent power must be a 'reasonable response to the problems and needs' confronting the court's fair administration of justice" and "cannot be contrary to any express grant of, or limitation on, the district court's power contained in a rule or statute." Id. at 1892 (quoting Degen v. United States, 517 U.S. 820, 823–24 (1996)). District courts "enjoy broad discretion in managing the pace of pretrial proceedings, including the timing of discovery." Vineberg v. Bissonnette, 548 F.3d 50, 54 (1st Cir. 2008). Controlling the scope of discovery is particularly appropriate where discovery will impose considerable expense and the claims may be resolved on issues that require only limited or targeted discovery. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007) (emphasizing the requirement of plausibility at the motion to dismiss stage,

2

in part because "the threat of discovery expense will push cost-conscious defendants to settle even anemic cases before reaching" summary judgment or trial); see also L.R. 16.3(a)(3)(B) (noting that a judicial officer may sequence discovery into two or more stages at a case management conference).

Courts in this district have bifurcated individual merits and class discovery where doing so served the interests of justice given the allegations and circumstances of particular cases. E.g. O'Connell v. Sterling Jewelers, Inc., No. 13-cv-13165-DPW (D. Mass. Dec 14, 2013), ECF No. 61 (denying motion to strike class claims, but allowing merit discovery and summary judgment motions as to named plaintiffs' claims before class discovery); Huzarsky v. Little Kids, Inc., No. 15-cv-13613-DJC (D. Mass. Feb. 22, 2016), ECF No. 22 (allowing summary judgment motions on individual claims before addressing class issues).

Here, the need for class discovery may be eliminated if Liberty Power is able to demonstrate that all of the named Plaintiffs lack viable individual claims. See Cruz v. Farquharson, 252 F.3d 530, 533 (1st Cir. 2001) ("Despite the fact that a case is brought as a putative class action, it ordinarily must be dismissed as moot if no decision on class certification has occurred by the time that the individual claims of all named plaintiffs have been fully resolved."). But see S. Orange Chiropractic Ctr., LLC v. Cayan LLC, No. 15-cv-13069-PBS, 2016 WL 1441791, at *7 (D. Mass. Apr. 12, 2016) (holding that tendering complete relief of named representative's individual claim under Rule 68 did not moot TCPA class claims because class claims fell within "inherently transitory" exception). Further, class discovery is not necessary to address certain issues that may be dispositive of Plaintiffs' individual claims or ability to bring the asserted class claims, including whether the phone numbers at issue are

within the TCPA, whether named Plaintiffs' are within the classes[1] they purport to represent, and whether any named Plaintiffs with a viable claim can demonstrate the Court's jurisdiction to resolve that claim.  [See ECF No. 67 at 5–10].  The parties shall complete discovery relevant to the alleged TCPA violations committed against the named Plaintiffs by May 22, 2019.  Class discovery is stayed until further order of the Court, and the parties shall file a joint letter setting forth their respective positions concerning class discovery by May 31, 2019.  Liberty Power shall file any motion for summary judgment based on the named Plaintiffs' individual claims by June 21, 2019.  Plaintiffs shall respond in accordance with the local rules.

**B.     Third-Party Subpoenas for Emails**

Liberty Power has issued a subpoena to Google that demands all emails and attachments from Mr. Katz's Gmail account with the words "liberty," "garrison," or "TCPA," excluding emails with a limited set of Mr. Katz's attorneys.  [ECF No. 89-6].  The subpoena requests that those emails be produced to Liberty Power's counsel in the District of Columbia.  [Id. at 2]. Plaintiffs move for a protective order, which they have standing to pursue because of Mr. Katz's interest in avoiding the disclosure of personal information and privileged materials that may be contained in the emails sought from Google.  See Wright & Miller, 9A Federal Practice & Procedure § 2459 (3d ed. 2018) ("Ordinarily a party has no standing to seek to quash a subpoena

---

[1] Plaintiffs bring claims on behalf of four putative classes: (1) the Robocall Class, (2) the Residential Class, (3) the National Do Not Call Class, and (4) the Internal Do Not Call Class. Plaintiff Rhodes is the sole representative of the Robocall Class, while the other three classes are represented by all three named plaintiffs.  Given the multiple putative classes, individual discovery may curtail the scope of class discovery, even if Defendants are unsuccessful in resolving all claims brought by the named plaintiffs.

issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought.").

Federal Rule of Civil Procedure 45 allows third-party subpoenas in connection with civil litigation but requires parties to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Although the subpoena at issue requests the production of emails in the District of Columbia and a motion to quash or modify the subpoena would be more properly filed in the United States District Court where performance is required, see Fed. R. Civ. P. 45(d)(3), this Court retains jurisdiction to restrict the scope of discovery and issue protective orders in accordance with Rule 26, see Fed. F. Civ. P. 26(b)(2)(C) ("On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive.").

Google email is an electronic communication service within the meaning of the Stored Communications Act, and Google is generally not permitted and cannot be compelled to respond to civil subpoenas that seek email communications. See 18 U.S.C. § 2701(c)(1); Bower v. Bower, 808 F. Supp. 2d 348, 350 (D. Mass. 2011) ("[C]ourts have repeatedly held that providers such as Yahoo! and Google may not produce emails in response to civil discovery subpoenas."); see also In re Facebook, Inc., 923 F. Supp. 2d 1204, 1206 (N.D. Cal. 2012) (quashing subpoena issued pursuant to 28 U.S.C. § 1782 because "civil subpoenas may not compel production of records from providers like Facebook"); In re Subpoena Duces Tecum to AOL, LLC, 550 F. Supp. 2d 606, 609 (E.D. Va. 2008) ("[T]he plain language of the [Stored Communications Act] prohibits AOL from producing the [plaintiff's] e-mails, and the issuance of a civil discovery

5

subpoena is not an exception to the provisions of the [Stored Communications Act.]"); Viacom Int'l Inc. v. YouTube Inc., 253 F.R.D. 256, 264 (S.D.N.Y. 2008) (granting protective order and denying motion to compel production from YouTube).

Therefore, Plaintiffs' Motion for a Protective Order with respect to the subpoena of Mr. Katz's emails from Google is granted.[2] Given the absolute clarity of the law in this area, Defendants are warned that similar subpoenas could result in sanctions.

### C. Third-Party Subpoenas for Telephone Records

Liberty Power has issued subpoenas seeking "all contracts, inbound and outbound phone call and fax logs, billing statements, features, and payment history" for relevant periods related to the telephone accounts at issue from the companies that provided the telephone lines that were allegedly illegally called. [ECF Nos. 89-2, 89-3, 89-4, 89-7, 89-8]. In addition to reflecting the calls at issue here, Plaintiffs' account records may be relevant to defenses, including that the calls in question were consented to or that certain phone lines were not "residential telephone line[s]" within the meaning of the TCPA. See 47 U.S.C. § 227(b)(1); see also Bank v. Indep. Energy Grp., No. 12-CV-1369 JG VMS, 2015 WL 4488070, at *2 (E.D.N.Y. July 23, 2015) ("[W]hile a telephone subscriber can have a telephone number registered as 'residential' with the telephone company, 'if the subscriber holds out such a telephone number to the general public as a business line, the line should not be considered "residential" for the purposes of the TCPA— even if it is registered as "residential" with the telephone company.'" (quoting Bank v. Indep.

---

[2] Even assuming the communications could be produced by Google without violating Title 18, the Court would issue a protective order given that the subpoena would be entirely duplicative of discovery that could be obtained from Plaintiffs without the risk of obtaining privileged communications.

Energy Grp., No. 12-cv-1369, 2014 WL 4954618(JG), at *1 (E.D.N.Y. Oct. 2, 2014))); [ECF No. 100 at 6-9].³

In addition to subpoenaing account records for the telephone numbers that were allegedly called in violation of the TCPA, Liberty Power has subpoenaed "[f]or 2016 and 2017, all contracts, phone call logs (inbound and outbound), billing statements, invoices, features, and payment history" related to a Google Voice account that Liberty Power claims is Mr. Katz's true residential number, but which is not the phone number that Mr. Katz alleges Liberty Power illegally called. [ECF No. 89-5]. Liberty Power claims that Mr. Katz uses that Google Voice number as his actual residential number and forwards calls from his purported residential line to his Google Voice number to track telemarketing calls for the purpose of filing lawsuits. [ECF No. 67 at 7]. The Google Voice records may therefore contain relevant information bearing on the telemarketing calls at issue and whether Mr. Katz's purported residential number falls within the provisions of the TCPA.

Courts often permit discovery of records related to the telephone numbers at issue in TCPA cases. See Molnar v. NCO Fin. Sys., Inc., No. 13CV131-BAS (JLB), 2014 WL 3371414, at *3 (S.D. Cal. July 8, 2014) (granting defendant complete and unredacted telephone records, including records of irrelevant calls where plaintiff acknowledged some of calls at issue might not appear on telephone records); Lucas v. Telemarketer Calling From (407) 476-5670 & Other Tel. Numbers, No. 1:12-CV-630, 2014 WL 12656102, at *2 (S.D. Ohio May 22, 2014) (granting motion to compel production of all of defendant's call records from a relevant month). Here, given the uncertainty as to how some of the Plaintiffs' phone numbers were being used, the

---

³ In holding that discovery of call logs and other account information is appropriate, the Court does not express a view as to whether a "residential" line that is used for business purposes can be considered a "residential telephone line" under the TCPA.

subpoenaed account records are potentially relevant and do not impose an undue burden on the named Plaintiffs. See Mintz v. Mark Bartelstein & Assocs., Inc., 885 F.Supp.2d 987, 1001 (C.D. Cal. 2012) ( "[T]he disclosure of telephone numbers, as well as the date, time, and duration of calls does not represent a significant intrusion of [p]laintiff's privacy."). Plaintiffs' Motion for a Protective Order concerning subpoenas of telephone account records is therefore denied.

Defendants shall treat the records produced in response as "Confidential" under the Protective Order, [ECF No. 20], and shall not inquire at any deposition as to the content of calls that Plaintiffs concede do not concern Defendants, their agents, or TCPA claims. Defendants may inquire whether calls are of a business or personal nature but may not go beyond that for calls that do not relate to TCPA violations alleged here or elsewhere.

## II.     CONCLUSION

Accordingly, discovery in this case is <u>BIFURCATED</u>. Discovery relevant to the merits of the named Plaintiffs' individual claims shall conclude by May 22, 2019. Class discovery is stayed until further order by the Court, and the parties shall file a joint letter stating their positions on class discovery by May 31, 2019. Defendants shall file a status report on or before May 31, 2019 to inform the Court as to whether they intend to move for summary judgment for some or all of the named Plaintiffs' claims.[4] Defendant may then move for summary judgment with respect to some or all of the named Plaintiffs' claims by June 21, 2019.

---

[4] If Defendants do not move for summary judgment sufficient to eliminate all class claims, the Court will likely open class discovery as to at least the class claims that will remain regardless of its summary judgment ruling, assuming the pending motion to dismiss [ECF No. 118] has not been granted.

Plaintiffs' Motion for a Protective Order is <u>GRANTED</u> with respect to Liberty Power's subpoena of emails, but <u>DENIED</u> with respect to the subpoenas of telephone account records, including call logs and other requested information.

**SO ORDERED.**

February 27, 2019 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE