# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAMUEL KATZ, ALEXANDER BRAURMAN, LYNNE RHODES, individually, and on their own behalf and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br>   v.<br><br>LIBERTY POWER CORP., LLC, LIBERTY POWER HOLDINGS, LLC, Delaware limited liability companies,<br><br>       Defendants. | No. 1:18-cv-10506<br><br>**PLAINTIFFS' CONDITIONAL FEDERAL RULE 56(d) APPLICATION TO DENY OR DELAY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| LIBERTY POWER CORP., LLC, and LIBERTY POWER HOLDINGS, LLC,<br><br>       Third-Party Plaintiffs,<br>   v.<br><br>MEZZI MARKETING, LLC,<br><br>       Third-Party Defendant. | |

Plaintiffs Samuel Katz and Lynne Rhodes (collectively, "Plaintiffs") hereby submit their conditional application under Rule 56(d) to deny or delay Defendants Liberty Power Corp., LLC and Liberty Power Holdings, LLC's ("Defendants'") Motion for Summary Judgment ("Motion") based on the unavailability of evidence relevant to the Plaintiffs' opposition to the Motion.

I.   **Plaintiffs' Rule 56(d) Application Is Conditional**

Plaintiffs urge that the Court resolve the Motion at its earliest opportunity, and fervently oppose any delay that is not entirely necessary for their claims to survive. And as Plaintiffs understand the Motion, there is no need for delay. As best Plaintiffs can tell, the Motion primarily disputes the inferences drawn from the record about (1) whether Rhodes can litigate calls that she answered after she moved back into the family residence to care for her father; and (2) Katz's purpose for maintaining the residential landline that Defendants' vendors called. Summary judgment does not properly resolve disputes over what inferences should be drawn from undisputed facts, so these disputes do not warrant delaying the Motion.[1]

The Motion does present certain clear and direct factual disputes, which (Plaintiffs nonetheless believe) do not warrant delaying the Motion. For instance, Defendants contend Rhodes only received one telephone call from Defendants' vendors to her cellular telephone call.[2] (Def.s' SOF for Rhodes 7, 9.) Based on this contention, Defendants argue that Rhodes does not have standing to bring a TCPA claim for a single call. (Def.'s Mot. 13-17.)

---

[1] *See Xiaoyan Tang v. Citizens Bank, N.A.*, 821 F.3d 206, 222 (1st Cir. 2016) ("it is not for this court on summary judgment to decide between competing inferences"). "[W]hen facts, though undisputed, are capable of supporting conflicting yet plausible inferences . . . then the choice between those inferences is not for the court on summary judgment." *In re Varrasso*, 37 F.3d 760, 764 (1st Cir. 1994) (citations omitted).

[2] The other clear factual dispute is over Defendants' claim that Katz consented to their calls during an October 3, 2016 call and never revoked that consent: Plaintiffs point out that the caller identified himself as from Eversource, and Katz asked for a call back only because the connection was poor, and that he asked to be placed on Defendants' Do Not Call List immediately afterwards. (*Cf.* Def.s' SOF 34 Katz with Pl.s' SOF 34-39.)

However, Rhodes testified she received "several calls in 2016" to her cellular telephone that were identified via discovery. (Pl.s' SOF 2.) Rhodes's cellular telephone number appears in several of Defendants' leads lists: Defendants' Rule 30(b)(6) deponent could not identify any reason why her cell phone number would not have been called given that it appeared in these leads lists. (*Id*.) Moreover, Defendants' counsel committed to Plaintiffs' counsel in a May 14, 2019 email they would not to seek summary judgment on the grounds that Plaintiffs were unable to identify and testify about calls they received, because discovery of Defendants' call records was incomplete:

> Defendants acknowledge that it is possible they may have additional relevant call records yet to be produced . . . Defendants agree that they will not use the potential inability of the plaintiffs to indentify [sic] and testify as to such alleged calls due to any relevant call records not having been produced as . . . a basis for summary judgment as to such alleged calls . . .

(Preston Rule 56(d) Decl. ¶13.) Summary judgment on Defendants' "single call" argument is improper, both because Defendants reneged on their commitment to Plaintiffs, and because it is reasonable to infer from this record that Defendants' called Rhodes several times, and the Court should "indulge[] all reasonable inferences in [Plaintiffs'] favor" on summary judgment. *Cadle Co. v. Hayes*, 116 F.3d 957, 959 (1st Cir. 1997) (citations, punctuation omitted).

Plaintiffs further recognize the Court can enter summary judgment on grounds it identifies *sua sponte*.

## II.   Rule 56(d) Relief May Be Necessary

Plaintiffs recognize, of course, they may misapprehend the Motion. In an abundance of caution, Plaintiffs conditionally apply to the Court to take discovery on any facts which the Court deems now lacking of supporting evidence and would otherwise warrant summary judgment.

> A party needing more time for discovery may invoke [Federal Rule 56(d)] under which the court may deny or defer a pending motion for summary judgment after

the nonmovant shows by affidavit or declaration that it cannot present facts essential to justify its opposition. "Rule 56(d) serves a valuable purpose. It protects a litigant who justifiably needs additional time to respond in an effective manner to a summary judgment motion."

*Angelo v. USA Triathlon*, No. 13-12177, 2016 WL 126248, *2 (D. Mass. Jan. 12, 2016) (quoting *Rivera-Almodovar v. Instituto Socioeconomico Comunitario, Inc.*, 730 F.3d 23, 28 (1st Cir. 2013)). "Consistent with the salutary purposes underlying Rule 56(f), district courts should construe motions that invoke the rule generously, holding parties to the rule's spirit rather than its letter." *Resolution Tr. Corp. v. N. Bridge Assocs., Inc.*, 22 F.3d 1198, 1203 (1st Cir. 1994) (construing Rule 56(d)'s predecessor). Plaintiffs have taken care to address Rule 56(d)'s various procedural requirements:

> [Under Rule 56(d)], the party opposing summary judgment must make a sufficient proffer: the proffer should be <u>authoritative</u>; it should be advanced in a <u>timely</u> manner; and it should <u>explain why the party is unable currently to adduce the facts essential to opposing summary judgment</u>.

*In re PHC, Inc. S'holder Litig.*, 762 F.3d 138, 143 (1st Cir. 2014) (quoting, following *Resolution Tr. Corp.*, 22 F.3d at 1203; citation, punctuation omitted; underlying supplied for Court's review). *See also Hicks v. Johnson*, 755 F.3d 738, 743 (1st Cir. 2014) (collecting cases).

### A. The Conditional Application Is Authoritative

Plaintiffs rely on a supporting declaration by their counsel. (*See* Preston Rule 56(d) Decl.) Declarations by counsel "who possesses firsthand knowledge and who is competent to address the specifics of . . . the cause [and] the effect of discovery delays" suffice. *Resolution Trust Corp.*, 22 F.3d at 1204.

### B. The Conditional Application Is Timely

Plaintiffs' conditional application is timely. Plaintiffs do "not necessarily need to file a Rule 56(d) affidavit at the time [they] respond[] to the summary judgment motion," but "must

file the affidavit at some time before the court passes on the motion." *Morrison v. Yum! Brands, Inc.*, 53 F. Supp. 3d 437, 440 (D. Mass. 2014) (citing *Nieves-Romero v. United States*, 715 F.3d 375, 381 (1st Cir. 2013) (nonmovant must invoke Rule 56(d) "at the time he responds to the summary judgment motion (or, at least, at some time before the [order] on that motion)")).[3]

### C. To the Extent the Court Finds Any Deficiencies in the Record, Defendants Have Thwarted Plaintiffs' Efforts to Take Discovery

The Rule 56(d) application must show there was good cause for any failure to take discovery of material facts earlier. When the Court bifurcated discovery, it also limited the corresponding grounds for summary judgment. In the February 2019 bifurcation order, the Court directed the parties to "complete discovery relevant to the alleged TCPA violations committed against the named Plaintiffs." (ECF Nos. 125 at 4.) In April 2019, the Court clarified:

> [The bifurcation order] limits discovery to the issues pertaining specifically to the individual plaintiffs, including the issues identified in the bifurcation motion. This includes information available directly from the plaintiffs and from their service providers. It does not include discovery on Defendants overall implementation of Do-Not-Call policies or questions of agency. Summary Judgment motions should be limited to issues that can be briefed based on that level of discovery.

(ECF No. 135.) These limits on the scope of summary judgment reflect the rule that discovery restrictions cannot "force[] [Plaintiffs] to attempt to prove their substantive claims without essential evidence." *Danny B. ex rel. Elliott v. Raimondo*, 784 F.3d 825, 835 (1st Cir. 2015).

The Court has the authority to enter summary judgment on grounds it identifies *sua sponte*, but this requires due process for Plaintiffs: "appropriate notice and a chance to present [essential] evidence" that "'ensure[s] the targeted party has an adequate opportunity to dodge the bullet.'" *Ambit Corp. v. Delta Airlines, Inc.*, 707 F. Supp. 2d 74, 78 (D. Mass. 2010) (quoting *Berkovitz v. Home Box Office, Inc.*, 89 F.3d 24, 29 (1st Cir.1996)).

---

[3] *Cf. Resolution Tr. Corp.*, 22 F.3d at 1204 ("no fixed time limit" for a Rule 56(d) application, except "within a reasonable time following receipt of a motion for summary judgment").

Moreover, Plaintiffs served discovery early and often on all relevant aspects of their claims, but Defendants and their vendors have resisted that discovery. Defendants almost uniformly objected that Plaintiffs' discovery was improper pending bifurcation.

> If the reason the party cannot adduce the facts essential to opposing summary judgment is incomplete discovery, the party's explanation (i.e., the third requirement) should: (i) <u>show good cause for the failure to have discovered the facts sooner</u>; (ii) set forth a <u>plausible basis for believing that specific facts probably exist</u>; and (iii) <u>indicate how the emergent facts will influence the outcome of the pending summary judgment motion</u>. . . . [I]n a case involving incomplete discovery, the Rule 56(d) proffer requirements can be categorized as: <u>authoritativeness, timeliness, good cause, utility, and materiality</u>. These requirements are not inflexible and one or more of the requirements may be relaxed, or even excused, to address the exigencies of a given case. When all the requirements are satisfied, a strong presumption arises in favor of relief. With this in mind, we turn now to our review of the record.

*In re PHC*, 762 F.3d at 143-44 (quoting, following *Resolution Tr. Corp.*, 22 F.3d at 1203; citation, punctuation omitted; underlying supplied for Court's review).

It bears mention that the spoofing by Defendants' vendors has made it more difficult to gather evidence that attributes calls to Defendants, and makes it very difficult or impossible for Plaintiffs to their own records to identify every call from Defendants' vendors. (Pl.'s SOF 11.) Spoofing also violates the TCPA. *Cf.* 47 C.F.R. § 64.1200(b)(1), (d)(4). *If Rhodes has to prove Defendants called a particular number of times to survive summary judgment, then Rhodes should be able to complete discovery on Defendants' calls.*

Plaintiffs have sought to enforce their discovery. In November 2018, Plaintiffs served a discovery letter seeking relief on specific requests for production ("RPDs") that would help Plaintiffs locate documents supporting their claims (including, for instance, dialers which would records of calls to Plaintiffs). (ECF No. 110; Preston Rule 56(d) Decl. ¶12.) The Court has not ruled on that letter. (*Id*.) Plaintiffs also sought to compel one of Defendants' vendors (Mezzi Marketing, LLC ("Mezzi")) to comply with a subpoena. (*Cf. id*. ¶2 *with Katz v. Mezzi Mktg.,*

*LLC*, No. 18-2122, 2018 WL 4087923 (E.D.N.Y. Aug. 27, 2018).) The court presiding over that ancillary litigation has yet not imposed any sanctions on Mezzi to coerce compliance with Plaintiffs' subpoena, although Plaintiffs recently updated that court of their deadlines in this case, and their need for discovery from the subpoena. (Preston Rule 56(d) Decl. ¶¶3-4.)

Plaintiffs have shown more than enough diligence in discovery to warrant Rule 56(d) relief. A "party seeking 'discovery expeditiously is not obligated to take heroic measures to enforce his rights against a recalcitrant opponent.'" *In re PHC*, 762 F.3d at 144 (quoting *Carmona v. Toledo*, 215 F.3d 124, 135 (1st Cir. 2000)).

> When discovery is appropriately initiated, the burden of compliance lies foremost with the party from whom the discovery is sought. Of course, the discovering party has the right to file a motion to compel under [Rule] 37 [but absent] special circumstances . . . a discovering party's failure to invoke Rule 37 celeritously will not excuse the guilty party's failure to furnish required discovery in a timely manner.

*Resolution Tr. Corp.*, 22 F.3d at 1206. Contentions "to the contrary [are] reminiscent of an embezzler who seeks to avoid the consequences of his defalcation by criticizing the victim as having been careless with its funds or slow in reporting shortages to the police." *Id*.

> In a matter like this, when plaintiffs' case turns so largely on their ability to secure evidence within the possession of defendants, courts should not render summary judgment because of gaps in a plaintiff's proof without first determining that plaintiff has had a fair chance to obtain necessary and available evidence from the other party. To rule otherwise would encourage defendants to stonewall during discovery—withholding or covering up key information that is otherwise available to them through the exercise of reasonable diligence.

*In re PHC*, 762 F.3d at 145 (quoting *Carmona*, 215 F.3d at 133; citation, punctuation omitted). Plaintiffs have litigated vigorously enough to warrant relief under Rule 56(d).

Given the broad scope of discovery foreclosed either by Defendants' withholding information objections or by bifurcation, Plaintiffs "present[] a plausible basis for a belief that discoverable materials exist that would likely suffice to raise a genuine issue of material fact and,

thus, defeat summary judgment." *Resolution Tr. Corp.*, 22 F.3d at 1206. This Rule 56(d) application does not have to present admissible evidence that outstanding discovery would preclude summary judgment, "so long as it rises sufficiently above mere speculation." *Id*. It is sufficient for Plaintiffs' Rule 56 declaration to "specif[y] . . . categories of materials requested but withheld," and to state based on counsel's experience and other evidence, counsel has "reason to believe that [Defendants have] not produced all of the records requested." *Id*. at 1207. This is particularly true where "there is no way to tell . . . how much [relevant] evidence was withheld during discovery." *Danny B.*, 784 F.3d at 836.

### 1. Defendants' Vendors Have Withheld Relevant Documents

Plaintiffs served subpoenas on Mezzi in May and June 2018 for relevant documents, and moved to compel those subpoenas in August 2018. (Preston Rule 56(d) Decl. ¶2; *Mezzi Mktg.*, 2018 WL 4087923, at *3.) In October 2018, Plaintiffs served a renewed motion to compel Mezzi to comply with the subpoenas—identifying specific documents that existed but were missing from Mezzi's production—and seeking an order compelling consent to disclosure of email from Mezzi's email providers, and forensic inspection of Mezzi's computer media, on pain of coercive sanctions. (Preston Rule 56(d) Decl. ¶3.) Mezzi still has not complied with Plaintiffs' subpoena, but the court presiding over Plaintiffs' motion to compel has not yet imposed any coercive sanctions on Mezzi—despite Plaintiffs' renewed efforts in April 2019, shortly before the deadline for individual discovery. (*Id*. ¶4.) Plaintiffs anticipate Defendants' vendors (including Mezzi) have documents and information that they have not provided to Plaintiffs which would be critical to supporting Plaintiff's claims, or to locating evidence that Plaintiffs could use to support their claims. (*Id*. ¶6.) For instance, Mezzi has provided access to an Excel spreadsheet showing over 200,000 calls between January 2018 and May 2018, which includes a couple of

calls to Rhodes's residential landline, but does not go back far enough to contain other calls to Katz and Rhodes in 2016. (*Id.*)

Plaintiffs also served subpoenas on several of Defendants' other vendors, but the only response Plaintiffs received was a single set of objections. (*Id.* ¶5.)

### 2. Defendants Have Withheld Relevant Documents

On June 20, 2018, Katz served eighty (80) RPDs on Defendants for evidence of every affirmative element of each of their claims, as well as discovery relative to the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons with knowledge of evidence relevant to Plaintiffs' claims. (*Id.* ¶7. *See also* ECF No. 67-1.)

Defendants almost uniformly objected to the RPDs, and have undeniably withheld responsive, non-privileged documents. (Preston Rule 56(d) Decl. ¶8.) To give concrete examples, Defendants have lead lists which include Plaintiffs' telephone numbers, but have withheld them from production. (*Id.* ¶8.) Likewise, there should be multiple disposition reports reflecting calls to Plaintiffs, Defendants' Rule 30(b)(6) deponent was unable to testify why those disposition reports were not produced, or whether Defendants even searched those disposition reports for Plaintiffs' telephone numbers. (*Id.*)

Defendants' responses to Plaintiffs' RPDs violate Rule 34 because they fail to "state whether any responsive materials are being withheld on the basis of [a particular] objection." Fed. R. Civ. P. 34(b)(2)(B). "A proper written response should also provide sufficient information for the requesting party, and the court, to be satisfied that the responding party conducted an adequate investigation for responsive materials," *In re Rivera*, No. 16-4676, 2017 WL 5163695, *3 (C.D. Cal. Apr. 14, 2017), and "identify explicitly the nature of its search for documents responsive to each request." *Moore v. Pflug Packaging & Fulfillment, Inc.*, No. 17-

05823, 2018 WL 1938557, *3 (N.D. Cal. Apr. 25, 2018).[4] For instance, Defendants' responses to RPDs 1 and 2 refuse to produce call records based on bifurcation, but Defendants' failure to state what responsive materials they withheld on that basis leaves it unclear whether or not Defendants withheld responsive documents related to the individual Plaintiffs—call records showing calls to the individual Plaintiffs or leads lists showing Plaintiffs' individual numbers. Fed. R. Civ. P. 34(b)(2)(C). "If Defendants have withheld any responsive information on the basis of an objection, Plaintiffs are entitled to know that . . ." *Guarriello v. Family Endowment Partners, LP*, No. 14-13351, 2015 WL 12953233, *2 (D. Mass. Dec. 21, 2015) (citing Fed. R. Civ. P. 34 advisory committee's notes for 2015 amendment).

Likewise, Defendants have also reneged on their commitment to the Court to produce other documents. In the opposition leading to the September 2018 order, Defendants quoted Katz's request for production (namely, RPD 12) seeking communications about this case between Defendants and anyone who receives a subpoena (such as many of Defendants' vendors), and stated "Defendants will produce documents responsive to this Request and will seasonably supplement that response." (ECF No. 61 at 8.) The Court's September 2018 order recognized Defendants "agreed to produce documents that are responsive to Plaintiffs' request for communications with third parties about the outstanding subpoenas" (that is, Katz's RPD 12). *Katz v. Liberty Power Corp., LLC*, No. 18-10506, 2018 WL 4398256, *2 (D. Mass. Sept. 14, 2018). It only became clear that Defendants withheld responsive documents in a colloquy during Defendants' Rule 30(b)(6) deposition:

---

[4] *See CapRate Events, LLC v. Knobloch*, No. 17-5907, 2018 WL 4378167, *2 (E.D.N.Y. Apr. 18, 2018) (Rule 34(b)(2)(B) "force[s] parties to be transparent about discovery. . . . proper response would have been to indicate a scope of documents that it would produce, state that other documents exist, but would be withheld on the basis of the burden of collecting and producing those documents"). *See also Stancu v. Hyatt Corp./Hyatt Regency, Dallas*, No. 17-2918, 2018 WL 888909, *3 (N.D. Tex. Feb. 14, 2018) (collecting cases).

| | | |
|---|---|---|
| Q. | | [RPD 12] was not narrowed because defendants agreed to produce all documents responsive to this request. |
| MR. BRUNDAGE: | | I believe there's an objection but subject to the objection. |
| MR. PRESTON: | | I believe the court ruled that you agreed to produce all documents responsive to this request. |
| BY MR. PRESTON: Q. | | Were documents withheld based on that objection? |
| A. | | I'm not aware. |

(Castillo Depo. Tr. 153:25-154:8. *See also id*. 144:21-150:12 for context.) The only objection to RPD 12 that Defendants made, however, was to attorney-client privilege and work product.

### 3. Defendants Have Withheld Relevant Information

On August 20, 2018, Katz served three Interrogatories seeking basic information to locate relevant evidence, including the basis for Defendants' declaration that their vendor made particular calls, as well as dialers and databases used by Defendant and their vendors. (Preston Rule 56(d) Decl. ¶9.) Defendants objected to all this discovery, primarily on the basis that bifurcation was pending. (*Id*.)

On March 25, 2019, Rhodes served interrogatories that asked Defendants about the calls made to Plaintiffs, any evidence of consent for those calls, and the facts they would use in their Motion. (*Id*. ¶10.) Defendants gave incomplete answers about the calls made to Plaintiffs, and objected to the rest. (*Id*.)

On May 21, Rhodes served interrogatories on Defendants that asked which employees' Skype messages they were preserving. (*Id*. ¶11.) On June 5, Defendants served answers that indicated that Defendants were not preserving Skype messages with respect to most of their workforce. (*Id*.; ECF No. 162-3.) On June 21, after a renewed effort to meet and confer, Plaintiffs moved to compel Defendants to preserve all their employees' Skype records. (*Id*. ¶14;

ECF No. 162-1.) Plaintiffs' pending motion to preserve Defendants' Skype records summarized evidence showing that Defendants' communications with their vendors are highly probative, and likely to lead to specific documents supporting Plaintiffs' claims—or to explain why such evidence might be missing. (*Id*. at 6-7; Preston Rule 56(d) Decl. ¶14.)

### III. Plaintiffs' Rule 56(d) Application Is Conditional

Plaintiffs do not understand the Motion to require any additional evidence for Plaintiffs to prevail on their Opposition. In particular, they do not believe they need evidence showing additional calls to Rhodes's cellular telephone in 2016 given the law on the Motion. However, in an abundance of caution, Plaintiffs bring this Rule 56(d) application conditionally in the event the Court finds Plaintiffs failed to adduce additional evidence of those calls or any other piece of evidence essential to their claims surviving summary judgment on the Motion. There is ample basis for Rule 56(d) relief in that event.

Dated: July 12, 2019       By:       s/Ethan Preston

David C. Parisi
dcparisi@parisihavens.com
Suzanne Havens Beckman
shavens@parisihavens.com
**PARISI & HAVENS LLP**
212 Marine Street, Unit 100
Santa Monica, California 90405
Telephone: (818) 990-1299
Facsimile: (818) 501-7852

Matthew R. Mendelsohn
mrm@mazieslater.com
**MAZIE SLATER KATZ & FREEMAN, LLC**
103 Eisenhower Parkway
Roseland, New Jersey 07068
Telephone: (973) 228-0391
Facsimile: (973) 228-0303

Yitzchak H. Lieberman
ylieberman@parasmoliebermanlaw.com

Grace E. Parasmo
gparasmo@parasmoliebermanlaw.com
**PARASMO LIEBERMAN LAW**
7400 Hollywood Boulevard, Suite 505
Los Angeles, California 90046
Telephone: (917) 657-6857
Facsimile: (877) 501-3346

Ethan Preston
ep@eplaw.us
**PRESTON LAW OFFICES**
4054 McKinney Avenue, Suite 310
Dallas, Texas 75204
Telephone: (972) 564-8340
Facsimile: (866) 509-1197

*Attorneys for Plaintiff Plaintiffs Samuel Katz, Alexander Braurman, and Lynne Rhodes, on their own behalf, and behalf of all others similarly situated*

## CERTIFICATE OF SERVICE

I, Ethan Preston, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: July 12, 2019        By:        s/Ethan Preston
                                        Ethan Preston