# Exhibit 22: Defendants' First Amended Objections to Rhodes's First Set of Interrogatories

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAMUEL KATZ, *et al.*, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>LIBERTY POWER CORP., LLC, *et al.*,<br><br>    Defendants. | Civil Action No: 1:18-cv-10506-ADB |

### DEFENDANTS LIBERTY POWER CORP., LLC AND LIBERTY POWER HOLDINGS, LLC'S OBJECTIONS AND ANSWERS TO PLAINTIFFS' <u>SECOND SET OF INTERROGATORIES</u>

Defendants Liberty Power Corp., LLC and Liberty Power Holdings, LLC ("Defendants"), by counsel, serve their Objections and Answers to Plaintiffs' Second Set of Interrogatories.  Pursuant to L.R. 26.1(c), Plaintiffs' allegations against Defendants are as a group of parties with a common interest and thus the three Plaintiffs collectively are limited to 25 total interrogatories.  Plaintiff Samuel Katz served three (3) Interrogatories on Defendants on August 20, 2018.  Thus, the service of these additional (4) Interrogatories totals seven (7) Interrogatories Plaintiffs have served on Defendants.  Defendants do not waive, and are asserting, that the Interrogatories are more numerous in number because they contain subparts.

### <u>OBJECTION TO DEFINITION NO. 6</u>

Defendants object to definition number six because it purports to limit the amount of telephone numbers to which Plaintiffs are or were subscribers.  Defendants are not able to verify that this is the entire list of applicable telephone numbers for the three named Plaintiffs.

## **OBJECTION TO DEFINITION NO. 8**

Defendants object to definition number eight because it is vague, overly broad, and has no temporal limitation.

## **OBJECTION TO INSTRUCTION B. SCOPE**

Defendants object to Plaintiffs' definition of "Scope" because Defendants are only required to provide information in their legal possession, custody, or control. They are not required to provide information that is "otherwise available to it, including information in the possession or custody of [third-parties]."

## **OBJECTION TO INSTRUCTION C. CERTIFICATION**

Defendants object to Plaintiffs' certification instruction, paragraph 2, "If any interrogatory cannot be answered in full after exercising due diligence to secure the information with which to do so, Liberty's response should answer as much of the Interrogatory as possible but then expressly include the extent to which the answer is incomplete. The response should also state with specificity why Liberty is unable to provide a complete answer, and state whatever knowledge or information presently is available concerning the unanswered portion of the response." The objection is that this instruction exceeds what is required under Fed. R. Civ. P. 33(b)(4).

## **OBJECTION TO INSTRUCTION F. METHOD OF PROVIDING DATA AND INFORMATION**

Defendants object to Plaintiffs' "Method of Providing Data and Information" because it exceeds what Defendants are required to do under the Federal Rules of Civil Procedure and the rules of this District. Defendants are not required to produce "a spreadsheet format that is searchable and filterable, with each data file delimited."

## OBJECTIONS AND ANSWERS TO PLAINTIFFS' SECOND SET OF INTERROGATORIES

1.  Identify all calls made to Plaintiffs' telephone numbers by you or a telesales channel. For each call, set forth (a) which Plaintiffs' telephone number was called; (b) the calling entity; (d) the date and time of the call; (e) the Caller ID used on the call; (f) whether the call was made using an automatic dialing system, artificial voice, or a prerecorded message; (g) any person to whom the call was transferred (including, but not limited to, you and/or a third party verification company); and (h) the direct inward dial (DID) number, if the call was transferred to you.

**SPECIFIC OBJECTION**: Defendants object to this Interrogatory because it seeks information regarding Telesales Channels which is not in Defendants' possession, custody, or control. *See* Order, ECF No. 84, at 2-3. Defendants object to this Interrogatory because it is three or more Interrogatories characterized as one Interrogatory because it asks for all calls made to three different individuals. Defendants object to this Interrogatory because it violates FED. R. CIV. P. 33(a)(1) and L.R. 26.1(c). Defendants object to the Interrogatory because "direct inward dial" is vague and undefined.

**RESPONSE**: Subject to and without waiving the foregoing objections, following entities may have made telephone calls to the following Plaintiffs:

   a. On or about November 27, 2017, Intersoft BPO Solutions called 508-540-▮▮▮▮ to re-establish a prior existing business relationship with that telephone number's subscriber, Scoba Rhodes. *See* Bates LP_2082, 2090.

   b. Mezzi Marketing called 508-966-▮▮▮▮ ten times from the telephone number 508-202-1270. *See* Bates LP_3856, 2409.

    c.    Dominican BPO aka AA-BPO called 508-966-▮▮▮▮ one (1) time on November 28, 2016 on behalf of Comcast. *See* Bates LP_2421, 3609.

    d.    Liberty Power called Scoba Rhodes on September 11, 2015, January 27, 2016, July 28, 2016, and November 30, 2016. All of these telephone calls were "retention save" calls to re-establish the prior existing business relationship. That prior business relationship gave Liberty Power consent to call Scoba Rhodes. *See* LP_3655, LP_3656.

Defendants' investigation is ongoing and Defendants reserve the right to supplement this Answer.

    2.    For each call listed in Response to Interrogatory No. 1 for which you contend did not violate 47 U.S.C. § 227 (including if you contend there was consent or an existing business relationship), state the basis for your contention, defense, claim, or assertion.

    **SPECIFIC OBJECTION**: Defendants object to the Interrogatory because it asks for a legal conclusion, specifically, what did or did not constitute a statutory violation. Defendants object to this Interrogatory because it violates F<small>ED</small>. R. C<small>IV</small>. P. 33(a)(1) and L.R. 26.1(c) because it is actually an innumerable number of Interrogatories depending on Defendants' response to Interrogatory No. 1.

    **RESPONSE**: Subject to and without waiving the foregoing objections, letters a-d are addressed in sequence below.

    a.    Defendants had a preexisting business relationship with Scoba Rhodes with his account having a telephone number 508-540-▮▮▮▮ On April 8, 2015, Scoba Rhodes completed Voice Contract number 107017451. *See* LP_3659. On December 6, 2017, Scoba Rhodes completed Voice Contract number 7105313. *See* LP_3660. Pursuant to F<small>ED</small>. R. C<small>IV</small>. P. 33(d)(1),

please see Bates LP_2102-2105, 3667, 3668, 3671, 2103, 3649, 3676, 3682, 3677, 3683, 3650, 3673.

  b.  Defendants did not violate 47 U.S.C. § 227.  Defendants did not make any of these telephone calls: Mezzi Marketing made the telephone calls.  In making these calls, Mezzi Marketing breached its contractual relationship with Defendants. *See* Telesales Channel Agreement, ECF 28-1, 28-2, Sections 2.02, 2.04, 2.06.

  Defendants are not vicariously liable for the conduct of Mezzi.  Mezzi is an independent contractor and not an employee or agent of Defendants. *Id.* Section 2.04.  Liberty Power did not have an agency relationship with Mezzi (either through ratification, actual authority, or apparent authority).  Mezzi acted independently and without the consent or knowledge of Defendants as an independent contractor.  Defendants did not ratify Mezzi's conduct.  Instead, Defendants did the exact opposite and monetarily fined Mezzi. *See* Bates LP_3856, 2391, 4357.  Defendants are seeking indemnity from Mezzi pursuant to Section 5.01 of the Telesales Channel Agreement for Mezzi's breach of the contract.

  c.  Dominican BPO aka AA-BPO called 508-966-▬ on behalf of Comacast, not on behalf of Liberty Power. Pursuant to FED. R. CIV. P. 33(d)(1), please see LP_3596, LP_3609.  Since this telephone call was not made on behalf of Liberty Power but instead Comcast, Liberty Power cannot be held liable, vicariously or otherwise.

  d.  Defendants had a preexisting business relationship with Scoba Rhodes with his account having a telephone number 508-540-▬  On April 8, 2015, Scoba Rhodes completed Voice Contract number 107017451. *See* LP_3659.  On December 6, 2017, Scoba Rhodes completed Voice Contract number 7105313. *See* LP_3660.  Pursuant to FED. R. CIV. P. 33(d)(1),

please see Bates LP_2102-2105, 3667, 3668, 3671, 2103, 3649, 3676, 3682, 3677, 3683, 3650, 3673.

3.  State the basis for every fact (including the absence of evidence supporting a fact) you will use or assert in support of your motion for summary judgment, including but not limited to the statement of facts required under Local Rule 56.1.

**SPECIFIC OBJECTION**: Defendants object to this Interrogatory because it seeks information protected by the work-product doctrine and attorney-client privilege. Defendants object to the Interrogatory as premature because they have not yet written nor prepared a motion for summary judgment. Defendants object to the Interrogatory because it presupposes a fact, that Defendants will file a motion for summary judgment. Defendants object to the Interrogatory because it is multiple Interrogatories imbedded into one and not discrete subparts because the Second Amended Complaint has six counts with the three named Plaintiffs purporting to bring various counts. Defendants object to this Interrogatory because it violates FED. R. CIV. P. 33(a)(1) and L.R. 26.1(c). Defendants' object to this Interrogatory as duplicative of Local Rule 56.1's requirements.

4. For every fact identified in Interrogatory No. 3, identify all witnesses with knowledge of any such fact.

**SPECIFIC OBJECTION**: Defendants object to the Interrogatory as premature because they have not yet written nor prepared for a motion for summary judgment. Defendants object to the Interrogatory because it presupposes a fact, that Defendants will file a motion for summary judgment. Defendants object to the Interrogatory because it is multiple Interrogatories imbedded

into one and not discrete subparts because the Second Amended Complaint has six counts with the three named Plaintiffs purporting to represent a class of individuals in various counts. Defendants object to this Interrogatory because it violates FED. R. CIV. P. 33(a)(1) and L.R. 26.1(c).

As to Objections:

**LIBERTY POWER CORP., LLC,**
**LIBERTY POWER HOLDINGS, LLC**

By their attorneys,

*/s/ Jeffrey P. Brundage*
Charles A. Zdebski (*pro hac vice*)
Jeffrey P. Brundage (*pro hac vice*)
**ECKERT SEAMANS CHERIN &**
  **MELLOTT, LLC**
1717 Pennsylvania Avenue, N.W.
12th Floor
Washington, DC  20006
Telephone:  202-659-6676
Facsimile:  202-659-6699
Email: czdebski@eckertseamans.com
Email:  jbrundage@eckertseamans.com

Craig R. Waksler (B.B.O. # 566087)
**ECKERT SEAMANS CHERIN &**
**MELLOTT, LLC**
Two International Place, 16th Floor
Boston, MA  02110-2602
Telephone: 617.342.6800
Facsimile: 617.342.6899
cwaksler@eckertseamans.com

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 1, 2019

_____
Leah Lopez