# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAMUEL KATZ, ALEXANDER BRAURMAN, LYNNE RHODES, individually, and on their own behalf and on behalf of all others similarly situated,<br>Plaintiffs,<br><br>v.<br><br>LIBERTY POWER CORP., LLC, LIBERTY POWER HOLDINGS, LLC,<br>Defendants. | Case No. 1:18-cv-10506-ADB |
| LIBERTY POWER CORP., LLC, and LIBERTY POWER HOLDINGS, LLC,<br>Third-Party Plaintiffs,<br><br>v.<br><br>MEZZI MARKETING, LLC,<br>Third-Party Defendant. | |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF SAMUEL KATZ'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS LIBERTY POWER CORP., LLC AND LIBERTY POWER HOLDINGS, LLC**

Defendants Liberty Power Corp., LLC and Liberty Power Holdings, LLC ("Defendants"), by counsel, hereby respond and object to Plaintiff Samuel Katz's ("Plaintiff") First Set of Requests for Production of Documents.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1. Defendants object to Plaintiff's "**B. Scope**" to the extent it requests documents not in their possession custody or control of Defendants. Defendants further object to the Scope because there has not been a judicial determination that TeleSales documents are within

Defendant's legal possession, custody, or control. Defendants further object to Scope because Defendants have already issued subpoenas (and ostensibly received responses) to many of the same requests. Thus, the burden and expense of Defendants to contact vendors for the same documents would not be proportional to the needs of the case at this time.

2. Defendants object to Plaintiff's "**C. Production of Documents**" because producing documents in native format does not allow for bates-stamping or redactions (for such things as attorney-client privilege imbedded within an email chain, other portions of which are not privileged). For example, an .msg outlook email file may contain an email thread that is 15 pages long with some privileged communications and attachments. Producing this document as a native would not allow for bates-stamping the 15 pages and accompanying attachments with a unique bates identification number. Redactions based on privilege are consistent with L.R. 34.1(c)(2) ("No part of a document request shall be left unanswered merely because an objection is interposed to another part of the document request."). Native production would not allow for answering a portion of a Request and objecting to another portion. Defendants further object because without bates-stamping, documents cannot readily be used at depositions, as exhibits filed with the Court, or trial exhibits. Defendants further object to Plaintiff's Production of Documents because production of documents in native format makes documents susceptible to alteration. *See* WRIGHT & MILLER, § 2219 Form for Producing Electronically Stored Information, 8B Fed. Prac. & Proc. Civ. § 2219 (3d ed.). Defendants object to Plaintiff's request to "provide Plaintiffs' counsel access to the means by which it used to access, create, and/or review that document (including a copy of the corresponding software that accesses the document) or 2) translate the file to a format accessible by mass-market software."

Pursuant to Fed. R. Civ. P. 34(b)(2)(D), Defendants will produce documents as TIFFs with a unique bates number and a load file. Documents not susceptible to production as a TIFF (*e.g.*, excel, audio, .csv file), will be produced as natives with a cover sheet identifying the document as produced natively and assigning the document a unique bates number. *See MedIdea, L.L.C. v. DePuy Orthopaedics, Inc.*, No. 1:17-CV-11172-GAO, 2017 WL 9289450, at *6 (D. Mass. Oct. 20, 2017). **Alternatively, in a good faith effort to meet and compromise on the document production issue, Defendants offer to produce the documents as PDFs with a unique bates number. Where a document is not susceptible to production as a PDF (*e.g.*, excel, audio, .csv file), the document will be produced as a native with a cover sheet identifying the document as produced natively and assigning the document a bates number.** Production in the above fashion is consistent with Fed. R. Civ. P. 34(b)(2)(E)(ii), which states documents will be produced in a "reasonably useable form." Pursuant to Fed. R. Civ. P. 34(b)(2)(E)(i), Defendants will organize and label documents to correspond to a request they are responsive to. Defendants object to the extent they are requested to categorize any document as responsive to more than one request. It would be overly burdensome and not proportional to the needs of the case for Defendants to identify each of the 80 requests for production of documents a document is responsive to. In addition, this would cause a bates-stamping problem, as the exact same document, if responsive to multiple Requests, would have several different bates numbers. Pursuant to Fed. R. Civ. P. 34(b)(2)(E)(iii), Defendants will not produce documents in more than one form. All of the above is consistent with the parameters of Plaintiff's document production

3. Defendants object to Plaintiff's "**D. Manner of Production**" because it is overly expensive and unduly burdensome to produce documents "by mail or private courier" to seven

attorneys at five addresses, especially with electronic files. Instead, Defendants will produce the documents on an FTP server so that all counsel can easily access the documents with a password. This is consistent with Plaintiff's document production.

**SPECIFIC OBJECTIONS AND RESPONSES**

1. All call records and/or call detail records for calls made by Liberty Power's Telesales Channels to Liberty Power's potential and/or prospective residential customers during the class period.

**SPECIFIC OBJECTION:** Defendants object to the Request because they will be filing a motion to bifurcate individual and class discovery, similar to the one previously filed, ECF No. 29. Thus, this Request for class discovery is not ripe. Defendants further object because the Request is not proportional to the needs of the case at this time given forthcoming Motion to Bifurcate. FED. R. CIV. P. 26(b)(1). Defendants object because the burden and expense of responding to the Request outweighs its likely benefit at this time. *Id.* Defendants also object because the Request, to the extent it seeks class discovery, is not relevant to Plaintiff Katz's claims. *Id.* Defendants further object because the Request, to the extent it seeks class discovery, will not resolve whether or not Plaintiff Katz has viable claims. *Id. see* Defendants' Memorandum in Support of Motion to Bifurcate Individual and Class Discovery, ECF No. 30, and cases cited therein.

For example, the production of all call records for all telesales channels from March 2014 to present is not relevant to Plaintiff Katz's claims, and will not resolve Plaintiff Katz's claims, that the Defendants called him using an artificial / prerecorded voice (First Am. Compl. ¶¶ 55), whether or not Plaintiff Katz is on the National do-not-call list (First Am. Compl. ¶¶ 52, 56), whether or not Plaintiff Katz consented to receive calls from the Defendants (First Am. Compl. ¶¶ 55), whether or not Plaintiff Katz is on the National do-not-call list (First Am. Compl. ¶¶ 52, 56), whether or not Plaintiff Katz consented to receive calls from the Defendants (First Am. Compl. ¶¶ 58), whether or not Plaintiff Katz had an established business relationship with the Defendants (First Am. Compl. ¶ 121), and whether or not Liberty Power complied with 47 C.F.R. 61.1200(d) (First Am. Compl. ¶ 57).

The production of all call records would require tens if not hundreds of hours of Defendants' employee internal time (burden) and outside counsel time (expense) but no evidence regarding Plaintiff's claims (First Am. Compl. ¶¶ 52-60). Defendants object because the expense of utilizing an outside vendor to host four years of documents, ingest the documents, categorize the documents, perform searches on the data, and bates stamp and produce the documents responsive to this request is not proportional to the needs of the case. Defendants also object to the extent responsive non-privileged documents are not in their possession, custody or control. Plaintiff tacitly acknowledges the above objections have merit because Plaintiff, without

receipt of any objections, is already willing to consider accepting a subset of data (subject to Plaintiff's self-imposed and arbitrary parameters). Defendants will not produce documents responsive to this Request.

2. All documents containing lists of any contact information for customers or potential residential customers which were provided to the Telesales Channels in the class period. Subject to demonstration with specific detail of burden of producing responsive documents and capabilities of Liberty Power's information systems, Plaintiff may consider accepting a selected subset or sampling of responsive documents based on specific criteria (like particular Telesales Channels, time period(s), and/or specific activities like termination or payment) to which Plaintiff may agree).

**SPECIFIC OBJECTION:** Defendants object to the Request because they will be filing a motion to bifurcate individual and class discovery, similar to the one previously filed, ECF No. 29. Thus, this Request for class discovery is not ripe. Defendants further object because the Request is not proportional to the needs of the case at this time given the pending Motion to Bifurcate. FED. R. CIV. P. 26(b)(1). Defendants object because the burden and expense of responding to the Request outweighs its likely benefit at this time. *Id.* Defendants also object because the Request, to the extent it seeks class discovery, is not relevant to Plaintiff's claims. *Id.* Defendants further object because the Request, to the extent it seeks class discovery, will not resolve whether or not Plaintiff has viable claims. *Id. see* Defendants' Memorandum in Support of Motion to Bifurcate Individual and Class Discovery, ECF No. 30, and cases cited therein.

For example, the production of all lists for customers provided to Defendants' telesales channels from March 2014 to present is not relevant to Plaintiff's claims, and will not resolve Plaintiff's claims, that the Defendants called him using an artificial / prerecorded voice (First Am. Compl. ¶¶ 55), whether or not Plaintiff Katz is on the National do-not-call list (First Am. Compl. ¶¶ 52, 56), whether or not Plaintiff Katz consented to receive calls from the Defendants (First Am. Compl. ¶¶ 50 53), whether or not Plaintiff had an established business relationship with the Defendants (First Am. Compl. ¶¶ 81), and whether or not Liberty Power complied with 47 C.F.R. 61.1200(d) (First Am. Compl. ¶¶ 89, 90, 91).

The production of all lists for customers provided to Defendants' telesales channels would require tens if not hundreds of hours of Defendants' employee internal time (burden) and outside counsel time (expense) but no evidence regarding Plaintiff's claims (First Am. Compl. ¶¶ 52-60). Defendants object because the expense of utilizing an outside vendor to host four years of documents, ingest the documents, categorize the documents, perform searches on the data, and bates stamp and produce the documents responsive to this request is not proportional to the needs of the case. Defendants also object to the extent responsive non-privileged documents are not in

their possession, custody or control. Plaintiff tacitly acknowledges the above objections have merit because Plaintiff, without receipt of any objections, is already willing to consider accepting a subset of data (subject to Plaintiff's self-imposed and arbitrary parameters).

**RESPONSE:** Subject to the foregoing Objections, Defendants will produce responsive, non-privileged documents in their possession, custody, or control related to named Plaintiff Samuel Katz, if any.

3. All communications with the Telesales Channels concerning the provision lists of any contact information for customers or potential residential customers to the Telesales Channels during the class period. Subject to demonstration with specific detail of burden of producing responsive documents and capabilities of Liberty Power's information systems, Plaintiff may consider accepting a selected subset or sampling of responsive documents based on specific criteria (like particular Telesales Channels, time period(s), and/or specific activities like termination or payment) to which Plaintiff may agree ).a (like particular Telesales Channels, time period(s), and/or specific activities like termination or payment) to which Plaintiff may agree).

**SPECIFIC OBJECTION:** Defendants object to the Request because they will be filing a motion to bifurcate individual and class discovery, similar to the one previously filed, ECF No. 29. Thus, this Request for class discovery is not ripe. Defendants further object because the Request is not proportional to the needs of the case at this time given the pending Motion to Bifurcate. FED. R. CIV. P. 26(b)(1). Defendants object because the burden and expense of responding to the Request outweighs its likely benefit at this time. *Id.* Defendants also object because the Request, to the extent it seeks class discovery, is not relevant to Plaintiff's claims. *Id.* Defendants further object because the Request, to the extent it seeks class discovery, will not resolve whether or not Plaintiff has viable claims. *Id. see* Defendants' Memorandum in Support of Motion to Bifurcate Individual and Class Discovery, ECF No. 30, and cases cited therein.

For example, the production of all documents regarding the provision of lists for customers provided to Defendants' telesales channels from March 2014 to present is not relevant to Plaintiff's claims, and will not resolve Plaintiff's claims, that the Defendants called him using an artificial / prerecorded voice (First Am. Compl. ¶¶ 55), whether or not Plaintiff Katz is on the National do-not-call list (First Am. Compl. ¶¶ 52, 56), whether or not Plaintiff Katz consented to receive calls from the Defendants (First Am. Compl. ¶¶ 50 53), whether or not Plaintiff had an established business relationship with the Defendants (First Am. Compl. ¶¶ 81), and whether or not Liberty Power complied with 47 C.F.R. 61.1200(d) (First Am. Compl. ¶¶ 89, 90, 91).

The production of all documents regarding the provision of lists for customers provided to Defendants' telesales channels would require tens if not hundreds of hours of Defendants' employee internal time (burden) and outside counsel time (expense) but no evidence regarding Plaintiff's claims (First Am. Compl. ¶¶ 52-60). Defendants object because the expense of utilizing an outside vendor to host four years of documents, ingest the documents, categorize the documents, perform searches on the data, and bates stamp and produce the documents responsive to this request is not proportional to the needs of the case. Defendants also object to the extent responsive non-privileged documents are not in their possession, custody or control. Plaintiff tacitly acknowledges the above objections have merit because Plaintiff, without receipt of any objections, is already willing to consider accepting a subset of data (subject to Plaintiff's self-imposed and arbitrary parameters). Defendants will not produce documents responsive to this Request.

4. Documents sufficient to show where call records and audio recordings, of calls made by Telesales Channels for Liberty Power are stored and maintained, including by way of example but without limitation the file(s) and server storing such information.

**SPECIFIC OBJECTION:** Defendants object to the Request because they will be filing a motion to bifurcate individual and class discovery, similar to the one previously filed, ECF No. 29. Thus, this Request for class discovery is not ripe. Defendants further object because the Request is not proportional to the needs of the case at this time given the pending Motion to Bifurcate. FED. R. CIV. P. 26(b)(1). Defendants object because the burden and expense of responding to the Request outweighs its likely benefit at this time. *Id.* Defendants also object because the Request, to the extent it seeks class discovery, is not relevant to Plaintiff's claims. *Id.* Defendants further object because the Request, to the extent it seeks class discovery, will not resolve whether or not Plaintiff has viable claims. *Id. see* Defendants' Memorandum in Support of Motion to Bifurcate Individual and Class Discovery, ECF No. 30, and cases cited therein.

For example, documents regarding where documents are stored (for example, physically or in a cloud system) are not in any way relevant to Plaintiff's claims, and will not in any way resolve Plaintiff's claims, that the Defendants called him using an artificial / prerecorded voice (First Am. Compl. ¶ 55), whether or not Plaintiff Katz is on the National do-not-call list (First Am. Compl. ¶¶ 52, 56), whether orr not Plaintiff Katz consented to receive calls from the Defendants (First Am. Compl. ¶¶ 50 53), whether or not Plaintiff had an established business relationship with the Defendants (First Am. Compl. ¶¶ 81), and whether or not Liberty Power complied with 47 C.F.R. 61.1200(d) (First Am. Compl. ¶¶ 89, 90, 91). Defendants also object to the extent responsive non-privileged documents are not in their possession, custody or control. Defendants object as they are not required to create documents that do not exist. Defendants will not produce documents responsive to this Request.

5. All documents necessary or useful for a layperson to read, understand, and interpret the meaning of any call records Liberty Power receives, processes, or maintains, including by way of example (but without limitation) call records produced by, e.g., Liberty Power, Liberty Power's Telesales Channels, and/or Calibrus Call Center Services, LLC.

**SPECIFIC OBJECTION:** Defendants object to the Request because they will be filing a motion to bifurcate individual and class discovery, similar to the one previously filed, ECF No. 29. Thus, this Request for class discovery is not ripe. Defendants further object because the Request is not proportional to the needs of the case at this time given the pending Motion to Bifurcate. FED. R. CIV. P. 26(b)(1). Defendants object because the burden and expense of responding to the Request outweighs its likely benefit at this time. *Id.* Defendants also object because the Request, to the extent it seeks class discovery, is not relevant to Plaintiff's claims. *Id.* Defendants further object because the Request, to the extent it seeks class discovery, will not resolve whether or not Plaintiff has viable claims. *Id. see* Defendants' Memorandum in Support of Motion to Bifurcate Individual and Class Discovery, ECF No. 30, and cases cited therein.

For example, documents necessary or useful for a layperson to read, understand, and interpret the meaning of any call records not in any way relevant to Plaintiff's claims, and will not in any way resolve Plaintiff's claims, that the Defendants called him using an artificial / prerecorded voice (First Am. Compl. ¶ 55), whether or not Plaintiff Katz is on the National do-not-call list (First Am. Compl. ¶¶ 52, 56), whether orr not Plaintiff Katz consented to receive calls from the Defendants (First Am. Compl. ¶¶ 50 53), whether or not Plaintiff had an established business relationship with the Defendants (First Am. Compl. ¶¶ 81), and whether or not Liberty Power complied with 47 C.F.R. 61.1200(d) (First Am. Compl. ¶¶ 89, 90, 91).

Defendants also object to the extent responsive non-privileged documents are not in their possession, custody or control. Defendants object because Defendants are not required to create documents that do not exist. Defendants object on vagueness because Defendants cannot know what is "necessary or useful for a layperson to read, understand, and interpret the meaning of any call records…". Defendants will not produce documents responsive to this Request.

6. All documents concerning the operation and maintenance of any system which Telesales Channels use or used to make calls to potential residential customers including, by way of example, but without limitation, instruction manuals, operation manuals, training manuals, sales brochures, marketing materials, licensing agreements, the written policies and procedures regarding the operation of such system, and/or communications reflecting unwritten policies and procedures regarding the operation of such software.

**SPECIFIC OBJECTION:** Defendants object to the Request because they will be filing a motion to bifurcate individual and class discovery, similar to the one previously filed, ECF No. 29. Thus, this Request for class discovery is not ripe. Defendants further object because the Request is not proportional to the needs of the case at this time given the pending Motion to Bifurcate. FED. R. CIV. P. 26(b)(1). Defendants object because the burden and expense of responding to the Request outweighs its likely benefit at this time. *Id.* Defendants also object because the Request, to the extent it seeks class discovery, is not relevant to Plaintiff's claims. *Id.* Defendants further object because the Request, to the extent it seeks class discovery, will not resolve whether or not Plaintiff has viable claims. *Id. see* Defendants' Memorandum in Support of Motion to Bifurcate Individual and Class Discovery, ECF No. 30, and cases cited therein.

For example, documents concerning the operation and maintenance of any system which Telesales Channels use or used to make calls to potential residential customers are not in any way relevant to Plaintiff's claims, and will not in any way resolve Plaintiff's claims, that the Defendants called him using an artificial / prerecorded voice (First Am. Compl. ¶ 55), whether or not Plaintiff Katz is on the National do-not-call list (First Am. Compl. ¶¶ 52, 56), whether orr not Plaintiff Katz consented to receive calls from the Defendants (First Am. Compl. ¶¶ 50 53), whether or not Plaintiff had an established business relationship with the Defendants (First Am. Compl. ¶¶ 81), and whether or not Liberty Power complied with 47 C.F.R. 61.1200(d) (First Am. Compl. ¶¶ 89, 90, 91).

Defendants also object to the extent responsive non-privileged documents are not in their possession, custody or control. Defendants object because Defendants are not required to create documents that do not exist. Defendants will not produce documents responsive to this Request.

7. All documents concerning the operation and maintenance of any software or computer system which Liberty Power used to receive, collect, review, analyze, process, and/or maintain call records or contact information of Liberty Power's potential or actual customers including, by way of example, but without limitation, instruction manuals, operation manuals, training manuals, sales brochures, marketing materials, licensing agreements, the written policies and procedures regarding the operation of such software, and/or communications reflecting unwritten policies and procedures regarding the operation of such software.

**SPECIFIC OBJECTION:** Defendants object to the Request because they will be filing a motion to bifurcate individual and class discovery, similar to the one previously filed, ECF No. 29. Thus, this Request for class discovery is not ripe. Defendants further object because the Request is not proportional to the needs of the case at this time given the pending Motion to Bifurcate. FED. R. CIV. P. 26(b)(1). Defendants object because the burden and expense of

responding to the Request outweighs its likely benefit at this time. *Id.* Defendants also object because the Request, to the extent it seeks class discovery, is not relevant to Plaintiff's claims. *Id.* Defendants further object because the Request, to the extent it seeks class discovery, will not resolve whether or not Plaintiff has viable claims. *Id. see* Defendants' Memorandum in Support of Motion to Bifurcate Individual and Class Discovery, ECF No. 30, and cases cited therein.

For example, documents concerning the operation and maintenance of any software or computer system which Liberty Power used to receive, collect, review, analyze, process, and/or maintain call records or contact information of Liberty Power's potential or actual customers are not in any way relevant to Plaintiff's claims, and will not in any way resolve Plaintiff's claims, that the Defendants called him using an artificial / prerecorded voice (First Am. Compl. ¶ 55), whether or not Plaintiff Katz is on the National do-not-call list (First Am. Compl. ¶¶ 52, 56), whether orr not Plaintiff Katz consented to receive calls from the Defendants (First Am. Compl. ¶¶ 50 53), whether or not Plaintiff had an established business relationship with the Defendants (First Am. Compl. ¶¶ 81), and whether or not Liberty Power complied with 47 C.F.R. 61.1200(d) (First Am. Compl. ¶¶ 89, 90, 91).

Defendants also object to the extent responsive non-privileged documents are not in their possession, custody or control. Defendants object because Defendants are not required to create documents that do not exist. Defendants further object because the Request is not proportional to the needs of the case at this time because the Request likely encompasses an instruction manual and licensing agreement for Microsoft Excel. FED. R. CIV. P. 26(b)(1). Defendants will not produce documents responsive to this Request.

8. Documents sufficient to identify any customer relations management system(s), database(s), or software or other system(s), database(s), or software used by Liberty Power for lead management.

**SPECIFIC OBJECTION:** Defendants object to the Request because they will be filing a motion to bifurcate individual and class discovery, similar to the one previously filed, ECF No. 29. Thus, this Request for class discovery is not ripe. Defendants further object because the Request is not proportional to the needs of the case at this time given the pending Motion to Bifurcate. FED. R. CIV. P. 26(b)(1). Defendants object because the burden and expense of responding to the Request outweighs its likely benefit at this time. *Id.* Defendants also object because the Request, to the extent it seeks class discovery, is not relevant to Plaintiff's claims. *Id.* Defendants further object because the Request, to the extent it seeks class discovery, will not resolve whether or not Plaintiff has viable claims. *Id. see* Defendants' Memorandum in Support of Motion to Bifurcate Individual and Class Discovery, ECF No. 30, and cases cited therein.

For example, documents Liberty Power uses for customer relations management are not in any way relevant to Plaintiff's claims, and will not in any way resolve Plaintiff's claims, that the Defendants called him using an artificial / prerecorded voice (First Am. Compl. ¶ 55), whether or not Plaintiff Katz is on the National do-not-call list (First Am. Compl. ¶¶ 52, 56),

whether orr not Plaintiff Katz consented to receive calls from the Defendants (First Am. Compl. ¶¶ 50 53), whether or not Plaintiff had an established business relationship with the Defendants (First Am. Compl. ¶¶ 81), and whether or not Liberty Power complied with 47 C.F.R. 61.1200(d) (First Am. Compl. ¶¶ 89, 90, 91).

Defendants also object to the extent responsive non-privileged documents are not in their possession, custody or control. Defendants object on vagueness grounds because Defendants do not know what "customer relations management system(s), databases(s) are. Defendants object because they do not know what "lead management" is. Defendants will not produce documents responsive to this Request.

9. Documents sufficient to identify any lead management system(s), database(s), or software or other system(s), database(s), or software used by Liberty Power.

**<u>SPECIFIC OBJECTION</u>:** Defendants object to the Request because they will be filing a motion to bifurcate individual and class discovery, similar to the one previously filed, ECF No. 29. Thus, this Request for class discovery is not ripe. Defendants further object because the Request is not proportional to the needs of the case at this time given the pending Motion to Bifurcate. FED. R. CIV. P. 26(b)(1). Defendants object because the burden and expense of responding to the Request outweighs its likely benefit at this time. *Id.* Defendants also object because the Request, to the extent it seeks class discovery, is not relevant to Plaintiff's claims. *Id.* Defendants further object because the Request, to the extent it seeks class discovery, will not resolve whether or not Plaintiff has viable claims. *Id. see* Defendants' Memorandum in Support of Motion to Bifurcate Individual and Class Discovery, ECF No. 30, and cases cited therein.

For example, documents Liberty Power uses for leads management are not in any way relevant to Plaintiff's claims, and will not in any way resolve Plaintiff's claims, that the Defendants called him using an artificial / prerecorded voice (First Am. Compl. ¶ 55), whether or not Plaintiff Katz is on the National do-not-call list (First Am. Compl. ¶¶ 52, 56), whether orr not Plaintiff Katz consented to receive calls from the Defendants (First Am. Compl. ¶¶ 50 53), whether or not Plaintiff had an established business relationship with the Defendants (First Am. Compl. ¶¶ 81), and whether or not Liberty Power complied with 47 C.F.R. 61.1200(d) (First Am. Compl. ¶¶ 89, 90, 91).

Defendants also object to the extent responsive non-privileged documents are not in their possession, custody or control. Defendants object on vagueness grounds because Defendants do not know what "lead management system(s), databases(s)" are. Defendants will not produce documents responsive to this Request.

10. All documents concerning Liberty Power's document destruction and/or retention policy, including forms and charts, as well as all documents modifying, suspending, or interpreting the plan.

**SPECIFIC OBJECTION:** Objection to the extent the document calls for materials protected by the attorney-client privilege and work product doctrine. Defendants do have responsive documents but are withholding them based on the above privilege assertions. These documents are included in the attached Privilege Log.

**RESPONSE:** Subject to the foregoing Objections, Defendants will produce responsive, non-privileged documents in their possession, custody, or control related to named Plaintiff Samuel Katz, if any.

11. All documents concerning any incident or event in which any document which would be or would have been responsive to these Requests was destroyed, delinked, dereferenced, deleted, and/or access to such document was lost (including any document retention policy under which any document which would be or would have been responsive to this subpoena was destroyed, delinked, dereferenced, deleted, and/or access to such document was lost, and/or any communications with Telesales Channel regarding the deletion of call records).

**SPECIFIC OBJECTION:** Defendants object because the burden and expense of responding to the Request outweighs its likely benefit at this time. FED. R. CIV. P. 26(b)(1). Specifically, the Request asks for all documents that would be or would have been responsive to 80 Requests spanning four years. Defendants further object because the Request is not proportional to the needs of the case at this time. *Id.* Specifically, searching for any documents responsive to this Request would require hundreds of hours of Defendants' employee internal time (burden) and outside counsel time (expense). Even if this time and expense was expended, it is not known if any responsive, non-privileged documents would be discovered. Additionally, Defendants object on vagueness grounds because the Request references an unknown subpoena. Defendants will not produce documents responsive to this Request.

12. All documents concerning any communication regarding the case captioned above between Liberty Power and another person who received or receives a subpoena issued by any of the parties in this case, including by way of example (but without limitation)

communications concerning the subpoena, any response to the subpoena, and/or any other information provided to or withheld from Plaintiff and/or his counsel, or that will be provided to or withheld Plaintiff and/or his counsel, the allegations in Plaintiff's Complaint, and/or the underlying facts alleged in Plaintiff's Complaint (including any of the calls alleged in the Plaintiff's Complaint, and the work the Telesales Channels performed for Liberty Power alleged in Plaintiff's Complaint, documents or other evidence concerning the calls and the work the Telesales Channels performed for Liberty Power alleged in Plaintiff's Complaint, or the litigation of the case) during the class period.

**SPECIFIC OBJECTION:** Objection to the extent the document calls for materials protected by the attorney-client privilege and work product doctrine. For example, outside counsel may have responsive documents such as emails to in house counsel regarding subpoena responses. Such documents would be privileged.

**RESPONSE:** Subject to the foregoing Objections, Defendants will produce responsive, non-privileged documents in their possession, custody, or control related to named Plaintiff Samuel Katz, if any.

13. All documents concerning any communication regarding the case captioned above between Liberty Power and one or more of their Telesales Channels (including their owners, directors, officers, agents, partners, attorneys, servants, employees, assignees, affiliates, and/or anyone acting on behalf the telesales channel, and/or any predecessor, successor, affiliate, subsidiary, parent or related corporation, partnership or entity, and/or anyone acting for or on behalf of any such entity) since March 16, 2014.

**SPECIFIC OBJECTION:** Defendants object to the Request because they will be filing a motion to bifurcate individual and class discovery, similar to the one previously filed, ECF No. 29. Thus, this Request for class discovery is not ripe. Defendants further object because the Request is not proportional to the needs of the case at this time given the pending Motion to Bifurcate. FED. R. CIV. P. 26(b)(1). Defendants object because the burden and expense of responding to the Request outweighs its likely benefit at this time. *Id.* Defendants also object because the Request, to the extent it seeks class discovery, is not relevant to Plaintiff's

claims. *Id.* Defendants further object because the Request, to the extent it seeks class discovery, will not resolve whether or not Plaintiff has viable claims. *Id. see* Defendants' Memorandum in Support of Motion to Bifurcate Individual and Class Discovery, ECF No. 30, and cases cited therein.

**RESPONSE:** Subject to the foregoing Objections, Defendants will produce responsive, non-privileged documents in their possession, custody, or control related to named Plaintiff Samuel Katz, if any.

14. All documents concerning any communication between Liberty Power and Mezzi Marketing, LLC (and/or Mezzi's agents, partners, attorneys, servants, employees, assignees, affiliates, and/or anyone acting for or on behalf of it, and/or any predecessor, successor, affiliate, subsidiary, parent or related corporation, partnership or entity, and/or anyone acting for or on behalf of any such subsidiary, related corporation, parent, partnership, entity, or natural person) since September 8, 2016 concerning Liberty Power disciplining or terminating Mezzi Marketing, LLC, and/or training and/or compliance with 47 U.S.C. § 227, 47 C.F.R. § 64.1200, 16 C.F.R. part 310, or any state law which regulates telemarketing, unwanted or deceptive calls to consumers, during the class period, including by way of example (but without limitation) communications concerning any calls to Samuel Katz communications concerning any request to be placed on any do-not call list maintained by Liberty Power, communications about Liberty Power training or terminating Mezzi Marketing, LLC, call records that Mezzi Marketing, LLC produced to Liberty Power, and/or spoofed calls by Mezzi Marketing, LLC).

**SPECIFIC OBJECTION:** Defendants object to the Request because they will be filing a motion to bifurcate individual and class discovery, similar to the one previously filed, ECF No. 29. Thus, this Request for class discovery is not ripe. Defendants further object because the Request is not proportional to the needs of the case at this time given the pending Motion to Bifurcate. FED. R. CIV. P. 26(b)(1). Defendants object because the burden and expense of responding to the Request outweighs its likely benefit at this time. *Id.* Defendants also object because the Request, to the extent it seeks class discovery, is not relevant to Plaintiff's claims. *Id.* Defendants further object because the Request, to the extent it seeks class discovery, will not resolve whether or not Plaintiff has viable claims. *Id. see* Defendants'

Memorandum in Support of Motion to Bifurcate Individual and Class Discovery, ECF No. 30, and cases cited therein. Defendants object to this Request as vague and compound; Defendants cannot surmise what Plaintiff seeks with this 168 word Request.

**RESPONSE:** Subject to the foregoing Objections, Defendants will produce responsive, non-privileged documents in their possession, custody, or control related to named Plaintiff Samuel Katz, if any.

15. All documents concerning the operation and maintenance of any software or computer system which Liberty Power used to communicate with Liberty Power's Telesales Channels regarding (a) contact information of Liberty Power's potential and/or prospective residential customers and/or (b) calls to Liberty Power's potential and/or prospective residential customers, including, by way of example, but without limitation, instruction manuals, operation manuals, training manuals, sales brochures, marketing materials, licensing agreements, the written policies and procedures regarding the operation of such software, and/or communications reflecting unwritten policies and procedures regarding the operation of such software.

**SPECIFIC OBJECTION:** Defendants object to the Request because they will be filing a motion to bifurcate individual and class discovery, similar to the one previously filed, ECF No. 29. Thus, this Request for class discovery is not ripe. Defendants further object because the Request is not proportional to the needs of the case at this time given the pending Motion to Bifurcate. FED. R. CIV. P. 26(b)(1). Defendants object because the burden and expense of responding to the Request outweighs its likely benefit at this time. *Id.* Defendants also object because the Request, to the extent it seeks class discovery, is not relevant to Plaintiff's claims. *Id.* Defendants further object because the Request, to the extent it seeks class discovery, will not resolve whether or not Plaintiff has viable claims. *Id. see* Defendants' Memorandum in Support of Motion to Bifurcate Individual and Class Discovery, ECF No. 30, and cases cited therein.

For example, documents concerning the operation and maintenance of any software or computer system which Liberty Power used to communicate with Liberty Power's Telesales Channels are not in any way relevant to Plaintiff's claims, and will not in any way resolve Plaintiff's claims, that the Defendants called him using an artificial / prerecorded voice (First Am. Compl. ¶ 55), whether or not Plaintiff Katz is on the National do-not-call list (First Am. Compl. ¶¶ 52, 56), whether orr not Plaintiff Katz consented to receive calls from the Defendants (First Am. Compl. ¶¶ 50 53), whether or not Plaintiff had an established business relationship with the Defendants (First Am. Compl. ¶¶ 81), and whether or not Liberty Power complied with 47 C.F.R. 61.1200(d) (First Am. Compl. ¶¶ 89, 90, 91).

Defendants also object to the extent responsive non-privileged documents are not in their custody, possession or control. Defendants object to this Request as not proportional to the needs of the case and overly broad because it would encompass manuals and license agreements for Microsoft outlook. Defendants will not produce documents responsive to this Request.

16. All webpages and/or screenshots sufficient to show the different functions, operations, functionalities, capacities, or capabilities of enroll.libertypowercorp.com that are accessible to Liberty Power's Telesales Channels.

**SPECIFIC OBJECTION:** Defendants object because the Request is not proportional to the needs of the case at this time given the pending Motion to Bifurcate. FED. R. CIV. P. 26(b)(1). Defendants object because the burden and expense of responding to the Request outweighs its likely benefit at this time. *Id.* Defendants also object because the Request is not relevant to Plaintiff's claims. *Id.* Defendants further object because the Request will not resolve whether or not Plaintiff has viable claims. *Id. see* Defendants' Memorandum in Support of Motion to Bifurcate Individual and Class Discovery, ECF No. 30, and cases cited therein.

For example, documents concerning what are accessible to Liberty Power's Telesales Channels are not in any way relevant to Plaintiff's claims, and will not in any way resolve Plaintiff's claims, that the Defendants called him using an artificial / prerecorded voice (First Am. Compl. ¶ 55), whether or not Plaintiff Katz is on the National do-not-call list (First Am. Compl. ¶¶ 52, 56), whether orr not Plaintiff Katz consented to receive calls from the Defendants (First Am. Compl. ¶¶ 50 53), whether or not Plaintiff had an established business relationship with the Defendants (First Am. Compl. ¶¶ 81), and whether or not Liberty Power complied with 47 C.F.R. 61.1200(d) (First Am. Compl. ¶¶ 89, 90, 91). Defendants also object to the extent responsive non-privileged documents are not in their possession, custody or control. Defendants will not produce documents responsive to this Request.

17. All agreements and/or contracts between Liberty Power and its Telesales Channels (including any exhibits, amendments, or any other attachments) which were effective during the class period.

**SPECIFIC OBJECTION:** Defendants object to the Request because they will be filing a motion to bifurcate individual and class discovery, similar to the one previously filed, ECF No. 29. Thus, this Request for class discovery is not ripe. Defendants further object because the Request is not proportional to the needs of the case at this time given the pending Motion to Bifurcate. FED. R. CIV. P. 26(b)(1). Defendants object because the burden and expense of responding to the Request outweighs its likely benefit at this time. *Id.* Defendants also object because the Request, to the extent it seeks class discovery, is not relevant to Plaintiff's claims.

*Id.* Defendants further object because the Request, to the extent it seeks class discovery, will not resolve whether or not Plaintiff has viable claims. *Id. see* Defendants' Memorandum in Support of Motion to Bifurcate Individual and Class Discovery, ECF No. 30, and cases cited therein.

For example, agreements and/or contracts between Liberty Power and its Telesales Channels are not in any way relevant to Plaintiff's claims, and will not in any way resolve Plaintiff's claims, that the Defendants called him using an artificial / prerecorded voice (First Am. Compl. ¶ 55), whether or not Plaintiff Katz is on the National do-not-call list (First Am. Compl. ¶¶ 52, 56), whether orr not Plaintiff Katz consented to receive calls from the Defendants (First Am. Compl. ¶¶ 50 53), whether or not Plaintiff had an established business relationship with the Defendants (First Am. Compl. ¶¶ 81), and whether or not Liberty Power complied with 47 C.F.R. 61.1200(d) (First Am. Compl. ¶¶ 89, 90, 91).

**RESPONSE:** Defendants refer Plaintiff to ECF Nos. 28-1 and 28-2 and Defendant's response to Request No. 49. Defendants will not further produce documents responsive to this Request.

18. All documents containing any policy which required, prompted, applied to, controlled, or governed Liberty Power procuring, retaining, or qualifying Liberty Power's Telesales Channels during the class period.

**SPECIFIC OBJECTION:** Defendants object to the Request because they will be filing a motion to bifurcate individual and class discovery, similar to the one previously filed, ECF No. 29. Thus, this Request for class discovery is not ripe. Defendants further object because the Request is not proportional to the needs of the case at this time given the pending Motion to Bifurcate. FED. R. CIV. P. 26(b)(1). Defendants object because the burden and expense of responding to the Request outweighs its likely benefit at this time. *Id.* Defendants also object because the Request, to the extent it seeks class discovery, is not relevant to Plaintiff's claims. *Id.* Defendants further object because the Request, to the extent it seeks class discovery, will not resolve whether or not Plaintiff has viable claims. *Id. see* Defendants' Memorandum in Support of Motion to Bifurcate Individual and Class Discovery, ECF No. 30, and cases cited therein.

For example, documents regarding procuring and retaining Liberty Power's Telesales Channels are not in any way relevant to Plaintiff's claims, and will not in any way resolve Plaintiff's claims, that the Defendants called him using an artificial / prerecorded voice (First Am. Compl. ¶ 55), whether or not Plaintiff Katz is on the National do-not-call list (First Am. Compl. ¶¶ 52, 56), whether or not Plaintiff Katz consented to receive calls from the Defendants (First Am. Compl. ¶¶ 50 53), whether or not Plaintiff had an established business relationship with the Defendants (First Am. Compl. ¶ 81), and whether or not Liberty Power complied with 47 C.F.R. 61.1200(d) (First Am. Compl. ¶¶ 126-133). Defendants will not produce documents responsive to this Request.

19. All documents exchanged by Liberty Power and any person or company in the course of such person or company applying to become one of Liberty Power's Telesales Channels during the class period. Subject to demonstration with specific detail of burden of producing responsive documents and capabilities of Liberty Power's information systems, Plaintiff may consider accepting a selected subset or sampling of responsive documents based on specific criteria (like particular Telesales Channels, time period(s), and/or specific activities like termination or payment) to which Plaintiff may agree).

**SPECIFIC OBJECTION:** Defendants object to the Request because they will be filing a motion to bifurcate individual and class discovery, similar to the one previously filed, ECF No. 29. Thus, this Request for class discovery is not ripe. Defendants further object because the Request is not proportional to the needs of the case at this time given the pending Motion to Bifurcate. FED. R. CIV. P. 26(b)(1). Defendants object because the burden and expense of responding to the Request outweighs its likely benefit at this time. *Id.* Defendants also object because the Request, to the extent it seeks class discovery, is not relevant to Plaintiff's claims. *Id.* Defendants further object because the Request, to the extent it seeks class discovery, will not resolve whether or not Plaintiff has viable claims. *Id. see* Defendants' Memorandum in Support of Motion to Bifurcate Individual and Class Discovery, ECF No. 30, and cases cited therein.

For example, documents exchanged by Liberty Power and any person or company in the course of such person or company applying to become one of Liberty Power's Telesales are not in any way relevant to Plaintiff's claims, and will not in any way resolve Plaintiff's claims, that the Defendants called him using an artificial / prerecorded voice (First Am. Compl. ¶ 55), whether or not Plaintiff Katz is on the National do-not-call list (First Am. Compl. ¶¶ 52, 56), whether or not Plaintiff Katz consented to receive calls from the Defendants (First Am. Compl. ¶¶ 50 53), whether or not Plaintiff had an established business relationship with the Defendants (First Am. Compl. ¶ 81), and whether or not Liberty Power complied with 47 C.F.R. 61.1200(d) (First Am. Compl. ¶¶ 126-133).

Plaintiff tacitly acknowledges the above objections have merit because Plaintiff, without receipt of any objections, is already willing to consider accepting a subset of data (subject to Plaintiff's self-imposed and arbitrary parameters). Defendants will not produce documents responsive to this Request.

20. All documents generated by Liberty Power in the course of any person or company applying to become one of Liberty Power's Telesales Channels during the class period. Subject to demonstration with specific detail of burden of producing responsive documents

and capabilities of Liberty Power's information systems, Plaintiff may consider accepting a selected subset or sampling of responsive documents based on specific criteria (like particular Telesales Channels, time period(s), and/or specific activities like termination or payment) to which Plaintiff may agree).

**SPECIFIC OBJECTION:** Defendants object to the Request because they will be filing a motion to bifurcate individual and class discovery, similar to the one previously filed, ECF No. 29. Thus, this Request for class discovery is not ripe. Defendants further object because the Request is not proportional to the needs of the case at this time given the pending Motion to Bifurcate. FED. R. CIV. P. 26(b)(1). Defendants object because the burden and expense of responding to the Request outweighs its likely benefit at this time. *Id.* Defendants also object because the Request, to the extent it seeks class discovery, is not relevant to Plaintiff's claims. *Id.* Defendants further object because the Request, to the extent it seeks class discovery, will not resolve whether or not Plaintiff has viable claims. *Id. see* Defendants' Memorandum in Support of Motion to Bifurcate Individual and Class Discovery, ECF No. 30, and cases cited therein.

For example, documents generated by Liberty Power in the course of any person or company applying to become one of Liberty Power's Telesales Channels are not in any way relevant to Plaintiff's claims, and will not in any way resolve Plaintiff's claims, that the Defendants called him using an artificial / prerecorded voice (First Am. Compl. ¶ 55), whether or not Plaintiff Katz is on the National do-not-call list (First Am. Compl. ¶¶ 52, 56), whether or not Plaintiff Katz consented to receive calls from the Defendants (First Am. Compl. ¶¶ 50 53), whether or not Plaintiff had an established business relationship with the Defendants (First Am. Compl. ¶ 81), and whether or not Liberty Power complied with 47 C.F.R. 61.1200(d) (First Am. Compl. ¶¶ 126-133).

Plaintiff tacitly acknowledges the above objections have merit because Plaintiff, without receipt of any objections, is already willing to consider accepting a subset of data (subject to Plaintiff's self-imposed and arbitrary parameters).

**RESPONSE:** Subject to the foregoing Objections, Defendants will produce responsive, non-privileged documents in their possession, custody, or control related to named Plaintiff Samuel Katz, if any.

21. All documents containing any policy which required, prompted, applied to, controlled, or governed onboarding, training, coaching, disciplining, suspending, or terminating Liberty Power's Telesales Channels during the class period.

**SPECIFIC OBJECTION:** Defendants object to the Request because they will be filing a motion to bifurcate individual and class discovery, similar to the one previously filed, ECF No.

29. Thus, this Request for class discovery is not ripe. Defendants further object because the Request is not proportional to the needs of the case at this time given the pending Motion to Bifurcate. FED. R. CIV. P. 26(b)(1). Defendants object because the burden and expense of responding to the Request outweighs its likely benefit at this time. *Id.* Defendants also object because the Request, to the extent it seeks class discovery, is not relevant to Plaintiff's claims. *Id.* Defendants further object because the Request, to the extent it seeks class discovery, will not resolve whether or not Plaintiff has viable claims. *Id. see* Defendants' Memorandum in Support of Motion to Bifurcate Individual and Class Discovery, ECF No. 30, and cases cited therein.

For example, documents containing any policy which required, prompted, applied to, controlled, or governed onboarding, training, coaching, disciplining, suspending, or terminating Liberty Power's Telesales Channels are not in any way relevant to Plaintiff's claims, and will not in any way resolve Plaintiff's claims, that the Defendants called him using an artificial / prerecorded voice (First Am. Compl. ¶ 55), whether or not Plaintiff Katz is on the National do-not-call list (First Am. Compl. ¶¶ 52, 56), whether or not Plaintiff Katz consented to receive calls from the Defendants (First Am. Compl. ¶¶ 50 53), whether or not Plaintiff had an established business relationship with the Defendants (First Am. Compl. ¶ 81), and whether or not Liberty Power complied with 47 C.F.R. 61.1200(d) (First Am. Compl. ¶¶ 126-133). Defendants will not produce documents responsive to this Request.

22. All documents exchanged by Liberty Power and Liberty Power's Telesales Channels in the course of onboarding or training Liberty Power's Telesales Channels during the class period. Subject to demonstration with specific detail of burden of producing responsive documents and capabilities of Liberty Power's information systems, Plaintiff may consider accepting a selected subset or sampling of responsive documents based on specific criteria (like particular Telesales Channels, time period(s), and/or specific activities like termination or payment) to which Plaintiff may agree).

**SPECIFIC OBJECTION:** Defendants object to the Request because they will be filing a motion to bifurcate individual and class discovery, similar to the one previously filed, ECF No. 29. Thus, this Request for class discovery is not ripe. Defendants further object because the Request is not proportional to the needs of the case at this time given the pending Motion to Bifurcate. FED. R. CIV. P. 26(b)(1). Defendants object because the burden and expense of responding to the Request outweighs its likely benefit at this time. *Id.* Defendants also object because the Request, to the extent it seeks class discovery, is not relevant to Plaintiff's claims. *Id.* Defendants further object because the Request, to the extent it seeks class discovery, will not resolve whether or not Plaintiff has viable claims. *Id. see* Defendants' Memorandum in Support of Motion to Bifurcate Individual and Class Discovery, ECF No. 30, and cases cited therein.

For example, documents exchanged by Liberty Power and Liberty Power's Telesales Channels in the course of onboarding or training Liberty Power's Telesales Channels are not in any way relevant to Plaintiff's claims, and will not in any way resolve Plaintiff's claims, that the Defendants called him using an artificial / prerecorded voice (First Am. Compl. ¶ 55), whether or not Plaintiff Katz is on the National do-not-call list (First Am. Compl. ¶¶ 52, 56), whether or not Plaintiff Katz consented to receive calls from the Defendants (First Am. Compl. ¶¶ 50 53), whether or not Plaintiff had an established business relationship with the Defendants (First Am. Compl. ¶ 81), and whether or not Liberty Power complied with 47 C.F.R. 61.1200(d) (First Am. Compl. ¶¶ 126-133).

Plaintiff tacitly acknowledges the above objections have merit because Plaintiff, without receipt of any objections, is already willing to consider accepting a subset of data (subject to Plaintiff's self-imposed and arbitrary parameters). Defendants will not produce documents responsive to this Request.

23. All documents exchanged by Liberty Power and Liberty Power's Telesales Channels in the course of coaching, disciplining, suspending, or terminating Liberty Power's Telesales Channels during the class period.

**SPECIFIC OBJECTION:** Defendants object to the Request because they will be filing a motion to bifurcate individual and class discovery, similar to the one previously filed, ECF No. 29. Thus, this Request for class discovery is not ripe. Defendants further object because the Request is not proportional to the needs of the case at this time given the pending Motion to Bifurcate. FED. R. CIV. P. 26(b)(1). Defendants object because the burden and expense of responding to the Request outweighs its likely benefit at this time. *Id.* Defendants also object because the Request, to the extent it seeks class discovery, is not relevant to Plaintiff's claims. *Id.* Defendants further object because the Request, to the extent it seeks class discovery, will not resolve whether or not Plaintiff has viable claims. *Id. see* Defendants' Memorandum in Support of Motion to Bifurcate Individual and Class Discovery, ECF No. 30, and cases cited therein.

For example, documents exchanged by Liberty Power and Liberty Power's Telesales Channels in the course of onboarding or training Liberty Power's Telesales Channels are not in any way relevant to Plaintiff's claims, and will not in any way resolve Plaintiff's claims, that the Defendants called him using an artificial / prerecorded voice (First Am. Compl. ¶ 55), whether or not Plaintiff Katz is on the National do-not-call list (First Am. Compl. ¶¶ 52, 56), whether or not Plaintiff Katz consented to receive calls from the Defendants (First Am. Compl. ¶¶ 50 53), whether or not Plaintiff had an established business relationship with the Defendants (First Am. Compl. ¶ 81), and whether or not Liberty Power complied with 47 C.F.R. 61.1200(d) (First Am. Compl. ¶¶ 126-133).

**RESPONSE:** Subject to the foregoing Objections, see documents responsive to Request No. 27.

24. Subject to demonstration with specific detail of burden of producing responsive documents and capabilities of Liberty Power's information systems, Plaintiff may consider accepting a selected subset or sampling of responsive documents based on specific criteria (like particular Telesales Channels, time period(s), and/or specific activities like termination or payment) to which Plaintiff may agree).

**SPECIFIC OBJECTION:** Defendants object to this request because it is non-responsive. Defendants object to this request because it is vague and Defendants are unable to ascertain what documents Plaintiff seeks. Defendants will not produce documents responsive to this Request.

25. All documents generated by Liberty Power in the course of coaching, disciplining, suspending, or terminating Liberty Power's Telesales Channels during the class period. Subject to demonstration with specific detail of burden of producing responsive documents and capabilities of Liberty Power's information systems, Plaintiff may consider accepting a selected subset or sampling of responsive documents based on specific criteria (like particular Telesales Channels, time period(s), and/or specific activities like termination or payment) to which Plaintiff may agree).

**SPECIFIC OBJECTION:** Defendants object to the Request because they will be filing a motion to bifurcate individual and class discovery, similar to the one previously filed, ECF No. 29. Thus, this Request for class discovery is not ripe. Defendants further object because the Request is not proportional to the needs of the case at this time given the pending Motion to Bifurcate. FED. R. CIV. P. 26(b)(1). Defendants object because the burden and expense of responding to the Request outweighs its likely benefit at this time. *Id.* Defendants also object because the Request, to the extent it seeks class discovery, is not relevant to Plaintiff's claims. *Id.* Defendants further object because the Request, to the extent it seeks class discovery, will not resolve whether or not Plaintiff has viable claims. *Id. see* Defendants' Memorandum in Support of Motion to Bifurcate Individual and Class Discovery, ECF No. 30, and cases cited therein.

For example, documents exchanged by Liberty Power and Liberty Power's Telesales Channels in the course of onboarding or training Liberty Power's Telesales Channels are not in any way relevant to Plaintiff's claims, and will not in any way resolve Plaintiff's claims, that the Defendants called him using an artificial / prerecorded voice (First Am. Compl. ¶ 55), whether or not Plaintiff Katz is on the National do-not-call list (First Am. Compl. ¶¶ 52, 56), whether or

not Plaintiff Katz consented to receive calls from the Defendants (First Am. Compl. ¶¶ 50 53), whether or not Plaintiff had an established business relationship with the Defendants (First Am. Compl. ¶ 81), and whether or not Liberty Power complied with 47 C.F.R. 61.1200(d) (First Am. Compl. ¶¶ 126-133).

Plaintiff tacitly acknowledges the above objections have merit because Plaintiff, without receipt of any objections, is already willing to consider accepting a subset of data (subject to Plaintiff's self-imposed and arbitrary parameters).

**RESPONSE:** Subject to the foregoing Objections, see documents responsive to Request No. 27.

26. All documents exchanged by Liberty Power and Liberty Power's Telesales Channels in the course of coaching, disciplining, suspending, or terminating Liberty Power's Telesales Channels during the class period. Subject to demonstration with specific detail of burden of producing responsive documents and capabilities of Liberty Power's information systems, Plaintiff may consider accepting a selected subset or sampling of responsive documents based on specific criteria (like particular Telesales Channels, time period(s), and/or specific activities like termination or payment) to which Plaintiff may agree).

**SPECIFIC OBJECTION:** Defendants object to the Request because they will be filing a motion to bifurcate individual and class discovery, similar to the one previously filed, ECF No. 29. Thus, this Request for class discovery is not ripe. Defendants further object because the Request is not proportional to the needs of the case at this time given the pending Motion to Bifurcate. FED. R. CIV. P. 26(b)(1). Defendants object because the burden and expense of responding to the Request outweighs its likely benefit at this time. *Id.* Defendants also object because the Request, to the extent it seeks class discovery, is not relevant to Plaintiff's claims. *Id.* Defendants further object because the Request, to the extent it seeks class discovery, will not resolve whether or not Plaintiff has viable claims. *Id. see* Defendants' Memorandum in Support of Motion to Bifurcate Individual and Class Discovery, ECF No. 30, and cases cited therein.

For example, documents exchanged by Liberty Power and Liberty Power's Telesales Channels in the course of coaching, disciplining, suspending, or terminating Liberty Power's Telesales Channels during the class period are not in any way relevant to Plaintiff's claims, and will not in any way resolve Plaintiff's claims, that the Defendants called him using an artificial / prerecorded voice (First Am. Compl. ¶ 55), whether or not Plaintiff Katz is on the National do-not-call list (First Am. Compl. ¶¶ 52, 56), whether or not Plaintiff Katz consented to receive calls from the Defendants (First Am. Compl. ¶¶ 50 53), whether or not Plaintiff had an established business relationship with the Defendants (First Am. Compl. ¶ 81), and whether or not Liberty Power complied with 47 C.F.R. 61.1200(d) (First Am. Compl. ¶¶ 126-133).

Plaintiff tacitly acknowledges the above objections have merit because Plaintiff, without receipt of any objections, is already willing to consider accepting a subset of data (subject to Plaintiff's self-imposed and arbitrary parameters). Defendants further object to the Request to the extent it seeks documents protected by the attorney-client privilege. For example, Defendants' in house counsel may have communicated with Defendants' employees, and vice-versa, regarding coaching, disciplining, suspending, or terminating Liberty Power's Telesales. Such documents would be privileged.

**RESPONSE:** Subject to the foregoing Objections, see documents responsive to Request No. 27.

27. All documents generated by Liberty Power in the course of coaching, disciplining, suspending, or terminating Liberty Power's Telesales Channels during the class period. Subject to demonstration with specific detail of burden of producing responsive documents and capabilities of Liberty Power's information systems, Plaintiff may consider accepting a selected subset or sampling of responsive documents based on specific criteria (like particular Telesales Channels, time period(s), and/or specific activities like termination or payment) to which Plaintiff may agree).

**SPECIFIC OBJECTION:** Defendants object to the Request because they will be filing a motion to bifurcate individual and class discovery, similar to the one previously filed, ECF No. 29. Thus, this Request for class discovery is not ripe. Defendants further object because the Request is not proportional to the needs of the case at this time given the pending Motion to Bifurcate. FED. R. CIV. P. 26(b)(1). Defendants object because the burden and expense of responding to the Request outweighs its likely benefit at this time. *Id.* Defendants also object because the Request, to the extent it seeks class discovery, is not relevant to Plaintiff's claims. *Id.* Defendants further object because the Request, to the extent it seeks class discovery, will not resolve whether or not Plaintiff has viable claims. *Id. see* Defendants' Memorandum in Support of Motion to Bifurcate Individual and Class Discovery, ECF No. 30, and cases cited therein.

For example, documents generated by Liberty Power in the course of coaching, disciplining, suspending, or terminating Liberty Power's Telesales Channels during the class period are not in any way relevant to Plaintiff's claims, and will not in any way resolve Plaintiff's claims, that the Defendants called him using an artificial / prerecorded voice (First Am. Compl. ¶ 55), whether or not Plaintiff Katz is on the National do-not-call list (First Am. Compl. ¶¶ 52, 56), whether or not Plaintiff Katz consented to receive calls from the Defendants

(First Am. Compl. ¶¶ 50 53), whether or not Plaintiff had an established business relationship with the Defendants (First Am. Compl. ¶ 81), and whether or not Liberty Power complied with 47 C.F.R. 61.1200(d) (First Am. Compl. ¶¶ 126-133).

Plaintiff tacitly acknowledges the above objections have merit because Plaintiff, without receipt of any objections, is already willing to consider accepting a subset of data (subject to Plaintiff's self-imposed and arbitrary parameters). Defendants further object to the Request to the extent it seeks documents protected by the attorney-client privilege. For example, Defendants' in house counsel may have communicated with Defendants' employees, and vice-versa, regarding coaching, disciplining, suspending, or terminating Liberty Power's Telesales. Such documents would be privileged.

**RESPONSE:** Subject to the foregoing Objections, Defendants will produce responsive, non-privileged documents in their possession, custody, or control related to named Plaintiff Samuel Katz, if any.

28. All documents containing any policy which required, prompted, applied to, controlled, or governed the disposition of leads and/or calls as Do Not Call and/or Do Not Contact.

**SPECIFIC OBJECTION:** Defendants object to the Request because they will be filing a motion to bifurcate individual and class discovery, similar to the one previously filed, ECF No. 29. Thus, this Request for class discovery is not ripe. Defendants further object because the Request for four years of various iterations of policies or drafts thereof, and, for example, any emails concerning those policies is not proportional to the needs of the case at this time given the pending Motion to Bifurcate. FED. R. CIV. P. 26(b)(1). Defendants object because the burden and expense of responding to the Request outweighs its likely benefit at this time. *Id.* Defendants further object to the extent the Request calls for material protected by the attorney-client privilege or work product doctrine. For example, Defendants may have consulted with outside counsel to draft a policy, or Defendants' in house counsel may have circulated drafts internally, both of which would be privileged.

**RESPONSE:** Subject to the foregoing Objections, Defendants will produce responsive, non-privileged documents in their possession, custody, or control related to named Plaintiff Samuel Katz, if any.

29. All documents containing any policy which required, prompted, applied to, controlled, or governed providing contact information of Liberty Power's potential and/or prospective customers to Liberty Power's Telesales Channels during the class period.

**SPECIFIC OBJECTION:** Defendants object to the Request because they will be filing a motion to bifurcate individual and class discovery, similar to the one previously filed, ECF No.

29. Thus, this Request for class discovery is not ripe. Defendants further object because the Request for four years of various iterations of policies or drafts thereof, and, for example, any emails concerning those policies is not proportional to the needs of the case at this time given the pending Motion to Bifurcate. FED. R. CIV. P. 26(b)(1). Defendants object because the burden and expense of responding to the Request outweighs its likely benefit at this time. *Id.* Defendants further object to the extent the Request calls for material protected by the attorney-client privilege or work product doctrine. For example, Defendants may have consulted with outside counsel to draft a policy, or Defendants' in house counsel may have circulated drafts internally, both of which would be privileged. Defendants will not produce documents responsive to this Request.

30. All documents generated by Liberty Power in the course of providing contact information of Liberty Power's potential and/or prospective customers to Liberty Power's Telesales Channels during the class period. Subject to demonstration with specific detail of burden of producing responsive documents and capabilities of Liberty Power's information systems, Plaintiff may consider accepting a selected subset or sampling of responsive documents based on specific criteria (like particular Telesales Channels, time period(s), and/or specific activities like termination or payment) to which Plaintiff may agree).

**SPECIFIC OBJECTION:** Defendants object to the Request because they will be filing a motion to bifurcate individual and class discovery, similar to the one previously filed, ECF No. 29. Thus, this Request for class discovery is not ripe. Defendants further object because the Request for four years of various iterations of policies or drafts thereof, and, for example, any emails concerning those policies is not proportional to the needs of the case at this time given the pending Motion to Bifurcate. FED. R. CIV. P. 26(b)(1). Defendants object because the burden and expense of responding to the Request outweighs its likely benefit at this time. *Id.* Defendants further object to the extent the Request calls for material protected by the attorney-client privilege or work product doctrine. For example, Defendants may have consulted with outside counsel to draft a policy, or Defendants' in house counsel may have circulated drafts internally, both of which would be privileged.

Plaintiff tacitly acknowledges the above objections have merit because Plaintiff, without receipt of any objections, is already willing to consider accepting a subset of data (subject to Plaintiff's self-imposed and arbitrary parameters). Defendants will not produce documents responsive to this Request.

31. All documents containing any policy which required, prompted, applied to, controlled, or governed receiving, collecting, processing, reviewing, analyzing or maintaining documents from Liberty Power's Telesales Channels during the class period.

**SPECIFIC OBJECTION:** Defendants object to the Request because they will be filing a motion to bifurcate individual and class discovery, similar to the one previously filed, ECF No. 29. Thus, this Request for class discovery is not ripe. Defendants further object because the Request for four years of various iterations of policies or drafts thereof, and, for example, any emails concerning those policies is not proportional to the needs of the case at this time given the pending Motion to Bifurcate. FED. R. CIV. P. 26(b)(1). Defendants object because the burden and expense of responding to the Request outweighs its likely benefit at this time. *Id.* Defendants further object to the extent the Request calls for material protected by the attorney-client privilege or work product doctrine. For example, Defendants may have consulted with outside counsel to draft a policy, or Defendants' in house counsel may have circulated drafts internally, both of which would be privileged. Defendants further object to the extent responsive, non-privileged documents are not in their possession, custody or control.

Specifically, documents regarding Telesales Channels' retention policies are not in any way relevant to Plaintiff's claims, and will not in any way resolve Plaintiff's claims, that the Defendants called him using an artificial / prerecorded voice (First Am. Compl. ¶ 55), whether or not Plaintiff Katz is on the National do-not-call list (First Am. Compl. ¶¶ 52, 56), whether or not Plaintiff Katz consented to receive calls from the Defendants (First Am. Compl. ¶¶ 50 53), whether or not Plaintiff had an established business relationship with the Defendants (First Am. Compl. ¶ 81), and whether or not Liberty Power complied with 47 C.F.R. 61.1200(d) (First Am. Compl. ¶¶ 126-133). Defendants will not produce documents responsive to this Request.

32. All documents exchanged by Liberty Power and Liberty Power's Telesales Channels in the course of receiving, collecting, processing, reviewing, analyzing or maintaining documents from Liberty Power's Telesales Channels during the class period. Subject to demonstration with specific detail of burden of producing responsive documents and capabilities of Liberty Power's information systems, Plaintiff may consider accepting a selected subset or sampling of responsive documents based on specific criteria (like particular Telesales Channels, time period(s), and/or specific activities like termination or payment) to which Plaintiff may agree).

**SPECIFIC OBJECTION:** Defendants object to the Request because they will be filing a motion to bifurcate individual and class discovery, similar to the one previously filed, ECF No.

29. Thus, this Request for class discovery is not ripe. Defendants further object because the Request is not proportional to the needs of the case at this time given the pending Motion to Bifurcate. FED. R. CIV. P. 26(b)(1). Defendants object because the burden and expense of responding to the Request outweighs its likely benefit at this time. *Id.* Defendants also object because the Request, to the extent it seeks class discovery, is not relevant to Plaintiff's claims. *Id.* Defendants further object because the Request, to the extent it seeks class discovery, will not resolve whether or not Plaintiff has viable claims. *Id. see* Defendants' Memorandum in Support of Motion to Bifurcate Individual and Class Discovery, ECF No. 30, and cases cited therein. Defendants further object to the extent responsive, non-privileged documents are not in their possession, custody or control.

Specifically, documents exchanged regarding Telesales Channels' retention policies are not in any way relevant to Plaintiff's claims, and will not in any way resolve Plaintiff's claims, that the Defendants called him using an artificial / prerecorded voice (First Am. Compl. ¶ 55), whether or not Plaintiff Katz is on the National do-not-call list (First Am. Compl. ¶¶ 52, 56), whether or not Plaintiff Katz consented to receive calls from the Defendants (First Am. Compl. ¶¶ 50 53), whether or not Plaintiff had an established business relationship with the Defendants (First Am. Compl. ¶ 81), and whether or not Liberty Power complied with 47 C.F.R. 61.1200(d) (First Am. Compl. ¶¶ 126-133).

Plaintiff tacitly acknowledges the above objections have merit because Plaintiff, without receipt of any objections, is already willing to consider accepting a subset of data (subject to Plaintiff's self-imposed and arbitrary parameters). Defendants will not produce documents responsive to this Request.

33. All documents generated by Liberty Power in the course of receiving, collecting, processing, reviewing, analyzing or maintaining documents from Liberty Power's Telesales Channels during the class period. Subject to demonstration with specific detail of burden of producing responsive documents and capabilities of Liberty Power's information systems, Plaintiff may consider accepting a selected subset or sampling of responsive documents based on specific criteria (like particular Telesales Channels, time period(s), and/or specific activities like termination or payment) to which Plaintiff may agree).

**SPECIFIC OBJECTION:** Defendants object to the Request because they will be filing a motion to bifurcate individual and class discovery, similar to the one previously filed, ECF No. 29. Thus, this Request for class discovery is not ripe. Defendants further object because the Request is not proportional to the needs of the case at this time given the pending Motion to Bifurcate. FED. R. CIV. P. 26(b)(1). Defendants object because the burden and expense of responding to the Request outweighs its likely benefit at this time. *Id.* Defendants also object

because the Request, to the extent it seeks class discovery, is not relevant to Plaintiff's claims. *Id.* Defendants further object because the Request, to the extent it seeks class discovery, will not resolve whether or not Plaintiff has viable claims. *Id. see* Defendants' Memorandum in Support of Motion to Bifurcate Individual and Class Discovery, ECF No. 30, and cases cited therein.

Specifically, documents generated by Liberty Power while maintaining its Telesales Channels' documents are not in any way relevant to Plaintiff's claims, and will not in any way resolve Plaintiff's claims, that the Defendants called him using an artificial / prerecorded voice (First Am. Compl. ¶ 55), whether or not Plaintiff Katz is on the National do-not-call list (First Am. Compl. ¶¶ 52, 56), whether or not Plaintiff Katz consented to receive calls from the Defendants (First Am. Compl. ¶¶ 50 53), whether or not Plaintiff had an established business relationship with the Defendants (First Am. Compl. ¶ 81), and whether or not Liberty Power complied with 47 C.F.R. 61.1200(d) (First Am. Compl. ¶¶ 126-133).

Plaintiff tacitly acknowledges the above objections have merit because Plaintiff, without receipt of any objections, is already willing to consider accepting a subset of data (subject to Plaintiff's self-imposed and arbitrary parameters).

**RESPONSE:** Subject to the foregoing Objections, Defendants will produce responsive, non-privileged documents in their possession, custody, or control related to named Plaintiff Samuel Katz, if any.

34. All documents containing any policy which required, prompted, applied to, controlled, or governed paying Liberty Power's Telesales Channels during the class period, including by way of example but without limitation placing reserves on payments, withholding payments, and/or applying charge backs or credits.

**SPECIFIC OBJECTION:** Defendants object to the Request because they will be filing a motion to bifurcate individual and class discovery, similar to the one previously filed, ECF No. 29. Thus, this Request for class discovery is not ripe. Defendants further object because the Request for four years of various iterations of policies or drafts thereof, and, for example, any emails concerning those policies is not proportional to the needs of the case at this time given the pending Motion to Bifurcate. FED. R. CIV. P. 26(b)(1). Defendants object because the burden and expense of responding to the Request outweighs its likely benefit at this time. *Id.* Defendants further object to the extent the Request calls for material protected by the attorney-client privilege or work product doctrine. For example, Defendants may have consulted with outside counsel to draft a policy, or Defendants' in house counsel may have circulated drafts internally, both of which would be privileged. Defendants further object to the extent responsive, non-privileged documents are not in their possession, custody or control.

Specifically, documents regarding payment to its Telesales Channels' are not in any way relevant to Plaintiff's claims, and will not in any way resolve Plaintiff's claims, that the

Defendants called him using an artificial / prerecorded voice (First Am. Compl. ¶ 55), whether or not Plaintiff Katz is on the National do-not-call list (First Am. Compl. ¶¶ 52, 56), whether or not Plaintiff Katz consented to receive calls from the Defendants (First Am. Compl. ¶¶ 50 53), whether or not Plaintiff had an established business relationship with the Defendants (First Am. Compl. ¶ 81), and whether or not Liberty Power complied with 47 C.F.R. 61.1200(d) (First Am. Compl. ¶¶ 126-133).

Defendants will not produce documents responsive to this Request.

35. All documents generated by Liberty Power in the course of paying Liberty Power's Telesales Channels during the class period, including by way of example but without limitation placing reserves on payments, withholding payments, and/or applying charge backs or credits. Subject to demonstration with specific detail of burden of producing responsive documents and capabilities of Liberty Power's information systems, Plaintiff may consider accepting a selected subset or sampling of responsive documents based on specific criteria (like particular Telesales Channels, time period(s), and/or specific activities like termination or payment) to which Plaintiff may agree).

**SPECIFIC OBJECTION:** Defendants object to the Request because they will be filing a motion to bifurcate individual and class discovery, similar to the one previously filed, ECF No. 29. Thus, this Request for class discovery is not ripe. Defendants further object because the Request is not proportional to the needs of the case at this time given the pending Motion to Bifurcate. FED. R. CIV. P. 26(b)(1). Defendants object because the burden and expense of responding to the Request outweighs its likely benefit at this time. *Id.* Defendants also object because the Request, to the extent it seeks class discovery, is not relevant to Plaintiff's claims. *Id.* Defendants further object because the Request, to the extent it seeks class discovery, will not resolve whether or not Plaintiff has viable claims. *Id. see* Defendants' Memorandum in Support of Motion to Bifurcate Individual and Class Discovery, ECF No. 30, and cases cited therein.

Specifically, documents generated by Liberty Power regarding paying its Telesales Channels are not in any way relevant to Plaintiff's claims, and will not in any way resolve Plaintiff's claims, that the Defendants called him using an artificial / prerecorded voice (First Am. Compl. ¶ 55), whether or not Plaintiff Katz is on the National do-not-call list (First Am. Compl. ¶¶ 52, 56), whether or not Plaintiff Katz consented to receive calls from the Defendants (First Am. Compl. ¶¶ 50 53), whether or not Plaintiff had an established business relationship with the Defendants (First Am. Compl. ¶ 81), and whether or not Liberty Power complied with 47 C.F.R. 61.1200(d) (First Am. Compl. ¶¶ 126-133).

Plaintiff tacitly acknowledges the above objections have merit because Plaintiff, without receipt of any objections, is already willing to consider accepting a subset of data (subject to Plaintiff's self-imposed and arbitrary parameters).

**RESPONSE:** Subject to the foregoing Objections, Defendants will produce responsive, non-privileged documents in their possession, custody, or control related to named Plaintiff Samuel Katz, if any.

36. All manuals, memoranda, instructions and other documents which discuss, describe, or set forth standards, criteria, guidelines, policies, or practices concerning TCPA compliance, training, and/or risk management of Liberty Power's own employees, Telesales Channels, or telesales agents.

**SPECIFIC OBJECTION:** Defendants object to the Request because they will be filing a motion to bifurcate individual and class discovery, similar to the one previously filed, ECF No. 29. Thus, this Request for class discovery is not ripe. Defendants further object because the Request for four years of various iterations of policies or drafts thereof, and, for example, any emails concerning those policies is not proportional to the needs of the case at this time given the pending Motion to Bifurcate. FED. R. CIV. P. 26(b)(1). Defendants object because the burden and expense of responding to the Request outweighs its likely benefit at this time. *Id.* Defendants further object to the extent the Request calls for material protected by the attorney-client privilege or work product doctrine. For example, Defendants may have consulted with outside counsel to draft a policy, or Defendants' in house counsel may have circulated drafts internally, both of which would be privileged.

**RESPONSE:** Subject to the foregoing Objections, Defendants will produce responsive, non-privileged documents in their possession, custody, or control related to named Plaintiff Samuel Katz, if any.

37. All documents concerning the use of spoofed telephone numbers in calls to Liberty Power's potential and/or prospective residential customers, including any assertions, complaints, or allegations that Liberty Power's Telesales Channels used or may have used spoofed telephone numbers to call Liberty Power's potential and/or prospective residential customers.

**SPECIFIC OBJECTION:** Defendants object because the burden and expense of responding to the Request outweighs its likely benefit at this time. FED. R. CIV. P. 26(b)(1). Defendants object because the Request is not relevant to Plaintiff or class claims. *Id.* Defendants further object because the Request will not resolve whether or not Plaintiff or the class has viable claims. *Id.*

Specifically, documents regarding spoofed telephone numbers are not in any way relevant to Plaintiff or class claims, and will not in any way resolve Plaintiff's claims, that the Defendants called him using an artificial / prerecorded voice (First Am. Compl. ¶ 55), whether or not Plaintiff Katz is on the National do-not-call list (First Am. Compl. ¶¶ 52, 56), whether or not Plaintiff Katz consented to receive calls from the Defendants (First Am. Compl. ¶¶ 50 53), whether or not Plaintiff had an established business relationship with the Defendants (First Am. Compl. ¶ 81), and whether or not Liberty Power complied with 47 C.F.R. 61.1200(d) (First Am. Compl. ¶¶ 126-133). Defendants will not produce documents responsive to this Request.

38. All documents concerning Liberty Power's requests for call records from its Telesales Channels, including by way of example but without limitation Liberty Power's requests themselves, the telesales responses (including any call records), and any further communication about the requests.

**SPECIFIC OBJECTION:** Defendants object to the Request because they will be filing a motion to bifurcate individual and class discovery, similar to the one previously filed, ECF No. 29. Thus, this Request for class discovery is not ripe. Defendants further object because the Request is not proportional to the needs of the case at this time given the pending Motion to Bifurcate. FED. R. CIV. P. 26(b)(1). Defendants object because the burden and expense of responding to the Request outweighs its likely benefit at this time. *Id.* Defendants also object because the Request, to the extent it seeks class discovery, is not relevant to Plaintiff's claims. *Id.* Defendants further object because the Request, to the extent it seeks class discovery, will not resolve whether or not Plaintiff has viable claims. *Id. see* Defendants' Memorandum in Support of Motion to Bifurcate Individual and Class Discovery, ECF No. 30, and cases cited therein.

The production of documents concerning requests for all call records for all telesales channels from March 2014 to present would require tens if not hundreds of hours of Defendants' employee internal time (burden) and outside counsel time (expense) which is not proportional to the needs of this case at this time.

Specifically, documents concerning Liberty Power's requests for call records from its Telesales Channels are not in any way relevant to Plaintiff's claims, and will not in any way resolve Plaintiff's claims, that the Defendants called him using an artificial / prerecorded voice (First Am. Compl. ¶ 55), whether or not Plaintiff Katz is on the National do-not-call list (First Am. Compl. ¶¶ 52, 56), whether or not Plaintiff Katz consented to receive calls from the Defendants (First Am. Compl. ¶¶ 50 53), whether or not Plaintiff had an established business relationship with the Defendants (First Am. Compl. ¶ 81), and whether or not Liberty Power

complied with 47 C.F.R. 61.1200(d) (First Am. Compl. ¶¶ 126-133). Defendants will not produce documents responsive to this Request.

39. All telemarketing campaigns concerning calls made during the class period which are stored or maintained on enroll.libertypowercorp.com, or were stored or maintained on enroll.libertypowercorp.com.

**SPECIFIC OBJECTION:** Defendants object to the Request because they will be filing a motion to bifurcate individual and class discovery, similar to the one previously filed, ECF No. 29. Thus, this Request for class discovery is not ripe. Defendants further object because the Request is not proportional to the needs of the case at this time given the pending Motion to Bifurcate. FED. R. CIV. P. 26(b)(1). Defendants object because the burden and expense of responding to the Request outweighs its likely benefit at this time. *Id.* Defendants also object because the Request, to the extent it seeks class discovery, is not relevant to Plaintiff's claims. *Id.* Defendants further object because the Request, to the extent it seeks class discovery, will not resolve whether or not Plaintiff has viable claims. *Id. see* Defendants' Memorandum in Support of Motion to Bifurcate Individual and Class Discovery, ECF No. 30, and cases cited therein.

The production of documents concerning requests for all call records for all telesales channels from March 2014 to present would require tens if not hundreds of hours of Defendants' employee internal time (burden) and outside counsel time (expense) which is not proportional to the needs of this case at this time.

Specifically, documents concerning Liberty Power's requests for call records from its Telesales Channels are not in any way relevant to Plaintiff's claims, and will not in any way resolve Plaintiff's claims, that the Defendants called him using an artificial / prerecorded voice (First Am. Compl. ¶ 55), whether or not Plaintiff Katz is on the National do-not-call list (First Am. Compl. ¶¶ 52, 56), whether or not Plaintiff Katz consented to receive calls from the Defendants (First Am. Compl. ¶¶ 50 53), whether or not Plaintiff had an established business relationship with the Defendants (First Am. Compl. ¶ 81), and whether or not Liberty Power complied with 47 C.F.R. 61.1200(d) (First Am. Compl. ¶¶ 126-133). Defendants will not produce documents responsive to this Request.

40. All organization charts and personnel directories which identify Liberty Power's employees or agents who participated in communicating with Liberty Power's Telesales Channels regarding calls to Liberty Power's potential and/or prospective residential customers.

**SPECIFIC OBJECTION:** Defendants object because the burden and expense of responding to the Request outweighs its likely benefit at this time. FED. R. CIV. P. 26(b)(1). Defendants object because the Request is not relevant to Plaintiff or class claims. *Id.* Defendants further object because the Request will not resolve whether or not Plaintiff or the class has viable claims. *Id.*

Specifically, organization charts and personnel directories are not in any way relevant to Plaintiff or class claims, and will not in any way resolve Plaintiff's claims, that the Defendants called him using an artificial / prerecorded voice (First Am. Compl. ¶ 55), whether or not Plaintiff Katz is on the National do-not-call list (First Am. Compl. ¶¶ 52, 56), whether or not Plaintiff Katz consented to receive calls from the Defendants (First Am. Compl. ¶¶ 50 53), whether or not Plaintiff had an established business relationship with the Defendants (First Am. Compl. ¶ 81), and whether or not Liberty Power complied with 47 C.F.R. 61.1200(d) (First Am. Compl. ¶¶ 126-133). Defendants object because Defendants are not required to create documents that do not exist. Defendants will not produce documents responsive to this Request.

41. All organization charts and personnel directories which identify Liberty Power's employees or agents who participated in retaining, qualifying, or Liberty Power's Telesales Channels.

**SPECIFIC OBJECTION:** Defendants object because the burden and expense of responding to the Request outweighs its likely benefit at this time. FED. R. CIV. P. 26(b)(1). Defendants object because the Request is not relevant to Plaintiff or class claims. *Id.* Defendants further object because the Request will not resolve whether or not Plaintiff or the class has viable claims. *Id.*

Specifically, organization charts and personnel directories are not in any way relevant to Plaintiff or class claims, and will not in any way resolve Plaintiff's claims, that the Defendants called him using an artificial / prerecorded voice (First Am. Compl. ¶ 55), whether or not Plaintiff Katz is on the National do-not-call list (First Am. Compl. ¶¶ 52, 56), whether or not Plaintiff Katz consented to receive calls from the Defendants (First Am. Compl. ¶¶ 50 53), whether or not Plaintiff had an established business relationship with the Defendants (First Am. Compl. ¶ 81), and whether or not Liberty Power complied with 47 C.F.R. 61.1200(d) (First Am. Compl. ¶¶ 126-133). Defendants object because Defendants are not required to create documents that do not exist. Defendants will not produce documents responsive to this Request.

42. All organization charts and personnel directories which identify Liberty Power's employees or agents who participated in onboarding, training, coaching, or disciplining Liberty Power's Telesales Channels or their agents.

**SPECIFIC OBJECTION:** Defendants object because the burden and expense of responding to the Request outweighs its likely benefit at this time. FED. R. CIV. P. 26(b)(1). Defendants object

because the Request is not relevant to Plaintiff or class claims. *Id.* Defendants further object because the Request will not resolve whether or not Plaintiff or the class has viable claims. *Id.*

Specifically, organization charts and personnel directories are not in any way relevant to Plaintiff or class claims, and will not in any way resolve Plaintiff's claims, that the Defendants called him using an artificial / prerecorded voice (First Am. Compl. ¶ 55), whether or not Plaintiff Katz is on the National do-not-call list (First Am. Compl. ¶¶ 52, 56), whether or not Plaintiff Katz consented to receive calls from the Defendants (First Am. Compl. ¶¶ 50 53), whether or not Plaintiff had an established business relationship with the Defendants (First Am. Compl. ¶ 81), and whether or not Liberty Power complied with 47 C.F.R. 61.1200(d) (First Am. Compl. ¶¶ 126-133). Defendants object because Defendants are not required to create documents that do not exist. Defendants will not produce documents responsive to this Request.

43. All organization charts and personnel directories which identity Liberty Power's employees or agents who participated in providing contact information of potential and/or prospective residential customers that Liberty Power provided their Telesales Channels to call.

**SPECIFIC OBJECTION:** Defendants object because the burden and expense of responding to the Request outweighs its likely benefit at this time. FED. R. CIV. P. 26(b)(1). Defendants object because the Request is not relevant to Plaintiff or class claims. *Id.* Defendants further object because the Request will not resolve whether or not Plaintiff or the class has viable claims. *Id.*

Specifically, organization charts and personnel directories are not in any way relevant to Plaintiff or class claims, and will not in any way resolve Plaintiff's claims, that the Defendants called him using an artificial / prerecorded voice (First Am. Compl. ¶ 55), whether or not Plaintiff Katz is on the National do-not-call list (First Am. Compl. ¶¶ 52, 56), whether or not Plaintiff Katz consented to receive calls from the Defendants (First Am. Compl. ¶¶ 50 53), whether or not Plaintiff had an established business relationship with the Defendants (First Am. Compl. ¶ 81), and whether or not Liberty Power complied with 47 C.F.R. 61.1200(d) (First Am. Compl. ¶¶ 126-133). Defendants object because Defendants are not required to create documents that do not exist. Defendants will not produce documents responsive to this Request.

44. All organization charts and personnel directories which identify Liberty Power's employees or agents who participated in receiving, collecting, processing, reviewing, analyzing or maintaining documents from Liberty Power's Telesales Channels.

**SPECIFIC OBJECTION:** Defendants object because the burden and expense of responding to the Request outweighs its likely benefit at this time. FED. R. CIV. P. 26(b)(1). Defendants object because the Request is not relevant to Plaintiff or class claims. *Id.* Defendants further object because the Request will not resolve whether or not Plaintiff or the class has viable claims. *Id.*

Specifically, organization charts and personnel directories are not in any way relevant to Plaintiff or class claims, and will not in any way resolve Plaintiff or class claims, that the Defendants called him using an artificial / prerecorded voice (First Am. Compl. ¶ 55), whether or not Plaintiff Katz is on the National do-not-call list (First Am. Compl. ¶¶ 52, 56), whether or not Plaintiff Katz consented to receive calls from the Defendants (First Am. Compl. ¶¶ 50 53), whether or not Plaintiff had an established business relationship with the Defendants (First Am. Compl. ¶ 81), and whether or not Liberty Power complied with 47 C.F.R. 61.1200(d) (First Am. Compl. ¶¶ 126-133). Defendants object because Defendants are not required to create documents that do not exist. Defendants will not produce documents responsive to this Request.

45. All organization charts and personnel directories which identify Liberty Power's employees or agents who participated in paying Liberty Power's Telesales Channels, including placing reserves on payments, withholding payments, applying charge backs or credits.

**SPECIFIC OBJECTION:** Defendants object because the burden and expense of responding to the Request outweighs its likely benefit at this time. FED. R. CIV. P. 26(b)(1). Defendants object because the Request is not relevant to Plaintiff or class claims. *Id.* Defendants further object because the Request will not resolve whether or not Plaintiff or the class has viable claims. *Id.*

Specifically, organization charts and personnel directories are not in any way relevant to Plaintiff or class claims, and will not in any way resolve Plaintiff or class claims, that the Defendants called him using an artificial / prerecorded voice (First Am. Compl. ¶ 55), whether or not Plaintiff Katz is on the National do-not-call list (First Am. Compl. ¶¶ 52, 56), whether or not Plaintiff Katz consented to receive calls from the Defendants (First Am. Compl. ¶¶ 50 53), whether or not Plaintiff had an established business relationship with the Defendants (First Am. Compl. ¶ 81), and whether or not Liberty Power complied with 47 C.F.R. 61.1200(d) (First Am. Compl. ¶¶ 126-133). Defendants object because Defendants are not required to create documents that do not exist. Defendants will not produce documents responsive to this Request.

46. All documents referenced and/or disclosed in Liberty Power's Rule 26(a)(l) disclosures.

**SPECIFIC OBJECTION:** None.

**RESPONSE:** Subject to the foregoing Objections to the Definitions and Instructions, Defendants will produce responsive, non-privileged documents in their possession, custody, or control related to named Plaintiff Samuel Katz, if any.

47. All documents which Rule 26(a)(l) requires Liberty Power to reference and/or disclose.

**SPECIFIC OBJECTION:** None.

**RESPONSE:** Subject to the foregoing Objections to the Definitions and Instructions, see response to Request No. 46.

48. Produce all documents concerning insurance coverage of the acts alleged by plaintiff, including, but not limited to, all communications with any insurers, including, but not limited to, reservation of rights letters.

**SPECIFIC OBJECTION:** Objection to the request to the extent it asks for documents not relevant to any party's claim or defense and protected by the attorney-client privilege or work product doctrine. Defendants will not produce documents responsive to this Request.

49. All documents concerning Samuel Katz, and/or which contain, are indexed, filed, or retrievable under Samuel Katz's name or any number, symbol, designation, or code (such as telephone number (508) 966-0240, (508) 966-5150, (978) 8779112, and/or (617) 997-6565) assigned to or associated with Samuel Katz. This request includes, by way of example (but without limitation) communications with Samuel Katz, or communications about Samuel Katz which are within Liberty Power's control, call records for calls to (508) 966-0240, (508) 966-5150, (978) 877-9112, and/or (617) 997-6565, and/or lead records concerning Samuel Katz and/or his contact information.

**SPECIFIC OBJECTION:** Objection to the extent the Request calls for documents protected by the attorney-client privilege and work product doctrine. There are responsive documents that are privileged, including but not limited to emails from outside counsel to in house counsel regarding Plaintiff, and emails from in house counsel to Defendants' employees requesting information on Plaintiff.

**RESPONSE:** Subject to the foregoing Objections, Defendants will produce responsive, non-privileged documents in their possession, custody, or control related to named Plaintiff Samuel Katz, if any.

50. All documents which identify, reference or record in any way any telephone call made to (508) 966-0240, (508) 966-5150, (978) 877-9112, and/or (617) 997-6565 by Liberty Power and/or any of their Telesales Channels.

**SPECIFIC OBJECTION:** Objection to the extent the Request calls for documents protected by the attorney-client privilege and work product doctrine. There are responsive documents that are privileged, including but not limited to emails from outside counsel to inside counsel regarding Plaintiff, and emails from in-house counsel to Defendants' employees requesting information on Plaintiff.

**RESPONSE:** Subject to the foregoing Objections, see response to Request No. 49.

51. All documents which concern or contain the telephone number (508) 202-1270.

**SPECIFIC OBJECTION:** Objection to the extent the Request calls for documents protected by the attorney-client privilege and work product doctrine. There are likely responsive documents that are privileged, including but not limited to emails from outside counsel to in house counsel regarding this telephone number and emails from in house counsel to Defendants' employees regarding this telephone number.

**RESPONSE:** Subject to the foregoing Objections, see responses to Requests Nos. 27 and 33.

52. All documents constituting or evidencing audits, investigations, scorecards, inquiries, or studies concerning compliance by Liberty Power and/or any of its Telesales Channels with 47 U.S.C. § 227,47 C.F.R. § 64.1200, the Telemarketing Sales Rule (16 C.F.R. part 310), or any state or federal law which regulates telemarketing by Liberty Power, by Liberty Power itself or any independent auditor, law firm, or governmental agency.

**SPECIFIC OBJECTION:** Defendants object because the burden and expense of responding to the Request outweighs its likely benefit at this time. FED. R. CIV. P. 26(b)(1). Defendants object because the Request is not relevant to Plaintiff or class claims. *Id.* Defendants further object because the Request will not resolve whether or not Plaintiff or the class has viable claims. *Id.*

Specifically, documents constituting or evidencing audits, investigations, scorecards, inquiries, or studies concerning compliance by Liberty Power and/or any of its Telesales

Channels are not in any way relevant to Plaintiff or class claims, and will not in any way resolve Plaintiff or class claims, that the Defendants called him using an artificial / prerecorded voice (First Am. Compl. ¶ 55), whether or not Plaintiff Katz is on the National do-not-call list (First Am. Compl. ¶¶ 52, 56), whether or not Plaintiff Katz consented to receive calls from the Defendants (First Am. Compl. ¶¶ 50 53), whether or not Plaintiff had an established business relationship with the Defendants (First Am. Compl. ¶ 81), and whether or not Liberty Power complied with 47 C.F.R. 61.1200(d) (First Am. Compl. ¶¶ 126-133). Defendants object because Defendants are not required to create documents that do not exist.

**RESPONSE:** Subject to the foregoing Objections, see response to Request No. 33.

53. All copies and/or versions of any Do-Not-Call policy maintained by Liberty Power during the class period.

**SPECIFIC OBJECTION:** Defendants object to the Request because they will be filing a motion to bifurcate individual and class discovery, similar to the one previously filed, ECF No. 29. Thus, this Request for class discovery is not ripe. Defendants further object because the Request for four years of various iterations of policies or drafts thereof is not proportional to the needs of the case at this time given the pending Motion to Bifurcate. FED. R. CIV. P. 26(b)(1). Defendants object because the burden and expense of responding to the Request outweighs its likely benefit at this time. *Id.* Defendants further object to the extent the Request calls for material protected by the attorney-client privilege or work product doctrine. For example, Defendants may have consulted with outside counsel to draft a policy, or Defendants' in house counsel may have circulated drafts internally, both of which would be privileged.

**RESPONSE:** Subject to the foregoing Objections, Defendants will produce responsive, non-privileged documents in their possession, custody, or control related to the time named Plaintiff Samuel Katz alleges he was called, September and October 2016.

54. All copies and/or versions of any Do-Not-Call list maintained by Liberty Power during the class period, including all documents sufficient to determine the dates and times particular telephone numbers were added.

**SPECIFIC OBJECTION:** Defendants object to the Request because they will be filing a motion to bifurcate individual and class discovery, similar to the one previously filed, ECF No. 29. Thus, this Request for class discovery is not ripe. Defendants further object because the Request for four years of lists (and documents on how numbers were added to lists) is not proportional to the needs of the case at this time given the pending Motion to Bifurcate. FED. R. CIV. P. 26(b)(1). Defendants object because the burden and expense of responding to the Request outweighs its likely benefit at this time. *Id.*

**RESPONSE:** Subject to the foregoing Objections, Defendants will produce responsive, non-privileged documents in their possession, custody, or control related to named Plaintiff Samuel Katz, if any.

55. All documents concerning any request to be placed on any Do-Not-Call list maintained by Liberty Power during the class period, including by way of example but without limitation any communication from any telesales channel about requests to place particular telephone numbers on any such Do-Not-Call list.

**SPECIFIC OBJECTION:** Defendants object to the Request because they will be filing a motion to bifurcate individual and class discovery, similar to the one previously filed, ECF No. 29. Thus, this Request for class discovery is not ripe. Defendants further object because the Request for documents concerning any request to be placed on any Do-Not-Call list is not proportional to the needs of the case at this time given the pending Motion to Bifurcate. FED. R. CIV. P. 26(b)(1). Defendants object because the burden and expense of responding to the Request outweighs its likely benefit at this time. *Id.*

**RESPONSE:** Subject to the foregoing Objections, Defendants will produce responsive, non-privileged documents in their possession, custody, or control related to named Plaintiff Samuel Katz, if any. See also response to Request No. 49.

56. All documents concerning Samuel Katz's requests to be placed on any Do-Not Call list maintained by Liberty Power.

**SPECIFIC OBJECTION:** Defendants object to the extent the Request calls for material protected by the attorney-client privilege or work product doctrine. For example, a sales agent of Defendants may have had communications with Defendants' in house counsel regarding any alleged request by Mr. Katz to be placed on an internal do not call list. By way of further example, Defendants may have had communications with outside counsel regarding any alleged request by Mr. Katz to be placed on an internal do not call list.

**RESPONSE:** Subject to the foregoing Objections, Defendants will produce responsive, non-privileged documents in their possession, custody, or control related to named Plaintiff Samuel Katz, if any. See also response to Request No. 49.

57. All documents concerning requests for any policy Liberty Power had for maintaining a Do-Not-Call list during the class period.

**SPECIFIC OBJECTION:** Defendants object to the Request because they will be filing a motion to bifurcate individual and class discovery, similar to the one previously filed, ECF No. 29. Thus, this Request for class discovery is not ripe. Defendants further object because the Request for documents concerning any request to be placed on any Do-Not-Call list is not proportional to the needs of the case at this time given the pending Motion to Bifurcate. FED. R. CIV. P. 26(b)(1). Defendants object because the burden and expense of responding to the Request outweighs its likely benefit at this time. *Id.*

**RESPONSE:** Subject to the foregoing Objections, Defendants will produce responsive, non-privileged documents in their possession, custody, or control related to named Plaintiff Samuel Katz, if any. See also response to Request No. 49.

58. All documents concerning Samuel Katz's requests for any policy Liberty Power had for maintaining a Do-Not-Call list.

**SPECIFIC OBJECTION:** Defendants object to the Request because they will be filing a motion to bifurcate individual and class discovery, similar to the one previously filed, ECF No. 29. Thus, this Request for class discovery is not ripe. Defendants further object because the Request for documents concerning any request to be placed on any Do-Not-Call list is not proportional to the needs of the case at this time given the pending Motion to Bifurcate. FED. R. CIV. P. 26(b)(1). Defendants object because the burden and expense of responding to the Request outweighs its likely benefit at this time. *Id.*

**RESPONSE:** Subject to the foregoing Objections, Defendants will produce responsive, non-privileged documents in their possession, custody, or control related to named Plaintiff Samuel Katz, if any. See also response to Request No. 49.

59. All documents concerning any alert or training concerning the existence and use of Liberty Power's Do-Not-Call list provided to Liberty Power's employees, agents, or Telesales Channels.

**SPECIFIC OBJECTION:** Defendants object because the burden and expense of responding to the Request outweighs its likely benefit at this time. FED. R. CIV. P. 26(b)(1). Defendants object because the Request is not relevant to Plaintiff or class claims. *Id.* Defendants further object because the Request will not resolve whether or not Plaintiff or the class has viable claims. *Id.*

Specifically, documents concerning any alert or training concerning the existence and use of Liberty Power's Do-Not-Call list are not in any way relevant to Plaintiff or class claims, and will not in any way resolve Plaintiff or class claims, that the Defendants called him using an artificial / prerecorded voice (First Am. Compl. ¶ 55), whether or not Plaintiff Katz is on the National do-not-call list (First Am. Compl. ¶¶ 52, 56), whether or not Plaintiff Katz consented to receive calls from the Defendants (First Am. Compl. ¶¶ 50 53), whether or not Plaintiff had an

established business relationship with the Defendants (First Am. Compl. ¶ 81), and whether or not Liberty Power complied with 47 C.F.R. 61.1200(d) (First Am. Compl. ¶¶ 126-133). Defendants will not produce documents responsive to this Request.

60. All documents concerning any policy to ensure that Liberty Power and/or its telesales channel(s) did not call any telephone number listed on any Do-Not-Call list maintained by Liberty Power.

**SPECIFIC OBJECTION:** Defendants object to the Request because they will be filing a motion to bifurcate individual and class discovery, similar to the one previously filed, ECF No. 29. Thus, this Request for class discovery is not ripe. Defendants further object because the Request is not proportional to the needs of the case at this time given the pending Motion to Bifurcate. FED. R. CIV. P. 26(b)(1). Defendants object because the burden and expense of responding to the Request outweighs its likely benefit at this time. *Id.* Defendants also object because the Request, to the extent it seeks class discovery, is not relevant to Plaintiff's claims. *Id.* Defendants further object because the Request, to the extent it seeks class discovery, will not resolve whether or not Plaintiff has viable claims. *Id. see* Defendants' Memorandum in Support of Motion to Bifurcate Individual and Class Discovery, ECF No. 30, and cases cited therein.

**RESPONSE:** Subject to the foregoing Objections, Defendants will produce responsive, non-privileged documents in their possession, custody, or control related to named Plaintiff Samuel Katz, if any. See also response to Request Nos. 27, 33, 46, and ECF Nos. 28-1 and 28-2.

61. All documents concerning assertions, complaints, or allegations that Liberty Power or any of their Telesales Channels violated 47 U.S.C. § 227 and/or 47 C.F.R. § 64.1200, violated the Telemarketing Sales Rule (16 C.F.R. part 310), or any state law which regulates telemarketing, and/or made unwanted or deceptive calls to consumers, during the class period, including but not limited to copies of all pleadings in each lawsuit in which Liberty Power was a named party, and settlement agreements for any such lawsuit.

**SPECIFIC OBJECTION:** Defendants object because the burden and expense of responding to the Request outweighs its likely benefit at this time. FED. R. CIV. P. 26(b)(1). Defendants object because the Request is not relevant to Plaintiff or class claims. *Id.* Defendants further object because the Request will not resolve whether or not Plaintiff or the class has viable claims. *Id.*

Specifically, documents concerning assertions, complaints, or allegations that Liberty Power or any of their Telesales Channels violated laws or regulations are not in any way relevant

to Plaintiff or class claims, and will not in any way resolve Plaintiff or class claims, that the Defendants called him using an artificial / prerecorded voice (First Am. Compl. ¶ 55), whether or not Plaintiff Katz is on the National do-not-call list (First Am. Compl. ¶¶ 52, 56), whether or not Plaintiff Katz consented to receive calls from the Defendants (First Am. Compl. ¶¶ 50 53), whether or not Plaintiff had an established business relationship with the Defendants (First Am. Compl. ¶ 81), and whether or not Liberty Power complied with 47 C.F.R. 61.1200(d) (First Am. Compl. ¶¶ 126-133). Defendants will not produce documents responsive to this Request.

62. All documents concerning communications between Liberty Power and any government agency (federal, state, or local) concerning assertions, complaints, or allegations that Liberty Power or any of its Telesales Channels violated 47 U.S.C. § 227 and/or 47 C.F.R. § 64.1200, violated the Telemarketing Sales Rule (16 C.F.R. part 310), or any state law which regulates telemarketing, and/or made unwanted or deceptive calls to consumers, during the class period, including but not limited to documents exchanged by Liberty Power and such government agency.

**SPECIFIC OBJECTION:** Defendants object because the burden and expense of responding to the Request outweighs its likely benefit at this time. FED. R. CIV. P. 26(b)(1). Defendants object because the Request is not relevant to Plaintiff or class claims. *Id.* Defendants further object because the Request will not resolve whether or not Plaintiff or the class has viable claims. *Id.*

Specifically, documents between Liberty Power and any government agency concerning assertions, complaints, or allegations that Liberty Power or any of their Telesales Channels violated laws or regulations are not in any way relevant to Plaintiff or class claims, and will not in any way resolve Plaintiff or class claims, that the Defendants called him using an artificial / prerecorded voice (First Am. Compl. ¶ 55), whether or not Plaintiff Katz is on the National do-not-call list (First Am. Compl. ¶¶ 52, 56), whether or not Plaintiff Katz consented to receive calls from the Defendants (First Am. Compl. ¶¶ 50 53), whether or not Plaintiff had an established business relationship with the Defendants (First Am. Compl. ¶ 81), and whether or not Liberty Power complied with 47 C.F.R. 61.1200(d) (First Am. Compl. ¶¶ 126-133). Defendants will not produce documents responsive to this Request. Defendants will not produce documents responsive to this Request.

63. All documents concerning communications between Liberty Power and any government agency (federal, state, or local) concerning Liberty Power's policies concerning telesales, telemarketing, and/or telephone calls made by Liberty Power's Telesales Channels.

**SPECIFIC OBJECTION:** Defendants object because the burden and expense of responding to the Request outweighs its likely benefit at this time. FED. R. CIV. P. 26(b)(1). Defendants object because the Request is not relevant to Plaintiff or class claims. *Id.* Defendants further object because the Request will not resolve whether or not Plaintiff or the class has viable claims. *Id.*

Specifically, documents between Liberty Power and any government agency concerning Liberty Power's telemarking are not in any way relevant to Plaintiff or class claims, and will not in any way resolve Plaintiff or class claims, that the Defendants called him using an artificial / prerecorded voice (First Am. Compl. ¶ 55), whether or not Plaintiff Katz is on the National do-not-call list (First Am. Compl. ¶¶ 52, 56), whether or not Plaintiff Katz consented to receive calls from the Defendants (First Am. Compl. ¶¶ 50 53), whether or not Plaintiff had an established business relationship with the Defendants (First Am. Compl. ¶ 81), and whether or not Liberty Power complied with 47 C.F.R. 61.1200(d) (First Am. Compl. ¶¶ 126-133). Defendants will not produce documents responsive to this Request. Defendants will not produce documents responsive to this Request.

64. All documents concerning complaints concerning the telephone number (508) 202-1270.

**SPECIFIC OBJECTION:** Defendants object because the burden and expense of responding to the Request outweighs its likely benefit at this time. FED. R. CIV. P. 26(b)(1). Defendants object because the Request is not relevant to Plaintiff or class claims. *Id.* Defendants further object because the Request will not resolve whether or not Plaintiff or the class has viable claims. *Id.*

Specifically, documents concerning complaints about a telephone number are not in any way relevant to Plaintiff or class claims, and will not in any way resolve Plaintiff or class claims, that the Defendants called him using an artificial / prerecorded voice (First Am. Compl. ¶ 55), whether or not Plaintiff Katz is on the National do-not-call list (First Am. Compl. ¶¶ 52, 56), whether or not Plaintiff Katz consented to receive calls from the Defendants (First Am. Compl. ¶¶ 50 53), whether or not Plaintiff had an established business relationship with the Defendants (First Am. Compl. ¶ 81), and whether or not Liberty Power complied with 47 C.F.R. 61.1200(d) (First Am. Compl. ¶¶ 126-133).

**RESPONSE:** Subject to the foregoing Objections, see response to Request Nos. 27, 33, and 46.

65. With respect to each Subscription Account Numbers (SAN) assigned to or used by Liberty Power, documents sufficient to determine the dates on which Liberty Power registered and/or re-registered for the SAN, the SANs' date of expiration, the areas codes or

geographical codes that Liberty Power was registered for during the class period, the dates on which the area codes or geographical codes were added to Liberty Power's subscription, and the identity of all entities with which Liberty Power shares or shared any SAN.

**SPECIFIC OBJECTION:** Defendants object because the burden and expense of responding to the Request outweighs its likely benefit at this time. FED. R. CIV. P. 26(b)(1). Defendants object because the Request is not relevant to Plaintiff or class claims. *Id.* Defendants further object because the Request will not resolve whether or not Plaintiff or the class has viable claims. *Id.*

Specifically, documents concerning Subscription Account Numbers are not in any way relevant to Plaintiff or class claims, and will not in any way resolve Plaintiff or class claims, that the Defendants called him using an artificial / prerecorded voice (First Am. Compl. ¶ 55), whether or not Plaintiff Katz is on the National do-not-call list (First Am. Compl. ¶¶ 52, 56), whether or not Plaintiff Katz consented to receive calls from the Defendants (First Am. Compl. ¶¶ 50 53), whether or not Plaintiff had an established business relationship with the Defendants (First Am. Compl. ¶ 81), and whether or not Liberty Power complied with 47 C.F.R. 61.1200(d) (First Am. Compl. ¶¶ 126-133). Defendants will not produce documents responsive to this Request.

66. All documents concerning complaints concerning the telephone number (508) 202-1270.

**SPECIFIC OBJECTION:** Defendants object because the burden and expense of responding to the Request outweighs its likely benefit at this time. FED. R. CIV. P. 26(b)(1). Defendants object because the Request is not relevant to Plaintiff or class claims. *Id.* Defendants further object because the Request will not resolve whether or not Plaintiff or the class has viable claims. *Id.* Defendant also objects to this Request because it is identical to Request No. 64.

Specifically, documents concerning complaints about a telephone number are not in any way relevant to Plaintiff or class claims, and will not in any way resolve Plaintiff or class claims, that the Defendants called him using an artificial / prerecorded voice (First Am. Compl. ¶ 55), whether or not Plaintiff Katz is on the National do-not-call list (First Am. Compl. ¶¶ 52, 56), whether or not Plaintiff Katz consented to receive calls from the Defendants (First Am. Compl. ¶¶ 50 53), whether or not Plaintiff had an established business relationship with the Defendants (First Am. Compl. ¶ 81), and whether or not Liberty Power complied with 47 C.F.R. 61.1200(d) (First Am. Compl. ¶¶ 126-133).

**RESPONSE:** Subject to the foregoing Objections, see response to Request Nos. 27, 33, and 46.

67. All documents necessary to determine Liberty Power Corp., LLC's current net worth, including monthly statements for all depository accounts.

**SPECIFIC OBJECTION:** Defendants object because the burden and expense of responding to the Request outweighs its likely benefit at this time. FED. R. CIV. P. 26(b)(1). Defendants object because the Request is not relevant to Plaintiff or class claims. *Id.* Defendants further object because the Request will not resolve whether or not Plaintiff or the class has viable claims. *Id.*

Specifically, documents concerning Liberty Power Corp., LLC's current net worth in no way relevant to Plaintiff or class claims, and will not in any way resolve Plaintiff or class claims, that the Defendants called him using an artificial / prerecorded voice (First Am. Compl. ¶ 55), whether or not Plaintiff Katz is on the National do-not-call list (First Am. Compl. ¶¶ 52, 56), whether or not Plaintiff Katz consented to receive calls from the Defendants (First Am. Compl. ¶¶ 50 53), whether or not Plaintiff had an established business relationship with the Defendants (First Am. Compl. ¶ 81), and whether or not Liberty Power complied with 47 C.F.R. 61.1200(d) (First Am. Compl. ¶¶ 126-133). Defendants will not produce documents responsive to this Request.

68. Liberty Power Corp., LLC's annual financial statements, annual financial reports, credit applications, and profit and loss statements for fiscal year to date 2018, and tax years 2017 and 2016.

**SPECIFIC OBJECTION:** Defendants object because the Request is not proportional to the needs of the case at this time. FED. R. CIV. P. 26(b)(1). Defendants object because the burden and expense of responding to the Request outweighs its likely benefit at this time. *Id.* Defendants also object because the Request is not relevant to Plaintiff's claims. *Id.* Defendants further object because the Request will not resolve whether or not Plaintiff has viable claims. *Id.*

Specifically, Liberty Power Corp., LLC's financial statements are not in any way relevant to Plaintiff or class claims, and will not in any way resolve Plaintiff or class claims, that the Defendants called him using an artificial / prerecorded voice (First Am. Compl. ¶ 55), whether or not Plaintiff Katz is on the National do-not-call list (First Am. Compl. ¶¶ 52, 56), whether or not Plaintiff Katz consented to receive calls from the Defendants (First Am. Compl. ¶¶ 50 53), whether or not Plaintiff had an established business relationship with the Defendants (First Am. Compl. ¶ 81), and whether or not Liberty Power complied with 47 C.F.R. 61.1200(d) (First Am. Compl. ¶¶ 126-133), and whether or not Defendants engaged in fraudulent transfers (First Am. Compl. ¶¶ 134-144). Defendants will not produce documents responsive to this Request.

69. Liberty Power Corp., LLC's tax filing for tax years 2016 and 2017.

**SPECIFIC OBJECTION:** Defendants object because the Request is not proportional to the needs of the case at this time. FED. R. CIV. P. 26(b)(1). Defendants object because the burden and expense of responding to the Request outweighs its likely benefit at this time. *Id.* Defendants also object because the Request is not relevant to Plaintiff's claims. *Id.* Defendants further object because the Request will not resolve whether or not Plaintiff has viable claims. *Id.*

Specifically, Liberty Power Corp., LLC's tax filings for 2016 and 2017 are not in any way relevant to Plaintiff or class claims, and will not in any way resolve Plaintiff or class claims, that the Defendants called him using an artificial / prerecorded voice (First Am. Compl. ¶ 55), whether or not Plaintiff Katz is on the National do-not-call list (First Am. Compl. ¶¶ 52, 56), whether or not Plaintiff Katz consented to receive calls from the Defendants (First Am. Compl. ¶¶ 50 53), whether or not Plaintiff had an established business relationship with the Defendants (First Am. Compl. ¶ 81), and whether or not Liberty Power complied with 47 C.F.R. 61.1200(d) (First Am. Compl. ¶¶ 126-133), and whether or not Defendants engaged in fraudulent transfers (First Am. Compl. ¶¶ 134-144). Defendants will not produce documents responsive to this Request.

70. All documents concerning any payment (including by way of example but without limitation any distribution, dividend, profit, or compensation (including by way of example but without limitation salary, wages, bonus, loan, loan or debt forgiveness, deferred compensation, incentive payment, stock grant, stock award, stock options, stock appreciation right, contribution to any retirement plan, insurance benefit, or perquisite)) that Liberty Power Corp., LLC has made during the class period to any manager, member, insider, affiliate, subsidiary, parent, or related corporation, partnership, limited liability company, or other entity of Liberty Power Corp., LLC, including by way of example communications concerning such payment, corporate minutes or corporate resolution which evidence authorization for such payment, and/or financial records evidencing such payment.

**SPECIFIC OBJECTION:** Defendants object because the Request is not proportional to the needs of the case at this time. FED. R. CIV. P. 26(b)(1). Defendants object because the burden and expense of responding to the Request outweighs its likely benefit at this time. It would take Defendants ten if not hundreds of hours (burden) to identify all payments "to any manager, member, insider, affiliate, subsidiary, parent, or related corporation, partnership, limited liability company, or other entity of Liberty Power Corp., LLC." It would take outside counsel tens of hours to review these documents for relevancy and privilege (expense). The above-described undertaking is not proportional to the needs to this case at this time. Defendants will not produce documents responsive to this Request.

71. All documents concerning any lien, obligation, or debt Liberty Power Corp., LLC has incurred in favor of any manager, member, insider, affiliate, subsidiary, parent, or related corporation, partnership, limited liability company, or other entity of Liberty Power Corp., LLC at any time during the class period, including by way of example communications concerning such lien, obligation, and/or debt, contracts or agreements concerning such lien, obligation, and/or debt, corporate minutes or corporate resolution which evidence authorization for such concerning such lien, obligation, and/or debt, and/or financial records evidencing such concerning such lien, obligation, and/or debt.

**SPECIFIC OBJECTION:** Defendants object because the Request is not proportional to the needs of the case at this time. FED. R. CIV. P. 26(b)(1). Defendants object because the burden and expense of responding to the Request outweighs its likely benefit at this time. It would take Defendants ten if not hundreds of hours (burden) to identify any obligation, or debt Liberty Power Corp., LLC has incurred in favor of any manager, member, insider, affiliate, subsidiary, parent, or related corporation, partnership, limited liability company, or other entity of Liberty Power Corp., LLC from 2014 to present. It would take outside counsel tens of hours to review these documents for relevancy and privilege (expense). The above-described undertaking is not proportional to the needs to this case at this time. Defendants will not produce documents responsive to this Request.

72. All documents concerning any release Liberty Power Corp., LLC has executed in favor of any manager, member, insider, affiliate, subsidiary, parent, or related corporation, partnership, limited liability company, or other entity of Liberty Power Corp., LLC at any time during the class period, including by way of example communications concerning such release, contracts or agreements concerning such release, corporate minutes or corporate resolution which evidence authorization for such concerning such release, and/or financial records evidencing such concerning such release.

**SPECIFIC OBJECTION:** Defendants object because the Request is not proportional to the needs of the case at this time. FED. R. CIV. P. 26(b)(1). Defendants object because the burden and expense of responding to the Request outweighs its likely benefit at this time. It would take Defendants ten if not hundreds of hours (burden) to identify any release Liberty Power Corp., LLC has incurred in favor of any manager, member, insider, affiliate, subsidiary, parent, or related corporation, partnership, limited liability company, or other entity of Liberty Power Corp., LLC from 2014 to present. It would take outside counsel tens of hours to review these documents for relevancy and privilege (expense). The above-described undertaking is not proportional to the needs to this case at this time. Defendants will not produce documents responsive to this Request.

73. All documents necessary to determine Liberty Power Holdings, LLC's current net worth, including monthly statements for all depository accounts.

**SPECIFIC OBJECTION:** Defendants object because the Request is not proportional to the needs of the case at this time. FED. R. CIV. P. 26(b)(1). Defendants object because the burden and expense of responding to the Request outweighs its likely benefit at this time. *Id.* Defendants also object because the Request is not relevant to Plaintiff's claims. *Id.* Defendants further object because the Request will not resolve whether or not Plaintiff has viable claims. *Id.*

Specifically, documents regarding Liberty Power Holdings, LLC's net worth are not in any way relevant to Plaintiff or class claims, and will not in any way resolve Plaintiff or class claims, that the Defendants called him using an artificial / prerecorded voice (First Am. Compl. ¶ 55), whether or not Plaintiff Katz is on the National do-not-call list (First Am. Compl. ¶¶ 52, 56), whether or not Plaintiff Katz consented to receive calls from the Defendants (First Am. Compl. ¶¶ 50 53), whether or not Plaintiff had an established business relationship with the Defendants (First Am. Compl. ¶ 81), and whether or not Liberty Power complied with 47 C.F.R. 61.1200(d) (First Am. Compl. ¶¶ 126-133), and whether or not Defendants engaged in fraudulent transfers (First Am. Compl. ¶¶ 134-144). Defendants will not produce documents responsive to this Request. Defendants will not produce documents responsive to this Request.

74. Liberty Power Holdings, LLC's annual financial statements, annual financial reports, credit applications, and profit and loss statements for fiscal year to date 2018, and tax years 2017 and 2016.

**SPECIFIC OBJECTION:** Defendants object because the Request is not proportional to the needs of the case at this time. FED. R. CIV. P. 26(b)(1). Defendants object because the burden and expense of responding to the Request outweighs its likely benefit at this time. *Id.* Defendants also object because the Request is not relevant to Plaintiff's claims. *Id.* Defendants further object because the Request will not resolve whether or not Plaintiff has viable claims. *Id.*

Specifically, documents regarding Liberty Power Holdings, LLC's annual financial statements are not in any way relevant to Plaintiff or class claims, and will not in any way resolve Plaintiff or class claims, that the Defendants called him using an artificial / prerecorded voice (First Am. Compl. ¶ 55), whether or not Plaintiff Katz is on the National do-not-call list (First Am. Compl. ¶¶ 52, 56), whether or not Plaintiff Katz consented to receive calls from the Defendants (First Am. Compl. ¶¶ 50 53), whether or not Plaintiff had an established business relationship with the Defendants (First Am. Compl. ¶ 81), and whether or not Liberty Power complied with 47 C.F.R. 61.1200(d) (First Am. Compl. ¶¶ 126-133), and whether or not Defendants engaged in fraudulent transfers (First Am. Compl. ¶¶ 134-144). Defendants will not produce documents responsive to this Request. Defendants will not produce documents responsive to this Request.

75. Liberty Power Holdings, LLC's tax filing for tax years 2016 and 2017.

**SPECIFIC OBJECTION:** Defendants object because the Request is not proportional to the needs of the case at this time. FED. R. CIV. P. 26(b)(1). Defendants object because the burden and expense of responding to the Request outweighs its likely benefit at this time. *Id.* Defendants also object because the Request is not relevant to Plaintiff's claims. *Id.* Defendants further object because the Request will not resolve whether or not Plaintiff has viable claims. *Id.*

Specifically, Liberty Power Holding, LLC's tax filings for 2016 and 2017 are not in any way relevant to Plaintiff or class claims, and will not in any way resolve Plaintiff or class claims, that the Defendants called him using an artificial / prerecorded voice (First Am. Compl. ¶ 55), whether or not Plaintiff Katz is on the National do-not-call list (First Am. Compl. ¶¶ 52, 56), whether or not Plaintiff Katz consented to receive calls from the Defendants (First Am. Compl. ¶¶ 50 53), whether or not Plaintiff had an established business relationship with the Defendants (First Am. Compl. ¶ 81), and whether or not Liberty Power complied with 47 C.F.R. 61.1200(d) (First Am. Compl. ¶¶ 126-133), and whether or not Defendants engaged in fraudulent transfers (First Am. Compl. ¶¶ 134-144). Defendants will not produce documents responsive to this Request. Defendants will not produce documents responsive to this Request.

76. All documents concerning any payment (including by way of example but without limitation any distribution, dividend, profit, or compensation (including by way of example but without limitation salary, wages, bonus, loan, loan or debt forgiveness, deferred compensation, incentive payment, stock grant, stock award, stock options, stock appreciation right, contribution to any retirement plan, insurance benefit, or perquisite» that Liberty Power Holdings, LLC has made to any manager, member, insider, affiliate, subsidiary, parent, or related corporation, partnership, limited liability company, or other entity of Liberty Power Holdings, LLC during the class period, including by way of example

communications concerning such payment, contracts or agreements concerning such payment, corporate minutes or corporate resolution which evidence authorization for such payment, and/or financial records evidencing such payment.

**SPECIFIC OBJECTION:** Defendants object because the Request is not proportional to the needs of the case at this time. FED. R. CIV. P. 26(b)(1). Defendants object because the burden and expense of responding to the Request outweighs its likely benefit at this time. It would take Defendants ten if not hundreds of hours (burden) to identify all payments "to any manager, member, insider, affiliate, subsidiary, parent, or related corporation, partnership, limited liability company, or other entity of Liberty Holdings, LLC." It would take outside counsel tens of hours to review these documents for relevancy and privilege (expense). The above-described undertaking is not proportional to the needs to this case at this time. Defendants will not produce documents responsive to this Request.

77. All documents concerning any lien, obligation, or debt Liberty Power Holdings, LLC has incurred in favor of any manager, member, insider, affiliate, subsidiary, parent, or related corporation, partnership, limited liability company, or other entity of Liberty Power Holdings, LLC at any time during the class period, including by way of example communications concerning such lien, obligation, and/or debt, contracts or agreements concerning such lien, obligation, and/or debt, corporate minutes or corporate resolution which evidence authorization for such concerning such lien, obligation, and/or debt, and/or financial records evidencing such concerning such lien, obligation, and/or debt.

**SPECIFIC OBJECTION:** Defendants object because the Request is not proportional to the needs of the case at this time. FED. R. CIV. P. 26(b)(1). Defendants object because the burden and expense of responding to the Request outweighs its likely benefit at this time. It would take Defendants ten if not hundreds of hours (burden) to identify any obligation, or debt Liberty Power Holdings, LLC has incurred in favor of any manager, member, insider, affiliate, subsidiary, parent, or related corporation, partnership, limited liability company, or other entity of Liberty Power Corp., LLC from 2014 to present. It would take outside counsel tens of hours to review these documents for relevancy and privilege (expense). The above-described undertaking is not proportional to the needs to this case at this time. Defendants will not produce documents responsive to this Request.

78. All documents concerning any release Liberty Power Holdings, LLC has executed in favor of any manager, member, insider, affiliate, subsidiary, parent, or related corporation,

partnership, limited liability company, or other entity of Liberty Power Holdings, LLC at any time during the class period, including by way of example communications concerning such release, contracts or agreements concerning such release, corporate minutes or corporate resolution which evidence authorization for such concerning such release, and/or financial records evidencing such concerning such release.

**SPECIFIC OBJECTION:** Defendants object because the Request is not proportional to the needs of the case at this time. FED. R. CIV. P.26(b)(1). Defendants object because the burden and expense of responding to the Request outweighs its likely benefit at this time. It would take Defendants ten if not hundreds of hours (burden) to identify any release Liberty Power Holdings, LLC has incurred in favor of any manager, member, insider, affiliate, subsidiary, parent, or related corporation, partnership, limited liability company, or other entity of Liberty Power Corp., LLC from 2014 to present. It would take outside counsel tens of hours to review these documents for relevancy and privilege (expense). The above-described undertaking is not proportional to the needs to this case at this time. Defendants will not produce documents responsive to this Request.

79. All documents which support any objection which Liberty Power make [sic] to any discovery request served by Plaintiff.

**SPECIFIC OBJECTION:** Defendants object to the extent the Request calls for material protected by the attorney-client privilege or work product doctrine. For example, Defendants may have consulted with outside counsel to make objections. Defendants may have sent internal emails inquiring if any responsive documents are available or how long it would take to ascertain if responsive documents are available and, if so, how long it would take to acquire those responsive documents, to assess the burden and expense of providing same.

**RESPONSE:** Subject to the foregoing Objections, Defendants will produce responsive, non-privileged documents in their possession, custody, or control related to named Plaintiff Samuel Katz, if any.

80. For every response Defendants serve to any Request for Admission served by Plaintiffs in this action, all documents which support such response and/or which evidence facts supporting such response.

**SPECIFIC OBJECTION:** Defendants object to the Request because they will be filing a motion to bifurcate individual and class discovery, similar to the one previously filed, ECF No. 29. Thus, this Request for class discovery is not ripe. Defendants further object because the Request is not proportional to the needs of the case at this time given the pending Motion to Bifurcate. FED. R. CIV. P. 26(b)(1). Defendants further object to the extent the Request calls for material protected by the attorney-client privilege or work product doctrine. For example, Defendants may have consulted with outside counsel regarding answering requests for admissions, and such documents would be privileged.

**RESPONSE:** Subject to the foregoing Objections, Defendants will produce responsive, non-privileged documents in their possession, custody, or control related to named Plaintiff Samuel Katz, if any.

AS TO OBJECTIONS:

**LIBERTY POWER CORP., LLC,**
**LIBERTY POWER HOLDINGS, LLC,**

By their attorneys,

Craig R. Waksler (B.B.O. # 566087)
Pamela C. Rutkowski (B.B.O. # 681618)
ECKERT SEAMANS CHERIN &
MELLOTT, LLC
Two International Place, 16th Floor
Boston, MA 02110-2602
Telephone: 617.342.6800
Facsimile: 617.342.6899
cwaksler@eckertseamans.com
prutkowski@eckertseamans.com

*/s/ Jeffrey P. Brundage*
Charles A. Zdebski (*pro hac vice*)
Jeffrey P. Brundage (*pro hac vice*)
ECKERT SEAMANS CHERIN &
MELLOTT, LLC
1717 Pennsylvania Avenue, N.W.
12th Floor
Washington, DC 20006
Telephone: 202-659-6676
Facsimile: 202-659-6699
Email: czdebski@eckertseamans.com
Email: jbrundage@eckertseamans.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2018 the foregoing document was served via electronic mail and first-class mail, postage prepaid:

John L. Fink, Esq.
FINK LAW OFFICE
18 Lyman Street, Suite 208
J&N Professional Building
Westborough, MA 01581
*Co-Counsel for Plaintiff*

David C. Parisi, *Pro Hac Vice*
Suzanne Havens Beckman, *Pro Hac Vice*
PARISI & HAVENS LLP
212 Marine Street, Unit 100
Santa Monica, CA 90405
*Co-Counsel for Plaintiff*

Yitzchak H. Lieberman, *Pro Hac Vice*
Grace E. Parasmo, *Pro Hac Vice*
PARASMO LIEBERMAN LAW
7400 Hollywood Blvd., Suite 505
Los Angeles, CA 90046
*Co-Counsel for Plaintiff*

Ethan M. Preston, *Pro Hac Vice*
PRESTON LAW OFFICES
4054 McKinney Avenue
Suite 310
Dallas, TX 75204
*Co-Counsel for Plaintiff*

Matthew R. Mendelsohn, *Pro Hac Vice*
MAZIE SLATER KATZ & FREEMAN, LLC
103 Eisenhower Parkway
Roseland, NJ 07068
*Co-Counsel for Plaintiff*

*/s/ Jeffrey P. Brundage*
Jeffrey P. Brundage