# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAMUEL KATZ and LYNNE RHODES, individually, and on their own behalf and on behalf of all others similarly situated,<br><br>   Plaintiffs,<br> v.<br><br>LIBERTY POWER CORP., LLC, LIBERTY POWER HOLDINGS, LLC, Delaware limited liability companies,<br><br>   Defendants. | No. 1:18-cv-10506<br><br>**PLAINTIFFS' MEMORANDUM SUPPORTING THEIR MOTION TO COMPEL FINANCIAL DISCOVERY** |
| LIBERTY POWER CORP., LLC, and LIBERTY POWER HOLDINGS, LLC,<br><br>   Third-Party Plaintiffs,<br> v.<br><br>MEZZI MARKETING, LLC,<br><br>   Third-Party Defendant. | |

Plaintiffs Samuel Katz and Lynne Rhodes (collectively, "Plaintiffs") hereby submit their Motion for an order under Federal Rule 37 compelling Defendants Liberty Power Corp., LLC and Liberty Power Holdings, LLC ("Defendants") to produce responsive documents for Plaintiffs' Requests for Production of Documents ("RPDs") 67 to 78.

## I.  Plaintiffs Seek Financial Discovery

In RPDs 67 to 78, Plaintiffs seek discovery of documents regarding Defendants' finances. Plaintiffs seek "documents necessary to determine [Defendants'] current net worth, including monthly statements for all depository accounts" (RPDs 67, 73); recent financial statements and credit applications (RPDs 68, 75); 2016 and 2017 tax filings (RPDs 69, 75); documents concerning payments to Defendants' owners and other insiders in the class period (RPDs 70, 76); liens or debts incurred in favor of insiders during the class period (RPDs 71, 77); and releases Defendants executed in favor of insiders in the class period (RPDs 72, 78).[1]

Plaintiffs served the RPDs in June 2018, and Defendants served their responses in July 2018. (Preston Decl. ¶2.) Defendants objected to RPDs 67 to 78 on grounds of relevancy, burden, and proportionality. Plaintiffs met and conferred on August 1, 2018. (*Id*. ¶3.) On November 21, 2019, at the conclusion of a prolonged meet and confer process, Defendants definitively refused to comply RPDs 67 to 78, stating their "financial condition is not related to Plaintiffs' TCPA claims. We object on relevancy and do not agree to produce." (*Id*. ¶5.) Defendants' objections lack merit: Defendants' finances are at issue. (*Cf. id*. ¶6 *with Katz v. Liberty Power Corp., LLC*, No. 18-10506, 2019 WL 4645524, *9 (D. Mass. Sept. 24, 2019) ("*Katz II*") ("because [Plaintiff's] Complaint alleges that financial strain motivated the allegedly

---

[1]  Plaintiffs rely on the RPDs' original wording; the summary above is for the Court's convenience. (*See* Pl.s' L.R. 34.1(b)(4) Appendix.) Plaintiffs' RPDs defined the term "concerning" consistent with the definition in L.R. 26.5(c)(7) ("term 'concerning' means referring to, describing, evidencing, or constituting"). (*Cf.* Ex. 1 to Preston Decl. at 1.)

less than scrupulous marketing practices at issue here, some discovery into Liberty Power's capitalization, earnings, and financial conduct may still be appropriate").) The Court can address any genuine issue of burden by staging discovery, consistent with the plan below.

## II.   Defendants' Objections Lack Merit

### A.   Plaintiffs' RPDs Seek Relevant Documents

Defendants objected to RPDs 67 to 69 and 73 to 75 (net worth, financial statements and credit applications, and tax filings) on primarily on relevancy grounds. Precisely "because 'discovery itself is designed to help define and clarify the issues,'" Rule 26 is "'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.'" *Enargy Power (Shenzhen) Co. v. Wang*, No. 13-11348, 2014 WL 4687784, *2 (D. Mass. Sept. 17, 2014) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).[2] Commentary on the most recent version of Rule 26(b)(1) indicates that the Rule 26's proportionality requirements essentially replace Rule 26's prior relevancy limitations:

> Proportional discovery relevant to any party's claim or defense suffices, given a proper understanding of what is relevant to a claim or defense. . . . Discovery that is relevant to the parties' claims or defenses may also support amendment of the pleadings to add a new claim or defense that affects the scope of discovery.

Fed. R. Civ. P. 26(b)(1) advisory committee's notes for 2015 amendment. The Court expressly dismissed Plaintiffs' UFTA claims without prejudice, and specifically held "some discovery into Liberty Power's capitalization, earnings, and financial conduct may still be appropriate." *Katz II*, 2019 WL 4645524, at *9. As the Court's order suggests, Defendants' capitalization and earnings is sufficiently relevant that at least some discovery is proportionate to its corresponding burden.

---

[2]   "[I]nformation is discoverable if there is any possibility it might be relevant to the subject matter of the action," and "[r]elevant information includes any matter that is or may become an issue in the litigation." *United States v. Mass. Indus. Fin. Agency*, 162 F.R.D. 410, 414 (D. Mass. 1995) (citations, punctuation omitted).

Indeed, a defendant's financial resources are one of the considerations in assessing proportionality of discovery generally. *Cf*. Fed. R. Civ. P. 26(b)(1) (considerations for proportionality include "parties' resources" and "amount in controversy") *with HCA-Healthone LLC v. Susan Lou Sparks Trust*, No. 06-01198, 2007 WL 781570, *1 (D. Colo. Mar. 13, 2007) (financial information is relevant "for purposes of discovery, especially considering the inefficiency of completely separate proceedings on the merits of Plaintiff's claim and the ability of [a defendant] to pay any potential judgment").

Discovery on Defendants' net worth, financial statements and credit applications, and tax filings is relevant for reasons entirely independent of any UFTA claims. The Court has discretion over statutory damages under the TCPA, and Defendants' finances are relevant to the Court's exercise of that discretion:

> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to *not more than* 3 times [statutory damages under 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(c)(5)(B).]

47 U.S.C. § 227(b)(3), (c)(5) (italics added). It is widely accepted that federal courts will permit discovery on a defendant's finances where punitive damages are sought, as the defendant's finances are relevant to calculating punitive damages.[3] Likewise, courts awarding damages under 47 U.S.C. § 227(b)(3) for TCPA violations have considered factors including "'the relative financial burdens of the parties[.]'" *Charvat v. NMP, LLC*, No. 2:09-CV-209, 2012 WL 4482945, at *3-4 (S.D. Ohio Sept. 27, 2012) (quoting *DirecTV v. Rawlins*, 523 F.3d 318, 325-26 (4th Cir. 2008) which construed statutory damages under 18 U.S.C. § 2511; cited and analyzed by *Heidorn v. BDD Mktg. & Mgmt. Co., LLC*, No. 13-00229, 2013 WL 6571629, *16 (N.D. Cal.

---

[3] *See*, *e.g.*, *Lane v. Capital Acquisitions*, 242 F.R.D. 667, 669 (S.D. Fla. 2005); *CEH, Inc. v. FV Seafarer*, 148 F.R.D. 469, 471 (D.R.I. 1993).

Aug. 19, 2013)). The Court's recognition that a defendant's finances are relevant to calculating statutory damages for copyright infringement is also instructive here. *See Quackenbush Music, Ltd. v. Alana, Inc.*, No. 92-10687, 1992 WL 439746, *2 (D. Mass. Nov. 2, 1992) ("Defendant's corporate federal income tax returns are relevant to the issue of statutory damages under section 504(c)(1) in a copyright infringement action").[4] Defendants' finances are relevant to the Court's calculation of statutory damages under the TCPA.

Further, Defendants have submitted testimony in another proceeding that even a $1.5 million payment would materially impact their access to credit. (Preston Decl. ¶6.) Given the scale of Defendants' potential class liability, discovery on Defendants' finances may lead to evidence supporting class certification under Rule 23(b)(1). Rule 23(b)(1)(B) permits class certification where "prosecuting separate actions by or against individual class members would create a risk of"

> adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

Fed. R. Civ. P. 23(b)(1)(B). Rule 23(b)(1)(B) "is used most frequently for certification of a class where insufficient funds are available to satisfy for all class members their judgments against the defendant." *In re New England Mut. Life Ins. Co. Sales Practices Litig.*, 183 F.R.D. 33, 42 (D. Mass. 1998). Even prior to finding a corporate defendant used "strategies to avoid" paying judgment creditors, this Court has found "[i]t is enough . . . that the established possibility of a large monetary judgment in a case such as this gives rise to serious concerns about the ability of potential class members to obtain compensation in the absence of class certification." *Id*. at 42,

---

[4] *See also Dish Network L.L.C. v. Tendler*, No. 14-266, 2015 WL 400869, *4 (D.N.H. Jan. 28, 2015) (following *Rawlins* factor in awarding statutory damages for violations of 18 U.S.C. § 2511).

43. The prospect of class certification Rule 23(b)(1) warrants discovery of Defendants' finances.

### B.   Defendants Have Not Shown Financial Discovery Is Unduly Burdensome

Defendants objected to RPDs 67 to 78 are unduly burdensome. As to RPDs 67 to 69 and 73 to 75, Defendants have made no effort at all to substantiate the supposed burden: these objections are classic boilerplate. As the "party resisting discovery," Defendants bear "'the burden of showing some sufficient reason why discovery should not be allowed.'" *Flag Fables, Inc. v. Jean Ann's Country Flags and Crafts, Inc.*, 730 F. Supp. 1165, 1186 (D. Mass. 1989) (quoting *Kozlowski v. Sears, Roebuck & Co.*, 73 F.R.D. 73, 76 (D. Mass. 1976); collecting other citations). Defendants' burdensomeness objection does not meet this standard:

> The mere statement by a party that [a] request for production was overly broad, burdensome, oppressive and irrelevant is not adequate to voice a successful objection. On the contrary, the party resisting discovery must show specifically how each interrogatory [or request for production] is not relevant or how each question is overly broad, burdensome or oppressive.

*Brenford Envtl. Sys., L.P. v. Pipeliners of Puerto Rico, Inc.*, 269 F.R.D. 143, 147 (D.P.R. 2010) (multiple citations, punctuation omitted).[5]

In their responses to RPDs 70 to 72 and 76 to 78 (documents concerning payments to insiders, as well as liens, debts, and releases in favor of insiders), Defendants asserts it "would take Defendants ten [sic] if not hundreds of hours (burden) to identify" relevant documents, and "would take outside counsel tens of hours to review these documents for relevancy and privilege (expense)." Plaintiffs question how much care and diligence went into Defendants' investigation in the factual basis for this objection: it cites a very broad range of potential burden, including a privilege review of financial documents (which are not likely to be privileged), and repeats the

---

[5] *See also BPP Retail Props., LLC v. N. Am. Roofing Servs., Inc.*, 300 F.R.D. 59, 61 (D.P.R. 2014) (same); *Afreedi v. Bennett*, 517 F. Supp. 2d 521, 525 & n.1 (D. Mass. 2007) (objections that discovery is "overly broad, unduly vague, and ambiguous, burdensome and oppressive" are "meritless").

same details (including a typo) by rote across six different RPD responses. *Cf.* Fed. R. Civ. P. 26(g)(1) (requiring "reasonable inquiry" into discovery objections). Defendants must provide a "factual affidavit by a person with personal knowledge of the exact nature of the alleged undue burden . . . in complying with [Plaintiffs'] document request" to sustain their burdensomeness objections. *Strom v. Nat'l Enter. Sys., Inc.*, No. 09-72, 2010 WL 1533383, *4 (W.D.N.Y. Apr. 15, 2010) (collecting cases; italics added). *See also Cooper v. Charter Commc'ns, Inc.*, No. 12-10530, 2016 WL 128099, *2 (D. Mass. Jan. 12, 2016) ("boilerplate" objection that discovery is "overbroad and unduly burdensome" does not meet "burden of showing by affidavit or otherwise that [discovery] would be unduly burdensome").[6] Moreover, Defendants must provide a foundation for any claim of personal knowledge in their supporting declaration or affidavit: "evidence . . . sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. A declaration is inadequate under Rule 602 where it "'makes no mention of how [the declarant] came to have personal knowledge of the facts contained in his declaration,'" and a "conclusory affirmation of personal knowledge, standing alone, is insufficient." *Ortiz-Osorio v. Municipality of Loiza*, 128 F. Supp. 3d 442, 447 (D.P.R. 2015) (quoting *Hoffman v. Applicators Sales & Serv., Inc.*, 439 F.3d 9, 16 (1st Cir. 2006)). By delaying their substantiation of the supposed burden until their opposition brief, Defendants prejudiced Plaintiffs' ability to fairly litigate these RPDs. *See In re Toys R Us-Delaware, Inc. Fair and Accurate Credit Transactions Act (FACTA) Litig.*, No. 08-1980, 2010 WL 4942645, *5 (C.D. Cal. July 29, 2010) ("By not establishing the basis for its burdensomeness objection at the time defendant asserted its objection, plaintiff was denied the opportunity to challenge the objection.")

---

[6] *See also Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 249 (M.D.N.C. 2010) ("one-line statement . . . (which fails to allege, much less establish, that the requested production would cost a substantial amount of money or pose real logistical difficulties) insufficient" to establish undue burden that would prohibit production of discovery; collecting citations).

Even if Defendants adequately substantiate the burden of production on RPDs 70 to 72 and 76 to 78, that is not a sufficient basis a valid objection to discovery: the burden must be *undue*. "Discovery always entails some burden or expense. Only undue burden or expense, which is beyond that normally necessary, will justify [restricting discovery]." *Clinton v. Cal. Dep't of Corrections*, No. 05-1600, 2008 WL 5068586, *1 (E.D. Cal. Nov. 25, 2008).

> The mere fact that compliance with an inspection order will cause great labor and expense or even considerable hardship and possibility of injury to the business of the party from whom discovery is sought does not of itself require denial of the motion. Rule 26(c) speaks of "undue burden or expense" and discovery has normally been allowed unless the hardship is unreasonable in light of the benefits to be secured from the discovery.

8B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2214 (3d ed. 2019) (prior version quoted and followed by, e.g., *Snowden v. Connaught Labs., Inc.*, 137 F.R.D. 325, 332-33 (D. Kan. 1991) (which also cites *Kozlowski*, 73 F.R.D. 73)).[7]

Several factors mitigate against the possibility of actual undue burden. By their terms, RPDs 70 to 72 and 76 to 78 are limited to transactions during the class period. Further, the Court can stage Defendants' production on RPDs 70 to 72 and 76 to 78. Defendants are limited liability companies, with individual owners/members (David Hernandez, Alberto Daire, and Eliezer Hernandez). The Court can prioritize documents concerning transactions with the owners, as well as any other entities controlled (directly or indirectly) by the owners. The Court can further limit Defendants' initial production to just those documents necessary to identify the parties,

---

[7] *See also Fair v. Royal & Sun Alliance*, 278 F.R.D. 465, 476 (D.S.D. 2012) ("if discovery requests are relevant, the fact that they involve work, which may be time consuming, is not sufficient to render them objectionable"; collecting cases); *Bd. of Educ. of Evanston Twp. High Sch. Dist. No. 202, Cook Cty., Ill. v. Admiral Heating & Ventilating, Inc.*, 104 F.R.D. 23, 29 (N.D. Ill. 1984) (that discovery "'would be burdensome and expensive and would hamper some of the defendants' business operations is not in itself a reason for refusing to order discovery which is otherwise appropriate,'" quoting *In re Folding Carton Antitrust Litig.*, 83 F.R.D. 251, 255 (N.D. Ill. 1978) (objection that discovery "could seriously interfere with defendants' ongoing operations" overruled; citations, punctuation omitted)).

date, amount, and substance of each such responsive transaction (thereby focusing on basic documents like spreadsheets, transaction statements, account statements, and contracts, and deferring production of other, potentially duplicative documents). The parties and the Court will be far better able to assess any need for additional discovery on financial transactions once they have basic information about specific transactions in hand.

> A party claiming undue burden or expense ordinarily has far better information — perhaps the only information — with respect to that part of the determination. . . .The court's responsibility, using all the information provided by the parties, is to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery.

Fed. R. Civ. P. 26(b) advisory committee's notes for 2015 amendment.

Finally, the Court should investigate whether any remaining claim of undue burden arises through Defendants' choices about how they keep and organize responsive records. "Courts have been loathe to reward (and possibly encourage) poor record keeping by shielding companies with inefficient recording methods from discovery." *Briddell v. Saint Gobain Abrasives Inc.*, 233 F.R.D. 57, 61 (D. Mass. 2005) (collecting cases).

> Merely because compliance with a "Request for Production" would be costly or time-consuming is not ordinarily sufficient reason to grant a protective order where the requested material is relevant and necessary to the discovery of evidence. [Where] the plaintiff has a demonstrable need for the documents, the defendant undisputedly has possession of them, and the plaintiff has no other access to them . . . the defendant has a duty pursuant to Rule 34 . . . to produce [responsive documents]. . . . The defendant may not excuse itself from compliance with Rule 34 . . . by utilizing a system of record-keeping which conceals rather than discloses relevant records, or makes it unduly difficult to identify or locate them, thus rendering the production of the documents an excessively burdensome and costly expedition. To allow a defendant whose business generates massive records to frustrate discovery by creating an inadequate filing system, and then claiming undue burden, would defeat the purposes of the discovery rules.

*Kozlowski*, 73 F.R.D. at 76 (cited, followed in *Flag Fables*, 730 F. Supp. at 1186).

//

C.   **Plaintiffs' Financial Discovery Is Proportionate**

Defendants objected to RPDs 67 to 78 are not proportionate to the needs of the case. Rule 26(b) identifies various factors which control whether discovery is proportionate:

> the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Both Defendants' ultimate liability to statutory damages (including the willfulness multiplier) and their ability to sustain that liability is critically important to class members' recovery—ultimately, the most important consideration in the action. *Cf. HCA-Healthone*, 2007 WL 781570, at *1 (financial information is relevant "for purposes of discovery, especially considering the inefficiency of completely separate proceedings on the merits of Plaintiff's claim and the ability of [a defendant] to pay any potential judgment"). Defendants have exclusive access to their financial information. Defendants are substantial commercial enterprises, while Plaintiffs are consumers who have retained contingency-fee counsel. All these factors weigh in Plaintiffs' favor in assessing proportionality.

Conversely, Defendants' proportionality objections pay lip service to various factors in Rule 26, but are still boilerplate. In 2015, Rule 26 was amended to "[r]estor[e] the proportionality calculation to Rule 26(b)(1)," but that amendment did "***not*** place on the party seeking discovery the burden of addressing all proportionality considerations." Fed. R. Civ. P. 26(b) advisory committee's notes for 2015 amendment (emphasis added; quoted and followed by *Salazar v. McDonald's Corp.*, No. 14-02096, 2016 WL 736213, *2 (N.D. Cal. Feb. 25, 2016)). ***The 2015 amendment was expressly not*** "***intended to permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional***." *Id*. (same).

> [A] party seeking to resist discovery on these grounds still bears the burden of

> making a specific objection and showing that the discovery fails the proportionality calculation mandated by Rule 26(b) by coming forward with specific information to address – insofar as that information is available to it . . . [A]mendments to Rule 26(b) [do] not alter the basic allocation of the burden on the party resisting discovery . . .

*Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 468, 469 (N.D. Tex. 2015). Absent additional detail or substantiation, Defendants' burden and proportionality objections fail.

### III.   The Court Should Order Defendants to Produce Financial Discovery

Rule 37(a) authorizes "a party seeking discovery [to] move for an order compelling . . . production" where the other party fails to produce documents requested documents. Fed. R. Civ. P. 37(a)(3)(B).[8] "If a party who has been requested to provide certain documents pursuant to Rule 34(a)(1) fails to produce them, the party who made the request may move for an order compelling discovery pursuant to [Rule] 37(a)." *Colon v. Blades*, 268 F.R.D. 129, 132 (D.P.R. 2010) (citing *Afreedi v. Bennett*, 517 F. Supp. 2d 521, 525 (D. Mass. 2007). *See also R.W. Int'l Corp. v. Welch Foods, Inc.*, 937 F.2d 11, 18-19 (1st Cir. 1991) (Rule 37(a) authorizes remedies for party's "failure to make production").

### IV.   Conclusion

Defendants' objections to Plaintiffs' financial discovery lack merit. The Court should order Defendants to produce responsive documents.

Dated: December 12, 2019     By:      s/Ethan Preston
                                      David C. Parisi
                                      dcparisi@parisihavens.com
                                      Suzanne Havens Beckman
                                      shavens@parisihavens.com
                                      **PARISI & HAVENS LLP**
                                      212 Marine Street, Unit 100
                                      Santa Monica, California 90405
                                      Telephone: (818) 990-1299

---

[8]   *See also* Fed. R. Civ. P. 37(a)(4) ("evasive or incomplete [response] must be treated as a failure [to] respond").

Facsimile: (818) 501-7852

Yitzchak H. Lieberman
ylieberman@parasmoliebermanlaw.com
Grace E. Parasmo
gparasmo@parasmoliebermanlaw.com
**PARASMO LIEBERMAN LAW**
7400 Hollywood Boulevard, Suite 505
Los Angeles, California 90046
Telephone: (917) 657-6857
Facsimile: (877) 501-3346

Ethan Preston
ep@eplaw.us
**PRESTON LAW OFFICES**
4054 McKinney Avenue, Suite 310
Dallas, Texas 75204
Telephone: (972) 564-8340
Facsimile: (866) 509-1197

*Attorneys for Plaintiff Plaintiffs Samuel Katz and Lynne Rhodes, on their own behalf, and behalf of all others similarly situated*

### CERTIFICATE OF SERVICE

I, Ethan Preston, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: December 12, 2019    By:    s/Ethan Preston
                                         Ethan Preston