## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAMUEL KATZ and LYNNE RHODES, individually, and on their own behalf and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LIBERTY POWER CORP., LLC, *et al.*,<br><br>Defendants.<br><br>LIBERTY POWER CORP., LLC, and LIBERTY POWER HOLDINGS, LLC,<br><br>Third-Party Plaintiffs,<br><br>v.<br><br>MEZZI MARKETING, LLC,<br><br>Third-Party Defendant. | Case No. 1:18-cv-10506-ADB |

### DEFENDANTS LIBERTY POWER CORP., LLC AND LIBERTY POWER HOLDINGS, LLC'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL FINANCIAL DISCOVERY

Defendants Liberty Power Corp, LLC and Liberty Power Holdings, LLC (collectively "Liberty Power") oppose Plaintiffs' Motion to Compel Financial Discovery on the basis that it is entirely premature and not relevant to any of the claims in this suit. The only possible basis that Plaintiffs have for requesting financial information is to assess Liberty's financial condition and ability to pay a settlement or judgment. This type of prejudgment financial discovery is inappropriate and impermissible. Plaintiffs' motion must be denied.

## ARGUMENT

Fed. R. Civ. P. 26(b) permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense ..." or discovery of any information that "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b). Rule 26(b)(1) generally permits liberal discovery of relevant information. *Baker v. Liggett Group, Inc.*, 132 F.R.D. 123, 125 (D. Mass., 1990). However, "a court must limit discovery if it determines that the discovery sought is (1) unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the projected discovery in resolving the issues." *In re New England Compounding Pharmacy, Inc. Products Liability Litigation*, 2014 WL 12814933, at *2–3 (D. Mass., 2014); Fed. R. Civ. P. 26(b)(2)(c).

As to financial discovery specifically, "[g]enerally, district courts do not allow pre-judgment discovery regarding a defendant's ability to satisfy a judgment, aside from the initial disclosures required by Rule 26(a)(1)(A)(iv). *Id.* citing *Sierrapine v. Refiner Prods. Mfg., Inc.*, 275 F.R.D. 604, 609 (E.D. Cal. 2011) ("collecting cases"). The *Sierrapine* court, denying discovery where it found the discovery request was a guise for prematurely attempting to conduct discovery on defendant's financial condition, relied on the following repository of national cases to deny this discovery tactic:

> *Dickson v. Nat'l Maintenance & Repair of Ky., Inc.,* No. 5:08–CV–8, 2011 WL 2610195, at *1–2 (W.D.Ky. July 1, 2011) (unpublished) (denying motion to reopen discovery to permit plaintiff to seek discovery of reservation of rights letters and information about the defendant's assets and ability to pay a judgment) (citing

*Ranney–Brown Distribs., Inc. v. E.T. Barwick Indus., Inc.,* 75 F.R.D. 3, 5 (S.D.Ohio 1977)) ("Ordinarily, Rule 26 will not permit the discovery of facts concerning a defendant's financial status, or ability to satisfy a judgment, since such matters are not relevant, and cannot lead to the discovery of admissible evidence."); *DiNapoli v. Int'l Alliance of Theatrical Stage Employees 8,* Civ. Action No. 09–5924, 2011 WL 1004576, at *7 (E.D.Pa. Mar. 18, 2011) (unpublished) ("If the plaintiff does not claim punitive damages, or if punitive damages are unavailable, the court will not allow discovery to determine whether the defendant has the means to satisfy a judgment because a defendant's ability to satisfy a judgment has little to do with the subject matter of the litigation notwithstanding a claim for punitive damages.") (citing *Grosek v. Panther Transp., Inc.,* 251 F.R.D. 162, 165 (M.D.Pa.2008)); *Hallford v. Cal. Dep't of Corrections,* No. CIV S–05–0573 FCD DAD P, 2010 WL 921166, at *2 (E.D.Cal. Mar. 12, 2010) (unpublished) (denying, on relevance grounds among others, plaintiff's motion to compel the production of a copy of salary schedules for employees in the individual defendants' employment positions for the purpose of considering an offer of settlement); *Lincoln Elec. Co. v. MPM Techs., Inc.,* No. 1:08–CV–2853, 2009 WL 2413625, at *3 & n. 2 (N.D.Ohio Aug. 5, 2009) (unpublished) (questioning the wisdom of the prevailing rule, but in any event denying on relevance grounds plaintiff's motion to compel discovery responses regarding the defendant's financial status or ability to satisfy a judgment in a breach of contract and warranties action); *Mack Boring & Parts Co. v. Novis Marine Ltd.,* Civ. Action No. 06–2692(HAA), 2008 WL 5136955, at *1–3 (D.N.J. Dec. 5, 2008) (unpublished) (collecting cases and denying motion to compel discovery of defendant's ability to satisfy a soon-to-be entered judgment in a contract-based action where punitive damages were not implicated); *U.S. EEOC v. Ian Schrager Hotels, Inc.,* No. CV 99–0987GAFRCX, 2000 WL 307470, at *4 (C.D.Cal. Mar. 8, 2000) (unpublished) (granting on part a motion to compel in a Title VII action, requiring the defendants to produce their financial information so plaintiff could determine, relative to a claim for punitive damages, whether defendants had attempted to transfer income or assets to others to avoid potential liability if defendants lose the pending litigation); *cf. U.S. for the Use and Benefit of P.W. Berry Co. v. Gen. Elec. Co.,* 158 F.R.D. 161, 164 (D.Or.1994) (granting motion for protective order in a breach of contract action, precluding pre-judgment discovery of corporate and individual financial information including tax returns and financial statements, because that information was not relevant within the meaning of Rule 26(b)(1)); *accord* James Wm. Moore, 6 *Moore's Federal Practice* § 26.41[8][a] (Matthew Bender 3d ed. 2011) (discussing the increasingly restrictive standards pertaining to discovery of a party's financial condition and stating that "[t]he relevancy requirement is not met when a party wants to know the opposing party's assets prejudgment to determine what assets are available for attachment should that party succeed in obtaining a favorable judgment").

*Sierrapine*, 275 F.R.D. at 609–10.  Here, Plaintiffs in their motion argue that Liberty's financials are relevant to demonstrating Liberty's motivation to violate the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").  First, motivation to violate the TCPA is not an element of the

3

Plaintiffs' proof. The elements are: (1) the defendant used an automatic dialing system or an artificial or prerecorded voice, (2) to call a telephone number assigned to a cellular telephone service or to a service for which the called party is charged for the call. *Breda v. Cellco Partnership*, 934 F.3d 1, 4 (1st Cir., 2019) citing *Levy v. Receivables Performance Mgmt., LLC*, 972 F. Supp. 2d 409, 417 (E.D.N.Y. 2013). Accordingly, there is no plausible relevance from any alleged financial motivation to violate the TCPA to discovery of admissible evidence of whether the TCPA was violated.

Moreover, Plaintiffs' stated relevance is either the ultimate example of a fishing expedition and/or masking the true purpose of seeking discovery of Liberty's financials. Plaintiffs' motion in due course reveals its true purpose where Plaintiffs state that Liberty's "ultimate liability to statutory damages…and their ability to sustain that liability is critically important to class members' recovery – ultimately the most important consideration in the action…" Plaintiffs' Motion at pg. 10. In making this argument, in support of a motion to compel, Plaintiffs completely miss the point that absent final adjudication, the first most important consideration in this action is whether Liberty is liable. More importantly, Plaintiffs' contention reveals that the true reasoning behind this motion is how much Liberty is worth to satisfy a judgment. The request to compel such information is simply premature as settled in well-established caselaw.

Finally, to the extent that Plaintiff relies on the contention that such discovery is needed to determine class certification per Fed. R. Civ. P. 23(b)(1)(B) (whether a defendant has resources to pay individual claims if a class action is not permitted), this argument is also baseless. The TCPA's damages are always the same, regardless if the claims are aggregated as a class or individual suits, with damages of $500 to $1500, if trebled, per violation. *See* 47 USCA

§ 227.  Accordingly, financial discovery will not further any such analysis.  The Motion must be denied.

## CONCLUSION

For the foregoing reasons, Defendants request this Court deny Plaintiffs' Motion to Compel Financial Discovery.

                    **LIBERTY POWER CORP., LLC and**
                    **LIBERTY POWER HOLDINGS, LLC,**

                    By their attorneys,

                    */s/ Rachel E. Moynihan*
                    Rachel E. Moynihan (BBO # 663887)
                    Craig R. Waksler (BBO # 566087)
                    **ECKERT SEAMANS CHERIN & MELLOTT, LLC**
                    Two International Place, 16th Floor
                    Boston, MA  02110-2602
                    Telephone: 617-342-6800
                    Facsimile: 617-342-6899
                    *rmoynihan@eckertseamans.com*
                    *cwaksler@eckertseamans.com*

                    Charles A. Zdebski (*pro hac vice*)
                    Robert J. Gastner (*pro hac vice*)
                    Jeffrey P. Brundage (*pro hac vice*)
                    **ECKERT SEAMANS CHERIN & MELLOTT, LLC**
                    1717 Pennsylvania Avenue, N.W., 12th Floor
                    Washington, DC  20006
                    Telephone:  202-659-6676
                    Facsimile:  202-659-6699
                    *czdebski@eckertseamans.com*
                    *rgastner@eckertseamans.com*
                    *jbrundage@eckertseamans.com*

Dated:  January 15, 2020

## **CERTIFICATE OF SERVICE**

     I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those parties which are as non-registered participants.

                                                  */s/ Rachel E. Moynihan*
                                                  Rachel E. Moynihan (BBO # 663887)

Date:   January 15, 2020