## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SAMUEL KATZ and LYNNE RHODES, individually, and on their own behalf and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:18-cv-10506-ADB |
| v. | ) ) | |
| LIBERTY POWER CORP., LLC, *et al.*, | ) ) | |
| Defendants. | ) ) | |
| LIBERTY POWER CORP., LLC, and LIBERTY POWER HOLDINGS, LLC, | ) ) ) | |
| Third-Party Plaintiffs, | ) ) | |
| v. | ) ) | |
| MEZZI MARKETING, LLC, | ) ) | |
| Third-Party Defendant. | ) ) ) | |

## DEFENDANTS LIBERTY POWER CORP., LLC AND LIBERTY POWER HOLDINGS, LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH AND/OR PROTECTIVE ORDER

Defendants Liberty Power Corp., LLC and Liberty Power Holdings, LLC (collectively "Liberty Power") move this Court to Quash Subpoenas served on Google LLC ("Google") and Oath Holdings, Inc. ("Yahoo"), or in the alternative, enter a Protective Order as to the documents sought. Plaintiffs have served a subpoena on Yahoo, and notified of intent to serve a subpoena on Google, which seek identifying information of emails belonging to Liberty Power's employee Josue Toussaint, along with forty-six other listed email addresses. The subpoenas are broad, not tailored to any specific discoverable matter in this suit, and additionally, as to Mr. Toussaint, they request private information relative to private emails from a personal email account, which is unwarranted harassment. The subpoenas should be quashed in their entirety.

## RELEVANT FACTS

The Plaintiffs have alleged Liberty violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").  In furtherance of this discovery, the Plaintiffs have issued a subpoena to Yahoo and notified of their intent to serve a subpoena on Google.  The crux of the issue giving rise to this motion lies with the first item on both schedules of the subpoenas which requests all identifying information relating to any and all emails, sent to or from the listed email accounts on the subpoena, from March 17, 2014 to present.  The Yahoo subpoena is targeted at one individual, Mr. Toussaint, Liberty's employee, who utilizes the email address of "jaint28@yahoo.com."  Specifically, the Yahoo subpoena seeks for "each and every email," sent to or from Mr. Toussaint personal "yahoo" email address, every email subject line, deletion dates, and email size information.[1]  The Google subpoena requests the same information relative to identifying all emails sent to or from forty-six email addresses with the domain of "dialer360.com."  See relevant subpoenas, attached as **Exhibit A**.

Of note, Plaintiff failed to serve notice of the Yahoo subpoena on Defense counsel prior to service on Yahoo; rather, on December 3, 2017 at 8:52 EST, Plaintiff's counsel emailed the subpoena, and confirmed that it was already "properly out for service" after Defense counsel requested a meet and confer.   See Correspondence attached as **Exhibit B**.  The parties agreed generally to continue the deadlines and these matters in a Joint Motion to Stay Proceedings, which the Court allowed.  See ECF No. 212.  Plaintiffs' counsel was to send a letter to Yahoo that production was to be stayed; however as of the date of filing this Motion, it is not clear that Plaintiff's counsel did as represented, and Yahoo produced documents to Plaintiffs.  See Correspondence attached as **Exhibit C**.  This scenario represents the very reason why an

---

[1] Liberty uses the domain "@libertypowercorp.com."

objection period is provided for and necessary.  For purposes of this Motion, Plaintiffs have represented the documents are being sequestered.

## ARGUMENT

### I.     STANDARD.

"A subpoena issued to a non-party pursuant to Rule 45 is subject to Rule 26(b)(1)'s overriding relevance requirement." *E.E.O.C. v. Texas Roadhouse, Inc.*, 303 F.R.D. 1, 2 (D. Mass., 2014).  For good cause, the Court may, "… issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  *Id.* citing Fed.R.Civ.P. 26(c).  "Under Rule 26, the trial court is required to balance the burden of proposed discovery against the likely benefit." *Id.* quoting *Gill v. Gulfstream Park Racing Association, Inc.,* 399 F.3d 391, 400 (1st Cir. 2005). The court will then engage in a balancing test, "weighing the [parties'] need for this information, the availability of other means of obtaining it, and the burden placed on the claimants by the subpoenas."  *Id.*

In the *Heidelberg Americas, Inc. v. Tokyo Kikai Seisakusho, Ltd.* matter, the First Circuit found that the district court acted in its discretion in quashing a third party subpoena that cast too wide of a net.  *Heidelberg Americas, Inc. v. Tokyo Kikai Seisakusho, Ltd.* 333 F.3d 38, 41 (1st Cir. 2003).  Specifically, the Court found the materials requested of a third party – financials and documents related to a potential acquisition of a defendant company- were not subject to the threshold of litigation of whether that defendant had violated that Anti-Dumping Act of 1916. *Id.*  The Court found that although the documents would be germane as to how much such violations of that Act harmed that defendants, the Court was left with "some considerable question … as to how discovery of the materials would lead to *admissible* evidence… [i]n other words, the documents are not obviously, and perhaps not even reasonably, calculated to lead to other discoverable materials."  *Id.*  Simply, as the caselaw highlights, "[a] litigant may not

engage in merely speculative inquiries in the guise of relevant discovery." *Micro Motion, Inc. v. Kane Steel Co., Inc.,* 894 F.2d 1318, 1328 (Fed.Cir. 1990). Further, "Courts have recognized that if 'material sought by subpoena is readily available' to a party in the action, [as the court found likely], then 'obtaining it through subpoena on a nonparty often will create an undue burden.'" *Ponder v. Ocwen Loan Servicing, LLC*, 2019 WL 2249675, at *2 (D.Mass., 2019) citing *New England Compounding Pharmacy, Inc. Prod. Liab. Litig.*, No. 13-md-02419, 2013 WL 6058483, at *7 (D. Mass., 2013) quoting *Gray v. Town of Easton*, No. 3:12-cv-00166, 2013 WL 2358599, at *3 (D. Conn., 2013).

## II.    ANALYSIS.

The subpoenas are overbroad, invasive of an individual's privacy, request information available by other means, and are an attempt to garner contents of emails in violation of the Stored Communications Act.  The Plaintiffs have requested identifying information as to all emails from Mr. Toussaint's yahoo email account.  The request related to every email is not properly tailored to the subject matter of the suit, whether Liberty violated the TCPA. *See* Fed. R. Civ. P. 26(c)1.  Analyzing how *all* of Mr. Toussaint's email information can lead to discovering *admissible* evidence as to whether Liberty violated the TCPA is akin to the requests analyzed in *Heidelberg*; the requests are obviously, not even reasonably, uncalculated to Plaintiffs' claims.  *Id.*; *Heidelberg Americas, Inc.*, 333 at 41.  Simply, Rule 26's relevancy requirement dictates the parameters of what the Plaintiffs may request via subpoena, i.e. the request must be relevant to the subject matter of litigation.  *See* Fed. R. Civ. P. 26(c)1.  Parties should be barred from such speculative discovery appearing under a guise of relevant discovery. *See Micro Motion, Inc.*, 894 F.2d at 1328.

Moreover, such a request is a direct invasion into Mr. Toussaint's privacy without cause. The subject matter of the email is a tipping point into the contents of the email.  It is well settled

that civil litigants are not permitted to discovery the content of consumer electronic communications. *Bower v. Bower*, 808 F.Supp.2d 348, 349–50 (D.Mass. 2011). Specifically, the Stored Communications Act provides:

> a person or entity providing an electronic communication service to the public shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage by that service[.] 18 U.S.C. § 2702(a)(1).

The SCA's eight exceptions do not include responding to a civil subpoena. *See* 18 U.S.C. § 2702(b)(1)(8); *Bower,* 808 F. Supp.2d at 349-50. "Faced with this statutory language, courts have repeatedly held that providers such as Yahoo! and Google may not produce emails in response to civil discovery subpoenas." *Id.*, further citations omitted. The *Bower* Court also noted that there is case law to support Rule 34 document requests to require an opposing party to obtain its own emails from an electronic service provider. *Id.* citing *Flagg v. City of Detroit,* 252 F.R.D. 346, 367 (E.D.Mich. 2008) ("in light of SCA, court will not enforce discovery subpoena directed to electronic service provider, but orders plaintiff to file a Rule 34 document request propounded to party").

The Plaintiffs' verbiage in the subpoena is careful not to request the content of the email and it is anticipated that Plaintiffs' opposition will be that the subpoena does not request content protected by the SCA. However, requesting identifying information such as the subject of emails, especially of a personal email account, is a tipping point to the exact area that is protected by the SCA. Moreover, there are other means to obtain email information related to employees and or agents of Liberty without overbroad discovery invading an individual's privacy: This is by a Rule 34 request on Liberty. *See Ponder,* 2019 WL 2249675, at *2 (preferring discovery requests then burdening a third party). When faced between subpoenaing a third party or engaging in party discovery, the latter should be favored. *Id.*

The same arguments as for the Yahoo subpoena may be directly applied to the Google subpoena. The Google subpoena seeks information to identify any and all emails sent to and from the listed forty-six addresses. The subpoena is not tailored to relevant issues in this litigation, violation of the TCPA. *See* Fed. R. Civ. P. 26(c). While it may be germane to any and all calls or correspondence from those emails, it also captures a wide net of speculative discovery that should be avoided. *See Micro Motion, Inc.*, 894 F.2d at 1328. Plaintiffs have other means of obtaining any relevant discoverable information through Rule 34 requests of the parties. *See Ponder,* 2019 WL 2249675, at *2.

### III.   STANDING.

Liberty has standing to make this motion. "A party has standing to move to quash a non-party subpoena if the information sought by the subpoena implicates a personal right or privilege of the party." *Ponder*, 2019 WL 2249675, at *2 citing *S.E.C. v. Present,* No. 14-cv-14692, 2016 WL 10998438, at *3 (D. Mass., 2016), further citations omitted. "The personal right or privilege claimed need not be weighty: parties need only have *some* personal right or privilege in the information sought to have standing to challenge a subpoena to a third party." *Id.* citing *S.E.C. v. Navellier & Assocs., Inc.*, No. 17-cv-11633, 2019 WL 688164, at *2 (D. Mass., 2019) (quoting *Degrandis v. Children's Hosp. Bos.*, 203 F. Supp. 3d 193, 198 (D. Mass., 2016)); see also *Cabi v. Bos. Children's Hosp.*, No. 15-cv-12306, 2017 WL 8232179, at *3 (D. Mass., 2017) (defendant had standing to challenge subpoena on a third party where defendant had provided privileged information to that third party).

As articulated above, the subpoenas directly involve a right or privilege of Liberty-namely records that were produced by an employee of Liberty, or purportedly, in regards to the google subpoena, on Liberty's behalf. Accordingly, there is no question that Liberty has an interest in the subject of the subpoenas.

## CONCLUSION

For all the above reasons, the Plaintiffs' subpoenas should be quashed and/or a Protective Order enter. Defendants further request that should the Court grant such relief, Plaintiffs certify they have destroyed any such documents received by Yahoo via affidavit with this Court.

**LIBERTY POWER CORP., LLC and**
**LIBERTY POWER HOLDINGS, LLC,**

By their attorneys,

*/s/ Rachel E. Moynihan*
Rachel E. Moynihan (BBO # 663887)
Craig R. Waksler (BBO # 566087)
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
Two International Place, 16th Floor
Boston, MA 02110-2602
Telephone: 617-342-6800
Facsimile: 617-342-6899
*rmoynihan@eckertseamans.com*
*cwaksler@eckertseamans.com*

Charles A. Zdebski (*pro hac vice*)
Robert J. Gastner (*pro hac vice*)
Jeffrey P. Brundage (*pro hac vice*)
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
1717 Pennsylvania Avenue, N.W., 12th Floor
Washington, DC 20006
Telephone: 202-659-6676
Facsimile: 202-659-6699
*czdebski@eckertseamans.com*
*rgastner@eckertseamans.com*
*jbrundage@eckertseamans.com*

Dated: January 15, 2020

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those parties which are as non-registered participants.


*/s/ Rachel E. Moynihan*
Rachel E. Moynihan (BBO # 663887)


Date:   January 15, 2020