UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAMUEL KATZ and LYNNE RHODES individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LIBERTY POWER CORP., LLC AND LIBERTY POWER HOLDINGS, LLC,<br><br>Defendants. | Civil Action No. 18-cv-10506-ADB |

## MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO STAY

BURROUGHS, D.J.

Samuel Katz ("Katz") and Lynn Rhodes ("Rhodes," and together with Katz, "Plaintiffs"), on behalf of four putative classes, allege that Liberty Power Corp., LLC and Liberty Power Holdings, LLC (together, "Liberty Power") or their agents placed calls in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227 *et seq.* On September 24, 2019, the Court issued a memorandum and order denying Liberty Power's motion for summary judgment and granting in part Liberty Power's motion to dismiss (the "Order"). [ECF No. 195]. The Court found the TCPA's debt-collection exception unconstitutional as a content-based restriction on speech that did not serve a compelling government interest. [Id. at 13–16]. Because the Court found "little doubt" that the debt-collection exception is severable, however, it found that the claims were unaffected by the exception's unconstitutionality. [Id. at 16–17].

On November 15, 2019, the Court reiterated its holding and explained that "[e]very court that has considered the constitutionality of the TCPA's debt-collection exception has . . . found that Congress was explicit in its intent that the debt-collection exception be severable." [ECF

No. 208 at 7 (citing Duguid v. Facebook, Inc., 926 F.3d 1146, 1157 (9th Cir. 2019); Am. Ass'n of Political Consultants, Inc. v. F.C.C., 923 F.3d 159, 171 (4th Cir. 2019); Smith v. Truman Road Dev., LLC, No. 4:18-cv-00670, 2019 WL 5654352, at *16 (W.D. Mo. Oct. 31, 2019); Perrong v. Liberty Power Corp., No. 18-cv-00712, 2019 WL 4751936, at *7 (D. Del. Sept. 30, 2019); Parker v. Portfolio Recovery Assocs., LLC, No. 18-cv-02103, 2019 WL 4149436, at *2 (C.D. Cal. July 11, 2019); Wijesinha v. Bluegreen Vacations Unlimited, Inc., No. 19-cv-20073, 2019 WL 3409487, at *5 (S.D. Fla. Apr. 3, 2019); Sliwa v. Bright House Networks, LLC, No. 16-cv-00235, 2018 WL 2296779, at *3 (M.D. Fla. May 21, 2018); Woods v. Santander Consumer USA Inc., No. 2:14-cv-02104, 2017 WL 1178003, at *3 n.6 (N.D. Ala. Mar. 30, 2017)].

The Supreme Court recently granted certiorari in a case concerning the constitutionality and severability of the TCPA's debt-collection exception. See Barr v. Am. Ass'n of Political Consultants, Inc., et al., 140 S. Ct. 812 (2020). Presently before the Court is Liberty Power's motion to stay these proceedings pending a ruling from the Supreme Court. [ECF No. 227]. For the reasons set forth below, the motion to stay, [ECF No. 227], is DENIED.

I. **BACKGROUND**

   A. **Procedural History**

Katz first filed his complaint on March 16, 2018. [ECF No. 1]. On June 25, 2018, Liberty Power answered and brought a third-party complaint against its vendor, Mezzi Marketing LLC. [ECF No. 28]. Plaintiffs filed the operative second amended complaint on November 14, 2018. [ECF No. 109].

Liberty Power filed its motion to dismiss on January 9, 2019. [ECF No. 118]. Plaintiffs opposed the motion, [ECF No. 124], and Liberty Power responded, [ECF No. 130]. Because

Liberty Power argued that the TCPA is unconstitutional, the Government intervened and filed a brief advocating for the TCPA's constitutionality on May 9, 2019.  [ECF Nos. 141, 143, 144].  Liberty Power responded to the Government.  [ECF Nos. 167].  Liberty Power filed its motion for summary judgment on June 21, 2019, in which it argued that Katz and Rhodes lacked standing.[1]  [ECF No. 163].  Plaintiffs opposed, [ECF No. 175], and Liberty Power responded, [ECF No. 184].

The Court issued its Order on September 24, 2019, which denied Liberty Power's motion for summary judgment and granted its motion to dismiss in part, finding that Plaintiffs failed to state a claim under Florida's Uniform Fraudulent Transfer Act.  [ECF No. 195 at 18–20].  Though the Court found the TCPA's debt-collection exception unconstitutional, it allowed Plaintiffs' TCPA claims to go forward because it joined the majority of the courts that have considered the issue and found the debt-collection exception severable.  [Id. at 13–17].  On October 24, 2019, Liberty Power filed its motion for a certificate of appealability, [ECF No. 199], and its motion to stay the proceedings pending resolution of that interlocutory appeal, [ECF No. 200].  The Court denied the motions on November 15, 2019.  [ECF No. 208].

Liberty Power filed the instant motion to stay on April 21, 2020.  [ECF No. 227].  Plaintiffs opposed on April 28, 2020.  [ECF No. 229].

### B.   Factual Background

The Court presumes familiarity with the underlying facts alleged in the complaint, which were summarized in the Court's Order granting in part and denying in part Liberty Power's motion to dismiss.  See [ECF No. 195 at 2–8].

---

[1] On February 27, 2019, the Court bifurcated discovery and stayed class discovery pending summary judgment motions on facts specific to the named plaintiffs. [ECF No. 125 at 1, 8].

In denying Liberty Power's motion to dismiss the TCPA claim, the Court found that the TCPA is an unconstitutional content-based restriction on speech. [ECF No. 195 at 11–17]. Under the TCPA's government debt-collection exception, the legality of a phone call depends entirely on the call's subject matter. [Id. at 14–15]. "[A] private debt collector could make two nearly identical automated calls to the same cell phone using prohibited technology, with the sole distinction being that the first call relates to a loan guaranteed by the federal government, while the second call concerns a commercial loan with no government guarantee." [Id. at 14 (quoting Am. Ass'n of Political Consultants, 923 F.3d at 166)]. The Court therefore found the debt-collection exception unconstitutional. [Id. at 16].

The Court also found the debt-collection exception severable from the TCPA, such that Plaintiff's TCPA claims were unaffected by the provision's unconstitutionality. [Id. at 16–17]. First, it was clear that severing the debt-collection exception would not make the TCPA inoperable, as the statute had been "fully operative" for more than twenty years before Congress added the debt-collection exception. [Id.]. Second, Chapter 5 of Title 47, which includes the TCPA, includes a "Separability" provision stating that "[i]f any provision of this chapter or the application thereof to any person or circumstances is held invalid, the remainder of the chapter and the application of such provision to other persons or circumstances shall not be affected thereby." [Id. (quoting 47 U.S.C. § 608)]. The fact that the provision speaks directly to severability "creates a presumption of severability absent 'strong evidence that Congress intended otherwise.'" Duguid, 926 F.3d at 1156 (quoting Alaska Airlines, Inc. v. Brock, 480 U.S. 678, 686 (1987)). In finding the debt-collection exception severable, the Court adopted the reasoning of the Fourth and Ninth Circuits. [ECF No. 195 at 17 (first citing Duguid, 926 F.3d at 1156–57; and then citing Am. Ass'n of Political Consultants, 923 F.3d at 170–71)].

On January 10, 2020, the Supreme Court granted certiorari in Barr v. American Association of Political Consultants, Inc., 140 S. Ct. 812, 812 (2020), a Fourth Circuit case that the Court discussed in detail in its previous Order, [ECF No. 195 at 13–17]. As relevant to this case, the Supreme Court will consider first, "[w]hether the government-debt exception to the TCPA's automated-call restriction violates the First Amendment," and, second, if the debt-collection exception does violate the First Amendment, "whether the proper remedy for [the] constitutional violation is to sever the exception from the remainder of the statute." Petition for Writ of Certiorari, Barr v. Am. Ass'n of Political Consultants, No. 19-631, 2019 WL 6115075, at *1 (Nov. 14, 2019).

## II.     LEGAL STANDARD

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706–07 (1997) (citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)). "A stay is an intrusion into the ordinary process of administration and judicial review," and is therefore "not a matter of right," but rather is an exercise of discretion. Nken v. Holder, 556 U.S. 418, 427 (2009) (internal quotation marks and citations omitted). "[The] power 'is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.' Deciding whether to stay proceedings involves balancing the interests of the parties and the Court." Bank of Am., N.A. v. WRT Realty, L.P., 769 F. Supp. 2d 36, 39 (D. Mass. 2011) (quoting Landis, 299 U.S. at 254).

"The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [the Court's] discretion." Nken, 556 U.S. at 433–34 (first citing Clinton, 520 U.S. at 708; and then citing Landis 299 U.S. at 255). "[I]f there is even a fair possibility that the stay for

which [the requesting party] prays will work damage to [someone] else[,]" the party seeking the stay "must make out a clear case of hardship or inequity in being required to go forward." Landis, 299 U.S. at 255.

### III. DISCUSSION

The Court has previously found that an interlocutory appeal is unwarranted in this case, as Liberty Power had failed to demonstrate that it would be likely to succeed on appeal. [ECF No. 208 at 9 ("Liberty Power's argument that an interlocutory appeal would advance the termination of this case rests on the assumption that the First Circuit would find that the debt-collection exception was unconstitutional and also could not be severed from the TCPA. Given that every court to have considered this issue to date has found that the debt-collection exception is severable, . . . such a conjectural claim is insufficient to demonstrate that an interlocutory appeal would advance the ultimate termination of the litigation.")]. Liberty Power now asks that the Court stay the case in hopes that the Supreme Court will find the debt-collection exception unconstitutional and not severable.

The debt-collection exception is not at issue in this case. See [ECF No. 195 at 11–17]. Liberty Power's argument in favor of a stay therefore rests on the possibility that the Supreme Court will find that the debt-collection exception is not severable from the rest of the statute, such that the entire statute would be rendered unconstitutional. See [ECF No. 228 at 5–6].

Other district courts have denied similar motions for stays based on the Supreme Court's grant of certiorari. See, e.g., Izor v. Abacus Data Sys., Inc., No. 19-cv-01057, [ECF No. 64 at 3] (N.D. Cal. Apr. 13, 2020) ("Defendant's hope that the Supreme Court will find the government-debt exception inseverable and overturn controlling authority in this circuit does not warrant a stay pending a decision in Barr."); In re Midland Credit Mgmt., Inc., No. 11-md-02286, 2020

WL 1287732, at *4 (S.D. Cal. Mar. 18, 2020) ("[B]ased on the focus of the case before the Supreme Court, the Court finds the unlikelihood of the entire automated-call restriction being stricken suggests that a stay is inappropriate."); Sutor v. Amerigroup Corp., No. 19-cv-01602, 2020 WL 2124180, at *1 (E.D. Va. Mar. 10, 2020) ("[T]he only reason Barr would have any bearing on this case is if the Supreme Court both finds the government-debt exception unconstitutional, and decides, contrary to the holdings of the two courts of appeals to consider this issue, that the appropriate remedy is the extreme measure of striking down the entire statute. Staying this action for months based on this possibility is inefficient and does not promote judicial economy."). Even courts that have stayed proceedings while awaiting the Supreme Court's decision have noted that it is unlikely that the Court would invalidate the entire TCPA based on the debt-collection exception. See, e.g., Lacy v. Comcast Cable Comm'ns, LLC, No. 19-cv-05007, 2020 WL 2041755, at *2 (W.D. Wash. Apr. 28, 2020) (noting that "[d]espite agreeing with [the plaintiff] that the Supreme Court is unlikely to invalidate the TCPA's automated-call restriction, a stay [wa]s nonetheless warranted" because the stay would likely be brief, given the Court's oral argument schedule).

      The Court understands that, in the unlikely event that the Supreme Court decides to find the entire TCPA unconstitutional instead of severing the debt-collection exception, the parties in this case are at risk of spending time and resources unnecessarily. Litigation expenses, even a "substantial and unrecoupable cost," do not constitute irreparable injury. Renegotiation Bd. v. Bannercraft Clothing Co., Inc., 415 U.S. 1, 24 (1974); see also Picone v. Shire, LLC, No. 16-cv-12396, 2020 WL 3051871, at *2 (D. Mass. June 8, 2020) ("A stay is inappropriate here because the only 'irreparable harm' identified by [d]efendants is the cost of continuing to litigate this action. However, it is well established that 'litigation costs do not rise to the level of irreparable

injury.'" (alteration in original) (quoting Glatt v. Fox Searchlight Pictures, Inc., No. 11-cv-06784, 2013 WL 5405696, at *4 (S.D.N.Y. Sept. 17, 2013)).  Further, the Supreme Court heard oral arguments on May 6, 2020.  Barr v. Am. Ass'n of Political Consultants, No. 19-631 (2020).  Therefore, any alleged harm in the form of litigation expenses while the parties await the Supreme Court's decision will likely be minimal.

Plaintiffs, meanwhile, argue that they have already documented the loss of potential evidence in this case, an issue which would doubtless be exacerbated by a stay.  [ECF No. 229 at 9].  The Court finds that Plaintiffs are rightly concerned about the loss of such evidence and would be prejudiced by a stay even if to a minimal degree.  See, e.g., Sutor, 2020 WL 2124180, at *2 ("[T]here is a significant risk that if the action is stayed for several months, plaintiff will be prejudiced.  Although defendant has apparently implemented a litigation hold, a prolonged stay can make discovery unnecessarily difficult for other reasons, as relevant employees leave and memories fade."); Clinton, 520 U.S. at 707–08 (noting that a stay "would increase the danger of prejudice resulting from the loss of evidence, including the inability of witnesses to recall specific facts").

Plaintiffs filed this action in March 2018.  [ECF No. 1].  In the two years since that complaint was filed, the Court has bifurcated discovery, [ECF No. 125], stayed class discovery, [id.], and ruled on motions to dismiss the complaint and for summary judgment, [ECF No. 195].  Although the Court does not presume any inappropriate intent on the part of Liberty Power and understands that it must vigorously defend itself in this case, it would be unfair to Plaintiffs to further delay these proceedings because of the unlikely possibility that the Supreme Court will invalidate an entire statute rather than severing an unconstitutional provision.  See, e.g., In re Atl.

Pipe Corp., 304 F.3d 135, 147 (1st Cir. 2002) ("[I]t is trite but often true that justice delayed is justice denied.").

The Court previously joined the Fourth and Ninth Circuits and found that the debt-collection exception was severable. [ECF No. 195 at 17]. The Court now joins those Circuit's district courts in finding that a stay would be inappropriate in this case, given that the debt-collection exception is not at issue and the unlikelihood of the Supreme Court invalidating the entire TCPA. See Midland Credit Mgmt., 2020 WL 1287732, at *4; Sutor, 2020 WL 2124180, at *2.

## IV.     CONCLUSION

Accordingly, Liberty Power's motion to stay these proceedings while the Supreme Court considers the constitutionality of the debt-collection exception, [ECF No. 227], is DENIED.

**SO ORDERED.**

June 23, 2020                                       /s/ Allison D. Burroughs
                                                    ALLISON D. BURROUGHS
                                                    U.S. DISTRICT JUDGE