UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAMUEL KATZ and LYNNE RHODES, individually, and on their own behalf and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br>   v.<br><br>LIBERTY POWER CORP., LLC,<br>LIBERTY POWER HOLDINGS, LLC,<br>Delaware limited liability companies,<br><br>                Defendants. | No. 1:18-cv-10506<br><br>**PLAINTIFFS' REPLY SUPPORTING THEIR MOTION TO COMPEL INTERROGATORIES 2 AND 3**<br><br>**Leave to file granted on December 22, 2020** |
| LIBERTY POWER CORP., LLC, and<br>LIBERTY POWER HOLDINGS, LLC,<br><br>                Third-Party Plaintiffs,<br>   v.<br><br>MEZZI MARKETING, LLC,<br><br>                Third-Party Defendant. | |

Plaintiffs Samuel Katz and Lynne Rhodes (collectively, "Plaintiffs") hereby submit their reply supporting their motion for an order compelling Defendants Liberty Power Corp., LLC and Liberty Power Holdings, LLC ("Defendants") to fully answer Interrogatories 2 and 3 and for other relief under Federal Rules 33 and 37.

**I.       Procedural Posture of the Motion**

The parties have disputed Defendants' responses to Interrogatories 2 and 3 since 2018. (ECF No. 242-2 ¶¶3-7.) Defendants served answers to Interrogatories 2 and 3 twelve hours after Plaintiffs filed their motion to compel, then asserted the answers "moot[ed]" Plaintiffs' motion and demanded Plaintiffs withdraw the motion. (Brundage Decl. ¶¶3-4.) As Plaintiffs explained, however, Defendants' new answers were incomplete. (*See* ECF No. 257-1 ¶¶5-7 (hereinafter, "Preston Decl.").) These problems cast serious doubts on whether Defendants undertook the

"reasonable inquiry" to answer *any* of Plaintiffs' discovery required under Rule 26(g).

## II.     Defendants' Answers Are Incomplete

Defendants reiteriate that they have "fully and properly answered Interrogatories 2 and 3," without any qualification. (Def.s' Opp. 7. *See also id*. 3 ("'fully and completely' answered Interrogatories 2 and 3 under oath"); 6 ("Plaintiffs also allege the answers to Interrogatories 2 and 3 are not "complete and correct". . . There is no factual or legal basis for this assertion.").) This is not correct, however. At a minimum, Defendants collected information from their telemarketers about their dialing equipment in a questionnaire: Defendants' answers omit this information. (Preston Decl. ¶7.) Defendants' answers also refer to "Internal Liberty Power Servers" without any further detail. (*Id*. ¶3.) "The spirit of the Civil Rules requires that a party be responsive, complete, and forthcoming in its answer," and Defendants were not. *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 14 (1st Cir. 2004). Certainly, Defendants needed to disclose their telemarketers' dialing equipment identified in their questionnaires, and identify the "Internal Liberty Power Servers" individually. (*See* Preston Decl. ¶3 (Interrogatory 2 covers "telephone dialing equipment, systems, or software used by [Defendants'] telesales channels").)

## III.    Defendants' Interrogatory Answers Reflect a Deficient Inquiry Under Rule 26(g)

When corporate litigants answer interrogatories, they must "furnish the information available to the party," and designate an agent to sign the answers. Fed. R. Civ. P. 33(b)(1)(B), (5). *See Shulin v. Werner Enters., Inc.*, No. 15-87, 2017 WL 10379225, *5 (N.D.W. Va. Aug. 11, 2017). Although the designated signing agent is not necessarily required to have personal knowledge, he or she "must be able to warrant the veracity of the answers. . . . In other words, a corporate representative must have a basis for signing and stating that the responses are accurate." *Id*. (citing *In re Folding Carton Antitrust Litig.*, 76 F.R.D. 417, 419 (N.D. Ill. 1977)).

*Cf. Shepherd v. Am. Broadcasting Cos., Inc.*, 62 F.3d 1469, 1482 (D.C. Cir. 1995) (person who verifies interrogatory responses "must have a basis for signing the responses and for thereby stating on behalf of the corporation that the responses are accurate"; citing *Folding Carton*, 76 F.R.D. at 419; followed by, e.g., *Abrams v. Ciba Specialty Chemicals Corp.*, 265 F.R.D. 585, 587 (S.D. Ala. 2010)).

The omissions of the outside telemarketers' dialers from the answer to Interrogatory 2 make it clear that, whatever process Defendants used to confirm their amended answers, it was patently inadequate. "The person verifying the interrogatories must ensure that enough due diligence and investigation have been conducted to be sure that the party's answers are complete and the information is reliable and accurate. . . Merely reading the answers and taking them at face value falls far short of the verification standard." *Shulin*, 2017 WL 10379225, at *5 (citation, punctuation omitted). Where the verifier "simply read the interrogatories and passed them along," the "verification [is] improper." *Id.*

These omissions also indicate Defendants did not undertake the "reasonable inquiry" required under Rule 26(g).

> [A party's] reasonable inquiry into the factual basis of its discovery responses . . . would have required, at a minimum, a reasonable procedure to distribute discovery requests to all employees and agents of the defendant potentially possessing responsive information, and to account for the collection and subsequent production of the information to plaintiffs.

*National Ass'n of Radiation Survivors v. Turnage*, 115 F.R.D. 543, 556 (N.D. Cal. 1987). Rule 26(g) also requires counsel to "exercise some degree of oversight to ensure that [its] client's employees are acting competently, diligently and ethically in order to fulfill their responsibility to the Court," and to formulate a plan "which will ensure full and fair compliance with [pending discovery]." *Bratka v. Anheuser-Busch Co., Inc.*, 164 F.R.D. 448, 461 (S.D. Ohio 1995).

The Court should impose a remedy that ensures Defendants actually completely and fully answer Interrogatories 2 and 3, requiring declarations regarding Defendants' search for responsive information, as well as an explanation for their failure to provide complete answers previously. *See Alexander v. FBI*, 194 F.R.D. 299, 302 (D.D.C. 2000) (compelling supplemental response that "explain[s] in detail the search that was performed, including the locations searched" for responsive documents). *Cf. Anderson v. Cryovac, Inc.*, 862 F.2d 910, 930 (1st Cir. 1988) (when "there has been an unrevealed failure to make discovery" on relevant evidence, "salient" discovery about the cause of that failure may "yield[] results highly pertinent to a reasoned decision" on the appropriate remedy; motion for new trial).

The issues raised in this reply are systemic, and similar problems apply to Defendants' discovery elsewhere.

## IV. Defendants' Objections Do Not Justify Defendants' Responses

Defendants' objections do not justify their incomplete answers. At the outset, Defendants outright commit to the position that they did not withhold any information from their amended answers based on their objections. (Def.s' Opp. 3, 6-7.) Further, Defendants make no argument to justify their objections to Interrogatories 2 and 3, and do not attempt to rebut the opening motion's substantive arguments against those objections. (*Cf.* Pl.s' Mot. 4-11.)

Serving an incomplete answer which withholds relevant, responsive information based on meritless objections is improper, and certainly does not "moot" a pending motion to compel. Where Defendants answered Interrogatories 2 and 3 subject to their objections, "the objections serve only to obfuscate whether there is an actual . . . answer being withheld." *Harry Gardner & Meredith Gardner v. Ford Motor Co.*, No. 14-508, 2015 WL 12838996, *2 (M.D. Fla. Feb. 17, 2015) (ordering litigant "to supplement her responses to clarify whether her answers are

complete and, if not, to provide a complete answer"; citation omitted). *See Liguria Foods, Inc. v. Griffith Labs., Inc.*, 320 F.R.D. 168, 187 (N.D. Iowa 2017) ("simply stating that a response is 'subject to' one or more general objections [violates Rule 33 because] it leaves the propounding party unclear about which of the numerous general objections is purportedly applicable as well as whether the . . . answers provided are complete").

Further, Defendants cannot "restart the clock" and force Plaintiffs through another round of fruitlessly meeting and conferring, by simply serving defective Interrogatory answers immediately after they forced Plaintiffs to motion practice. *Cf.* Fed. R. Civ. P. 37(a)(5)(A) (sanctions allowed even "if the . . . requested discovery is provided after the motion was filed").

> [T]here are strong policy reasons favoring a requirement that a party raise all existing objections to [discovery] with particularity and at the time of answering the request, so that counsel may meet and confer ***once*** to try to resolve the objections and, if unsuccessful, present the dispute to the court for prompt resolution. . . . Structuring the rule this way encourages diligence in answering discovery requests . . .

*Hall v. Sullivan*, 231 F.R.D. 468, 473 (D. Md. 2005) (italics added; citing, e.g., *Krewson v. City of Quincy*, 120 F.R.D. 6, 7 (D. Mass. 1988)). *Cf., e.g.*, *Williams v. Taser Int'l, Inc.*, 274 F.R.D. 694, 697 (N.D. Ga. 2008) ("[h]aving already been through the meet-and-confer process once, Plaintiffs were not required to go through the delay of a second effort to obtain compliance before seeking the Court's assistance"); *Adolph Coors Co. v. Am. Ins. Co.*, 164 F.R.D. 507, 517 (D. Colo. 1993) (meet and process is "not a device which permits a party to interpose blanket boilerplate objections to perfectly proper [discovery] and then obdurately discuss the matter to death in a vain attempt to avoid going to court").[1] Such a rule would prevent the meet and confer

---

[1] *See also Senat v. City of New York*, 255 F.R.D. 338, 340 (E.D.N.Y. 2009) (where parties had met and conferred once, but defendants failed to produce discovery after plaintiff granted extension, "plaintiff was under no further obligation to confer before addressing the matter to the court"); *Adolph Coors*, 164 F.R.D. 507, 516, 517 (D. Colo. 1993) (defendant "delayed proceedings [and] abus[ed] [the] court's meet-and-confer rule" by "interpos[ing] baseless

process from resolving discovery disputes short of motion practice.[2]

Dated: December 22, 2020    By:    s/Ethan Preston
<div style="margin-left:2em">

David C. Parisi
dcparisi@parisihavens.com
Suzanne Havens Beckman
shavens@parisihavens.com
**PARISI & HAVENS LLP**
212 Marine Street, Unit 100
Santa Monica, California 90405
Telephone: (818) 990-1299
Facsimile: (818) 501-7852

Yitzchak H. Lieberman
ylieberman@parasmoliebermanlaw.com
Grace E. Parasmo
gparasmo@parasmoliebermanlaw.com
**PARASMO LIEBERMAN LAW**
7400 Hollywood Boulevard, Suite 505
Los Angeles, California 90046
Telephone: (917) 657-6857
Facsimile: (877) 501-3346

Ethan Preston
ep@eplaw.us
**PRESTON LAW OFFICES**
4054 McKinney Avenue, Suite 310
Dallas, Texas 75204
Telephone: (972) 564-8340
Facsimile: (866) 509-1197

*Attorneys for Plaintiff Plaintiffs Samuel Katz and Lynne Rhodes, on their own behalf, and behalf of all others similarly situated*

</div>

---

boilerplate objections to request after request" and "maintaining its baseless position throughout the meet-and-confer conferences"); *Tubbs v. Sacramento Cty. Jail*, No. 06-0280, 2008 WL 863974, *4 (E.D. Cal. Mar. 28, 2008) ("meet and confer process [is not] invitation to be initially stubborn [or] means by which discovery timeliness can be unilaterally extended").

[2] "Incomplete, evasive and overly general responses and objections also put the requesting party at a tactical disadvantage in trying to shake free responsive documents [at] the Rule 37 conference, which cannot be fairly (and therefore effectively) conducted when the requesting party does not even know the extent of what has been withheld or why." *Chevron Midstream Pipelines LLC v. Settoon Towing LLC*, No. 13-2809, 2015 WL 269051, *4-5 (E.D. La. Jan. 21, 2015) (citation omitted).

## CERTIFICATE OF SERVICE

I, Ethan Preston, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: December 22, 2020     By:     s/Ethan Preston
                                     Ethan Preston