<u>Exhibit 1</u>

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAMUEL KATZ, *et al.*, individuals, on their own behalf and on behalf of all others similarly situated, <br>          *Plaintiffs*, <br><br> v. <br><br> LIBERTY POWER CORP., LLC, *et al.*, <br>          *Defendants*. <br> _____ <br> LIBERTY POWER CORP., LLC, *et al.*, <br><br>          *Third-Party Plaintiffs*, <br><br> v. <br><br> MEZZI MARKETING, LLC, <br><br>          *Third-Party Defendant*. | Case No. 1:18-cv-10506-ADB-DLC |

## DECLARATION OF CHARLES A. ZDEBSKI IN SUPPORT OF RESPONSE IN OPPOSITION TO COUNTER-DEFENDANT SAMUEL KATZ'S MOTION TO DISMISS

I, Charles A. Zdebski, upon my own personal knowledge, under oath hereby depose and state as follows:

1. I am over the age of 18 years old and otherwise competent to testify.

2. I am an attorney representing the Counter-Plaintiffs Liberty Power Corp., LLC and Liberty Power Holdings, LLC ("Counter-Plaintiffs" or "Liberty Power"), in the above-captioned matter.

3. I also served as an attorney representing Liberty Power in its lawsuit against Plaintiff/Counter-Defendant Samuel Katz ("Mr. Katz") in the Circuit Court of Broward County, Florida *Liberty Power Corp., LLC v. Katz* (Case No.18017922) and Liberty Power's appeal to

the District Court of Appeal of Florida, Fourth District (Case No. 4D19-3144)(collectively the "Florida Litigation").

4. I am filing this declaration in support of Defendants' Response in Opposition to Plaintiff/Counter-Defendant Samuel Katz's Motion to Dismiss Defendants' Counterclaims (ECF No. 268)("Motion to Dismiss" or "MTD")("Opposition").

5. I am a member of Eckert Seamans Cherin & Mellott, LLC, with offices at 1717 Pennsylvania Avenue NW, Washington, DC 20006. I have participated in and personally supervised the representation of Liberty Power in this action and the Florida Litigation. I have been a practicing attorney since 1994, primarily representing clients in complex business litigation in federal and state trial and appellate courts. I have regularly represented Liberty Power and affiliated entities in such matters since approximately 2015.

6. Liberty Power's Counterclaim against counter-defendant Mr. Katz seeks damages for Mr. Katz's violation of the Florida Security of Communications Act, § 934.01, *et seq.*, Fla. Stat. (2019) (the "FSCA"). Liberty Power's counter-complaint (ECF No. 198) and amended counter-complaint (ECF No. 203, 209) (the "Complaint") include counts for statutory civil remedies under the FSCA and negligence *per se*.

7. Liberty Power's claims are based on telephone conversations between Mr. Katz and certain Liberty Power employees that Mr. Katz recorded without Liberty Power's or its employees' consent. Complaint, ¶¶ 9-23. In December of 2019, the parties stipulated to stay and toll the counterclaim, until 30 days after Liberty gave notice it was lifting the stay. (ECF Nos. 212, 213).

8. The same allegations that support Liberty Power's claims in the Complaint also support its affirmative defenses of unclean hands and lack of standing on Mr. Katz's part.

Answer, p. 13 (ECF No. 28).  Upon information and belief, Mr. Katz's recording of his phone calls with the targets of his various lawsuits is part of this pattern of behavior.  Liberty Power will seek to present evidence to this effect in any trial in this proceeding to support its affirmative defenses.

9.      Liberty Power initiated the Florida Litigation on July 27, 2018.  Mr. Katz, through counsel pursuant to a "special appearance," moved to dismiss the Florida Complaint for alleged lack of personal jurisdiction over him.  Mr. Katz asserts that he resides in Maine and recorded the telephone calls at issue from his residence in Maine.  *See* Complaint, ¶ 5.

10.      Liberty Power conducted limited jurisdictional discovery in the Florida Litigation, including written discovery requests and a deposition of Mr. Katz.  Following that jurisdictional discovery, Liberty Power amended the Florida Complaint including jurisdictional allegations based on the Florida long-arm statute, § 48.193(1), Fla. Stat. (2019).  Attached hereto as Exhibit A ("Amended Florida Complaint").  Mr. Katz renewed his motion to dismiss for alleged lack of personal jurisdiction.  Mr. Katz did not move to dismiss the Florida Litigation on any basis other than alleged lack of personal jurisdiction over him.

11.      On September 11, 2019, the trial judge in the Florida Litigation held a hearing regarding Mr. Katz's motion to dismiss.  He granted the motion at the conclusion of the hearing and expressed three principal reasons for his ruling.  First, he distinguished the recording of telephone conversations at issue in this and other FSCA cases from different torts that were involved in another controlling case decided by the Florida Supreme Court.  *See* Excerpt from Record in Florida Court, attached hereto as Exhibit B.  Second, he recognized that there was a seeming conflict between two Florida District Court of Appeal decisions (*see id* citing *Kountze v. Kountze*, 996 So. 2d 246 (Fla. 2d DCA 2008), and *France v. France*, 90 So. 3d 860 (Fla. 5th

DCA 2012), *rev. dismissed*, 130 So. 3d 692 (Fla. 2013), regarding application of the long-arm statute in FSCA cases, but he concluded that the *Kountze* decision was better reasoned and could be reconciled with other conflicting precedent.  *Id*.  Third, he noted that *Kountze* was an *en banc* opinion.  *Id*.

12.     At the conclusion of the motion hearing, the trial court entered an order granting Mr. Katz's motion to dismiss, stating that "[t]he motion is granted for the reasons set forth on the record.  *See* Exhibit 5 to the Motion to Dismiss (ECF No. 268-5).  The Court then dismissed the case **without prejudice** for lack of personal jurisdiction.  *Id*.

13.     Liberty Power timely filed a notice of appeal on October 7, 2019, and Mr. Katz filed a notice of cross-appeal on October 17, 2019.  On December 3, 2020, the Court of Appeals affirmed the trial court's ruling in a one page order that did not elaborate on the court's reasoning in doing so.  *See Liberty Power Corp., LLC v. Katz*, No. 4D19-3144, 2020 WL 7074168 (Fla. Dist. Ct. App. Dec. 3, 2020)

14.     On January 7, 2021, Liberty Power provided Mr. Katz with notice that it had lifted the stay of its Counterclaims in this proceeding. On January 11, 2021, Mr. Katz filed his Motion to Dismiss. (ECF No. 268).

15.     I have reviewed the invoices and billing records for the attorneys' fees accrued in the Florida Litigation.  In my opinion, all of the fees incurred were reasonable and necessary in connection with that matter.  These fees were well in excess of $75,000.

16.     Based on my review of the attorneys' fees incurred in the Florida Litigation, my review of the fees incurred thus far in the instant matter, and my general professional experience, I believe that the attorneys' fees necessary to prosecute of Liberty Power's counterclaims through trial in this matter would exceed $200,000.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.


Executed on February 1, 2021                    _/s/ Charles A. Zdebski_
                                                 Charles A. Zdebski

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 1, 2021, the foregoing document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the NEF:

John L Fink, Esq.
Sims and Sims LLP
53 Arling St.
Brockton, MA 0230
*Co-Counsel for Plaintiff*

David C. Parisi, *Pro Hac Vice*
Suzanne Havens Beckman, *Pro Hac Vice*
PARISI & HAVENS LLP
212 Marine Street, Unit 100
Santa Monica, CA  90405
*Co-Counsel for Plaintiff*

Yitzchak H. Lieberman, *Pro Hac Vice*
Grace E. Parasmo, *Pro Hac Vice*
PARASMO LIEBERMAN LAW
7400 Hollywood Blvd., Suite 505
Los Angeles, CA  90046
*Co-Counsel for Plaintiff*

Ethan M. Preston, *Pro Hac Vice*
PRESTON LAW OFFICES
4054 McKinney Avenue
Suite 310
Dallas, TX 75204
*Co-Counsel for Plaintiff*

Matthew R. Mendelsohn, *Pro Hac Vice*
MAZIE SLATER KATZ & FREEMAN, LLC
103 Eisenhower Parkway
Roseland, NJ 07068
*Co-Counsel for Plaintiff*

<u>/s/</u> Nicole J. Cocozza
Nicole J. Cocozza

Exhibit A

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

LIBERTY POWER CORP., LLC,                )        CASE NO. 18-017922
                                         )
                Plaintiff,               )
                                         )
v.                                       )
                                         )
SAMUEL KATZ,                             )
                                         )
                Defendant.               )
                                         )

## PLAINTIFF LIBERTY POWER CORP., LLC'S FIRST AMENDED COMPLAINT AGAINST SAMUEL KATZ

Plaintiff Liberty Power Corp., LLC ("Liberty Power"), through its undersigned counsel of record, hereby states as follows for its First Amended Complaint against Defendant Samuel Katz ("Katz").

## INTRODUCTION

1.      Katz is a serial plaintiff.  He is currently involved in, or has recently been involved in, at least eleven separate pieces of litigation, some of them brought as purported class actions, many of them asserting consumer law claims and all of them using civil litigation to seek monetary recovery for Katz, including claims against companies for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").  Among other things, Katz maintains multiple telephone numbers, engages several attorneys and surreptitiously records and tracks telephone calls to further his economic venture.  Katz has sent at least 25 demand letters insisting on payment from parties for alleged TCPA violations.

2.      Against this background, Katz initiated a series of communications directed to Liberty Power in Florida, including (a) sending and/or trying to send a series of e-mails to various Liberty Power employees, (b) calling and leaving two voicemail messages for Garson Knapp, Associate General Counsel for Liberty Power, at his office in Fort Lauderdale, Florida, and (3) placing calls to, and leaving two personal messages for, Mr. Knapp and/or David Hernandez and Alberto Daire, who are officers of Liberty Power, at their offices in Fort Lauderdale, Florida, all for the purpose of seeking a monetary settlement from Liberty Power of Katz's alleged TCPA claims.

3.      Twice, Mr. Knapp called Katz back.  Twice, in good faith, Mr. Knapp discussed Katz's alleged claims against Liberty Power and request for payment with him, for about 15 minutes each time.  And twice, Katz unlawfully recorded the entire conversation without even informing Mr. Knapp that he was doing so, much less obtaining his consent.  Katz also unlawfully recorded the two personal messages he left for Messrs. Knapp, Hernandez and Daire without informing the Liberty Power employee with whom he spoke that he was doing so or seeking and obtaining her consent.  Katz therefore violated the Florida Security of Communications Act  (Fla. Stat. § 934.01, *et seq*.) at least four times in pursuit of his financial gain as a serial plaintiff and is therefore liable to Liberty Power for statutory damages, punitive damages and reasonable attorneys' fees.

**PARTIES**

4.      Liberty Power is a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal place of business located at 2100 W. Cypress Creek Rd., Suite 130, Fort Lauderdale, Broward County, Florida.

5.     Upon information and belief, Katz is an individual and citizen of the State of Maine who resides at 92 Lincoln Street, Dover-Foxcroft, Maine 04426.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over this action because Liberty Power seeks damages in an amount greater than $15,000, exclusive of interest, costs and attorneys' fees.

7.     As more particularly alleged in this Complaint, this Court has personal jurisdiction over Katz because, *inter alia,* (a) the tortious acts and statutory violations complained of in this Complaint and/or the consequences of those acts occurred in the State of Florida, (b) Katz has operated, conducted, engaged in, and carried on a business or business venture in the State of Florida, and (c) Katz has regularly traveled to the State of Florida.

8.     Venue is proper in this Court because the causes of action accrued in Broward County, Florida.

## FACTS

9.     On or about January 5, 2018, Katz called Liberty Power to discuss various alleged claims that he intended to pursue against Liberty Power.

10.     On or about January 5, 2018, Katz left a voicemail message for Mr. Knapp at his office in Fort Lauderdale, Florida, requesting to be called back.  Katz recorded that voicemail message.

11.     Also on or about January 5, 2018, Katz placed a call to Mr. Hernandez at his office in Fort Lauderdale, Florida, and left a personal message for Mr. Hernandez to call Katz back.  Katz recorded the conversation in which he left that message for Mr. Hernandez, without seeking or obtaining the consent of the person with whom he spoke or Liberty Power to record the conversation.

12.     On or about January 5, 2018, Garson Knapp, Associate General Counsel for Liberty Power, from his office in Fort Lauderdale, Florida, phoned Katz in response to his voicemail message and the message Katz left for Mr. Hernandez.

13.     During that phone call, Katz recorded his conversation with Mr. Knapp.

14.     Katz did not inform Mr. Knapp or Liberty Power that Katz was recording the phone conversation.

15.     Katz did not obtain Mr. Knapp's or Liberty Power's consent to record the phone conversation.

16.     On or about January 8, 2018, Katz left another voicemail message for Mr. Knapp at his office in Fort Lauderdale, Florida, requesting to be called back.  Katz recorded that voicemail message.

17.     Also on or about January 8, 2018, Katz placed a call asking to speak with Mr. Hernandez, Mr. Daire or Mr. Knapp, at their offices in Fort Lauderdale, Florida, and left a personal message for one of them to call Katz back.  Katz recorded the conversation in which he left that message, without seeking or obtaining the consent of the person with whom he spoke or Liberty Power to record the conversation.

18.     On or about January 8, 2018, Mr. Knapp, from his office in Fort Lauderdale, Florida, again phoned Katz in response to his voicemail message and the personal message left by Katz for Mr. Knapp, Mr. Hernandez and Mr. Daire.

19.     On or about January 8, 2018, Katz again recorded his conversation with Mr. Knapp.

20.     Katz did not inform Mr. Knapp or Liberty Power that Katz was recording this second phone conversation.

21.     Katz did not obtain Mr. Knapp's or Liberty Power's consent to record this second phone conversation.

22.     At all times relevant to this Complaint, Liberty Power was a person as defined by Fla. Stat. §934.02(5).

23.     At all times relevant to this Complaint, Mr. Knapp and the persons with whom Katz left personal messages for Mr. Knapp, Mr. Hernandez and Mr. Daire were employees and agents of Liberty Power acting within the scope of their authority as employees and agents of Liberty Power.

24.     Upon information and belief, Katz subsequently disclosed the recording of his phone conversations with Mr. Knapp multiple times to his attorneys and possibly other individuals and inaccurately purported to describe part of the contents of one of those conversations in a pleading filed in other litigation between Katz and Liberty Power.

25.     At all times relevant to this Complaint, Liberty Power did not provide consent for its employees' private phone conversations to be surreptitiously recorded, disclosed or otherwise used.

**COUNT I**
**VIOLATIONS OF FLA. STAT. § 934.10**

26.     Liberty Power repeats and incorporates by reference the allegations contained within Paragraphs 1 through 25 of this Complaint as if each were fully set forth herein.

27.     Pursuant to Fla. Stat. §934.03(1), it is unlawful for a person to intercept wire, oral or electronic communications.

28.     Fla. Stat. §934.03(1)(c) makes unlawful the disclosure of the contents of an intercepted communication to any other person "knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication …"

29.     Under Fla. Stat. §934.03(1)(d), it is unlawful to use any information obtained through an interception knowing or having reason to know that the information was obtained by a prohibited interception of a wire, oral or electronic communication.

30.     Katz knowingly recorded four private phone conversations with Liberty Power's employees without either Liberty Power's or the employees' consent.

31.     Neither Liberty Power nor its employees were aware at the time of the phone calls that Katz was recording the phone conversations.

32.      At no time did Katz ask for the consent of Liberty Power or its employees to record the phone conversations.

33.     Upon information and belief, not only did Katz record these phone conversations, but Katz then willfully and intentionally disclosed the intercepted information to his attorneys and other third parties.

34.     Liberty Power had a reasonable expectation of privacy in its in-house attorney's and other employees' private phone conversations conducted for the purpose of acting as, or on behalf of, Liberty Power's legal counsel.  In addition, Liberty Power had a heightened expectation of privacy as Mr. Knapp believed he was discussing what Katz represented to be negotiations and offers to compromise Katz's alleged claims.

35.     Katz violated Liberty Power's fundamental privacy rights by the conduct alleged in this Complaint.

36.     Katz knew or should have known that Liberty Power had a reasonable expectation of privacy in the phone conversations of its in-house legal counsel and other employees and that the recordings of these conversations were made without Liberty Power's knowledge, consent or approval.

37.     Katz acted with reckless disregard of Liberty Power's right of privacy.

38.     The intentional misconduct on the part of Katz by unlawfully recording his phone conversations with Liberty Power's in-house legal counsel and other employees, disclosing the contents of the illegal recordings to third parties multiple times, and otherwise using the illegal recordings, has caused Liberty Power damages.

39.     As a result of Katz's multiple, intentional violations of Fla. Stat. §934.03, Liberty Power has a civil cause of action against Katz pursuant to Fla. Stat. §934.10.

## COUNT II
## NEGLIGENCE PER SE

40.     Liberty Power repeats and incorporates by reference the allegations contained within Paragraphs 1 through 39 of this Complaint as if each were fully set forth herein.

41.     Florida enacted the Florida Security of Communications Act (Fla. Stat. § 934.01, *et seq*.), based in part on the following legislative finding:

> In order to protect effectively the privacy of wire and oral communications, to protect the integrity of court and administrative proceedings, and to prevent the obstruction of intrastate commerce, it is necessary for the Legislature to define the circumstances and conditions under which the interception of wire and oral communications may be authorized and to prohibit any unauthorized interception of such communications and the use of the contents thereof in evidence in courts and administrative proceedings.

Fla. Stat. § 934.01(2).

42.     As alleged in this Complaint, pursuant to Fla. Stat. §934.03(1), it is unlawful for a person to intercept wire, oral or electronic communications and to use and disclose the

information obtained through such unlawful interception.

43.     Katz knowingly recorded four private phone conversations with Liberty Power's employees without either Liberty Power's or the employees' consent.

44.     Neither Liberty Power nor its employees were aware at the time of the phone conversations that Katz was recording the phone conversations.

45.     At no time did Katz ask for the consent of Liberty Power or its employees to record the phone conversations.

46.     Upon information and belief, not only did Katz record these phone conversations, but Katz then willfully and intentionally disclosed the intercepted information to his attorneys and other third parties.

47.     Katz's recording of his conversations with Liberty Power's in-house legal counsel and other employees, disclosure of the recordings and use of the recordings all constitute violations of the Florida Security of Communications Act.

48.     The statutory prohibitions of Florida Security of Communications Act are intended to protect and benefit persons engaged in intrastate commerce such as Liberty Power.

49.     Katz owed a duty of care to Liberty Power and its employees to act as a reasonably prudent person would under the same or similar circumstances.

50.     Katz's violations of these statutory prohibitions violated the duty of care and constitute negligence per se under Florida law.

51.     Katz's violations of these statutory prohibitions proximately caused Liberty Power damages, warranting an award of compensatory damages against Katz.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Liberty Power Corp., LLC respectfully requests that this Court

provide the following relief:

i) A finding that Katz violated Fla. Stat. §934.03(1)(c) pursuant to Fla. Stat. §934.10(1)(a), or in the alternative that Katz was negligent;

ii) Actual damages or statutory damages pursuant to Fla. Stat. §934.10(1)(b), and for Katz's negligent misconduct, in an amount to be determined at trial but in no event less than $10,000;

iii) Punitive damages pursuant to Fla. Stat. §934.10(1)(c), in an amount to be determined at trial but in no event less than $20,000;

iv) Reasonable attorney's fees and other litigation costs reasonably incurred by Liberty Power pursuant to Fla. Stat. §934.10(1)(d); and

v) Other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Liberty Power demands a trial by jury for all causes of action so triable in this action.


Respectfully submitted,

**LIBERTY POWER CORP., LLC,**

By its attorneys,


/s/ **Michael R. Borasky**
Michael R. Borasky
Florida I.D. No. 142239
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
US Steel Tower
600 Grant Street, 44th Floor
Pittsburgh, Pennsylvania 15219
Tel: 412-566-6060
Fax: 412-566-6099
mborasky@eckertseamans.com

Dated:  June 24, 2019

## Certificate of Service

I hereby certify that true and correct copies of the foregoing document were served on counsel for defendant on June 24, 2019, by electronic filing of the document with the Clerk of Court as provided in Fla. R. Jud. Admin. 2.516, which caused copies of such document to be transmitted to the following:

Andrew Grosso, Esq.
Andrew Grosso & Associates
1101 Thirtieth St NW, Suite 300
Washington, DC 20007
E-mail:  agrosso@acm.org

Stephen J. Bagge
Stephen J. Bagge, P.A.
3902 Henderson Blvd.
Suite 208-30
Tampa, FL  33629
E-mail:  sbagge@baggelaw.com

*/s/ Michael R. Borasky*
Michael R. Borasky

*Attorney for Plaintiff,*
*Liberty Power Corp., LLC*

Exhibit B

```
 1          IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL
               CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA
 2
                    CASE NO:  CACE 18-017922
 3
 4     LIBERTY POWER CORP.,
 5          Plaintiff,
 6     vs.
 7     SAMUEL KATZ,
 8          Defendant.
       _____/
 9
                         Broward County Courthouse
10                       201 Southeast 6th Street
                         Fort Lauderdale, Florida
11                       September 11, 2019
                         11:05 - 11:43 a.m.
12
13
14
15
16
17
18
19
20
21
22          This cause came on for hearing before the
23     Honorable David A. Haimes, Circuit Court Judge, in
24     Courtroom 17170, pursuant to notice.
25
```

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 10/21/2019 01:08:25 PM.****

```
 1     APPEARANCES:

 2

 3         MICHAEL R. BORASKY, ESQ.
           ECKERT SEAMANS CHERIN & MELLOTT, LLC
 4         US Steel Tower  44th Floor
           600 Grant Street
 5         Pittsburgh, Pennsylvania 15219
           mborasky@eckertseamans.com
 6         Attorney for Plaintiff

 7

           ANDREW GROSSO ESQ.
 8         ANDREW GROSSO & ASSOCIATES
           1101 Thirtieth Street NW
 9         Suite 300
           Washington, DC  20007
10         agrosso@acm.org
           Attorney for Defendant

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1    that certainly, you know, when you look at the

2    Supreme Court calling in are certainly acts that

3    took place in Florida, but the question whether

4    that's a tortious act, and that's what would

5    ultimately give the court long-arm jurisdiction.

6    It's somewhat circular, but at the end of the day I

7    agree with the reasoning of Kountze that how can

8    you have something that's not a tortious act in one

9    state but is a tortious act in the other state

10   become a tortious act in the other state.

11         MR. BORASKY:  Your Honor --

12         THE COURT:  Again, it's the whole analysis,

13   the rationale.  Again, it's an en banc opinion,

14   too, in the Second so you have more judges weighing

15   in on that.  Again Kountze v. Kountze, 996 Southern

16   2d 246.  Tell me why I shouldn't follow that.

17         MR. BORASKY:  I'll tell you why, and I'll

18   actually cite in addition to the things I've

19   already said, I'm going to cite -- This is in our

20   memorandum at page 15.  It relates to the choice of

21   law issue.  There's a Fourth DCA case, NHB

22   Advisors, Inc. versus - I think it's pronounced

23   Cuzyzyk, C-u-z-y-z-y-k - 95 Southern 3d 444,

24   Florida Fourth DCA, 2012.  I quote from the case

25   there.  "The issue is not --"  This is under the

1          long-arm statute which is a matter of Florida law.

2          "The issue is not whether the tort actually

3          occurred, but whether the tort as alleged occurred

4          in Florida."  That wasn't a telephone FSCA case.

5          I'm not suggesting that it was.  But under the

6          long-arm statute the issue is not to decide.  And

7          as Your Honor recognized, they haven't filed a

8          motion to dismiss on the merits.  At some point

9          later in the litigation they may choose to do that,

10         but they haven't done that.  And the question is

11         not whether the tort actually occurred, but what

12         was alleged, did it occur in Florida.  And under

13         the Supreme Court cases that talk about telephonic

14         communications, electronic communications into

15         Florida and the cases that clearly stand for the

16         proposition that if you record a conversation

17         without the other party's consent, under the

18         Florida law that's a tort.  And the allegation is

19         that it occurred in Florida.  The case law supports

20         the fact that it occurred in Florida.

21              So respectfully, Your Honor, I understand the

22         stated rationale of the Second DCA in Kountze, but

23         I think as a legal matter they got it wrong and we

24         would ask that you deny the motion to dismiss.  I

25         will say, Your Honor, that although we think you

1       should deny the motion to dismiss, I noted in our

2       brief that they requested a dismissal with

3       prejudice.  I think the case law is pretty clear if

4       there's a dismissal, it would be without prejudice.

5            THE COURT:  I agree.  With prejudice would be

6       on the merits and we're not addressing the merits.

7            MR. BORASKY:  If you have other questions, I'd

8       be happy to try to address them.  I'm not going to

9       address the choice of law and consent and lenity

10      issues because I understand Your Honor is at this

11      point not going to address them either, but if you

12      have questions you want me to, I'll be happy to

13      address those.

14           THE COURT:  I'm just looking at this.  I am

15      going to grant the motion to dismiss.  I think

16      Kountze versus Kountze is right on point.  I know

17      you have the other - the Florida Supreme Court

18      opinion of Acquadro, but I think that's

19      distinguishable there.  Certainly you have contacts

20      and for purposes of personal jurisdiction in

21      Acquadro, but there the tortious acts were not the

22      inception of communications.  There were different

23      acts.  I think that case is distinguishable.  I

24      think they were cited with approval for different

25      reasons.  If you look at Kountze v. Kountze, it's

1     right on point.

2          Just for the benefit of the court reporter,

3     Kountze is K-o-u-n-t-z-e v. K-o-u-n-t-z-e.  It's a

4     different spelling than usual.  996 Southern 2d

5     246.  And they specifically held that the recording

6     of the call, and again where you have one party in

7     Florida and one party outside of Florida, did not

8     constitute a tortious act committed in Florida so

9     as to permit the exercise of long-arm jurisdiction.

10    And that's right on point.  So I am going to grant

11    the motion to dismiss, but it is not with

12    prejudice.  It's for lack of personal jurisdiction.

13         All right.  So this might be an interesting

14    one to take up, see if the Fourth wants to resolve

15    it or maybe get it up to the Supreme Court.  This

16    might be that case.

17         MR. BORASKY:  Thank you, Your Honor.

18         MR. GROSSO:  Thank you, Your Honor.

19         THE COURT:  I'll leave it up to you all to

20    decide if it's that interesting for Liberty to do

21    that.

22         MR. BORASKY:  Thank you, Your Honor.

23         THE COURT:  All right.  The motion is granted.

24    Just do a short order for the reasons stated on the

25    record and then cite the Kountze case.

512

1                  (Thereupon, the hearing was concluded at 11:43

2       a.m.)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25