**PRESTON/**LAW OFFICES
4054 McKinney Avenue, Suite 310 / Dallas, Texas 75204
(972) 564-8340 / (866) 509-1197 / ep@eplaw.us

***Via Electronic Case Filing System***

The Honorable Donald L. Cabell
Judge for the United States District Court for the District of Massachusetts
Joseph Moakley United States Courthouse
Courtroom No. 17, 5th Floor
1 Courthouse Way
Boston, Massachusetts 02210

February 23, 2021

Re: *Katz v. Liberty Power Corp., LLC*, No. 1:18-cv-10506

Dear Judge Cabell,

Plaintiffs write to update the Court on events since the parties' February 1, 2021 hearing. (ECF Nos. 285-86.) Plaintiffs are mindful that the Court is still reviewing the parties' papers, and seek to minimize disruption to that work. Plaintiffs hope to prompt Defendants to resolve these issues without further Court intervention.

At the hearing, the Court ordered Defendants to update their answer to Interrogatories 2 and 3 (concerning dialers and lead databases, respectively). (Hrg. Tr. 10:14-12:12 (Interrogatory 3); 24:23-25:17; 26:25-27:17; 30:13-23 (Interrogatory 2).) Defendants have not updated their response to Interrogatory 2 to include even Dialer360, or produced equivalent documents,[1] and have not updated their response to Interrogatory 3 to include "additional information in terms of the specific internal servers." (*Id.* 12:1-2.)

Plaintiff Lynne Rhodes served Interrogatories 7 to 9 on December 8, 2020. Defendants waived their objections, but still have not answered those Interrogatories.

On February 15, the parties met and conferred by telephone at 1pm Central Time for 69 minutes. Ethan Preston and Grace Parasmo attended for Plaintiffs, and Jeffrey Brundage and Nicole Cocozza attended for Defendants. Plaintiffs asked Defendants to update their answers to

---

[1] On February 5, Defendants produced two emails (LP_1544213-14) with the same copy of the questionnaire completed by a different vendor named "IBP." (*Cf.* Hrg. Tr. 7:10-22; 12:12-13:13 (describing Mezzi questionnaire).) IBP's questionnaire does not identify a dialer, but rather states "[w]e don't do a lot of outbound dialing as majority of our business is done Inbound," and identifies an "IP PBX." (LP_1544213-14.)

Defendants' February 5 response does not clarify what additional information is available, and the current state of affairs does not comport with the Court's directive: "I want to make sure this is not an exercise that's not really going to yield the heartland of what is being sought through the interrogatory." (Hrg. Tr. 28:7-8.)

IBP used a dialer which held lots of records for outgoing calls. Defendants produced email in which they asked IBP to search "your dialer/data base" for records of calls to Plaintiff Lynne Rhode, and IBP spent several hours searching before it found those calls. (LP_002090 ("Since we are looking into data from 2016, its taking time to pull records. Disk is 60% checked . . .".) IBP used four telephone numbers at one time. (ECF No. 207-11 at 3.)

Interrogatories 2 and 3, and to answer Interrogatories 7 to 9 without objection, or to update Plaintiffs on the same, by the end of the day on February 22. Defendants said they were "working on" their responses to Interrogatories 2 and 3, and would "look into" Interrogatories 7 to 9. Plaintiffs followed up in an email on February 19, but received no response.

Defendants' failure to answer these Interrogatories has an impact on case management. Some this discovery impacts plans to depose Defendants via Rule 30(b)(6) (ideally in the near future) on topics including "Liberty Power's responses . . . to Plaintiffs' Interrogatories as well as the basis for such responses and Liberty Power's research and investigation of such basis." Plaintiffs need Defendants' answers to Interrogatories 2 and 3 to ensure the record from the deposition is complete. Plaintiffs need to take the deposition to amend their complaint, and then move for class certification, all in a timely fashion. (ECF Nos. 269, 275.)

Plaintiffs remain optimistic that Defendants will fully and completely answer Interrogatories 2, 3, 7, 8, and 9. However, absent prompt action by Defendants, Plaintiffs respectfully argue to the Court that this record warrants the presumption that the parties will not definitively resolve discovery disputes until and unless the Court affirmatively confirms they were resolved.

Sincerely,

Ethan Preston

**CERTIFICATE OF SERVICE**

I, Ethan Preston, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: February 23, 2021 By: s/Ethan Preston
Ethan Preston

**CERTIFICATE OF LOCAL RULE 37.1 COMPLIANCE**

I, Ethan Preston, hereby certify that Plaintiffs have complied with the provisions of Local Rule 37.1 prior to bringing this motion.

Dated: February 23, 2021 By: s/Ethan Preston
Ethan Preston