# Parasmo Lieberman Law

7400 Hollywood Boulevard, Suite #505
Los Angeles, California 90046
Phone: 646-509-3913
Fax: 877-501-3346

*Via Electronic Case Filing System*

The Honorable Donald L. Cabell
Judge for the United States District Court for the District of Massachusetts
Joseph Moakley United States Courthouse
Courtroom No. 17, 5th Floor
1 Courthouse Way
Boston, Massachusetts 02210

March 11, 2021

      Re:    Discovery Dispute in *Katz v. Liberty Power Corp., LLC*, No. 1:18-cv-10506

Dear Judge Cabell:

      Defendants' February 25, 2021 letter advised the Court that Defendants served verified supplemental responses to Interrogatories 2 and 3 (ECF. No. 291). But Defendants' response to Interrogatory 2 (a copy of which is attached hereto as Exhibit A) remains incomplete. At the hearing, the Court indicated it intended the parties' process would "yield the heartland of what is being sought through the interrogatory," and expressly expanded the parties' process for answering Interrogatory 2 beyond a search for one type of document. (Hrg. Tr. at 28:7-8; 30:17-21 ("defendant will do a search of the subject line of the e-mail, in particular, Channel Partner Questionnaire would be a term that *would be included, among others, that the parties might decide should also reasonably be included*").)

      First, the response omits at least one telephone dialer used by Liberty's telemarketers identified in Liberty's own documents.[1] It is unclear why this additional dialer was not disclosed. Because the responses to Interrogatories 2 and 3 were made "[s]ubject to and without waiving objections," Plaintiffs do not know if other dialers and databases unknown to Plaintiffs are being withheld on the basis of some objection or for lack of diligence in responding to discovery. *See* Exhibit A.

---

[1]   The response omits the Aspect dialer used by PC4, identified in row 5 of the "Call Upload Process (FTP)" tab in the spreadsheet titled Telesales Capability Matrix - Dispositions and Call 1 Log.xlsx. (LP_055058, 56867, 869.) On February 28, Defendants searched for "capability matrix" and agreed to review the "16 hits" but Defendants have not supplemented the interrogatory or committed to doing so by a particular date.

Honorable Donald L. Cabell
March 11, 2021
Page 2

Second, the response to Interrogatory 2 is incomplete because it does not fully respond to the call of the interrogatory, which states "[f]or each telephone dialing equipment, system or software, state (a) the name and address of the company that uses or used such telephone dialing equipment, systems or software; and (b) the time period it was used." The current responses merely list thirteen (13) dialers without identifying which entity used which dialer, and neither identifies which company used the dialer nor does it provide the dates of use. *See* Exhibit A. At the hearing, Plaintiffs explained that questionnaires completed by telemarketers identified which dialer they used when. However, Defendants only ever produced a single additional questionnaire—which conflicts with the rest of the record. (*Cf.* ECF No. 290 at 1 n. 1.) Defendants have not produced questionnaires or equivalent documents for any of the other dialers identified in the answer to Interrogatory 2, and they refuse to correct this deficiency.[2]

Interrogatory 2 seeks basic, core class discovery. Plaintiffs need Interrogatory 2 not only to identify the telemarketers' dialers as "automatic telephone dialing systems" within the meaning of the Telephone Consumer Protection Act (47 U.S.C. § 227(a)), but also to determine which calls were by which telemarketers when, so that they can locate relevant call records and assemble class lists identifying class members.

Defendants argue that Plaintiffs failed to argue or seek relief on some of these issues—but these issues only arose after Defendants provided new, incomplete response after the February 1 hearing, and then after Plaintiffs identified discrepancies in Defendants' own documents. Defendants took the position Plaintiffs' effort to meet and confer with Defendants to corrected the record before the Court "violates 28 USC [§] 1927." It appears that the parties will not resolve discovery disputes until and unless the Court affirmatively confirms they were resolved.[3] Plaintiffs' experience of Defendants' evolving discovery responses is not unique. The State of Connecticut, Public Utilities Regulatory Authorities, has concluded Defendants deny what they can, and admit only what they must in discovery:

> Throughout the hearing, it was shown that Liberty supplied inaccurate information in its interrogatory answers – information that was readily contradicted by its witnesses. This leads the Authority to wonder who prepared Liberty's interrogatory answers and if Liberty takes seriously its obligations regarding candor to this tribunal. Moreover, Liberty revised many of its interrogatory answers multiple times (the last revision coming at 8:16 p.m. the night before the first hearing), not due to updates in policies, but due either to inaccuracies in the original answers or Liberty's desire to tweak the answers to serve its needs. Liberty hid behind the volume of interrogatories (a volume of which the

---

[2] *Cf.* Fed. R. Civ. P. 33(d) (option to produce business records requires Defendants to specify relevant documents "in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could").

[3] For instance, Defendants' new answer resolves the dispute over Interrogatory 3.

Authority was well aware as it read and studied every interrogatory prior to the hearings) and claimed that it was not required to leave no stone unturned in responding to an interrogatory.

*See* Exhibit B, July 2019 Decision, at 29 in *Application of Liberty Power Holdings, LLC for an Electric Supplier License – Review of Allegations of Consumer Protection Violations*; Docket No. 06-12-07re07.

For these reasons, Plaintiffs respectfully request that the Court grant an order requiring Defendants to supplement Interrogatory 2 with the information requested in subparts (a) and (b) and with respect to Interrogatories 2 and 3, to withdraw their objections or state what information is being held on the basis of their objections.

Sincerely,

*Grace Parasmo*

Grace E. Parasmo

**CERTIFICATE OF SERVICE**

I, Grace Parasmo, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: March 11, 2021          By: _____*Grace Parasmo*_____
                                    Grace E. Parasmo