# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAMUEL KATZ, *et al.*, individuals, on their own behalf and on behalf of all others similarly situated,<br>　　　　*Plaintiffs*,<br><br>　　v.<br><br>LIBERTY POWER CORP., LLC, *et al.*,<br>　　　　*Defendants*. | Case No. 1:18-cv-10506-ADB-DLC |

**DEFENDANTS' LIBERTY POWER CORP., LLC AND LIBERTY POWER HOLDINGS, LLC'S FIRST AMENDED OBJECTIONS AND RESPONSES TO PLAINTIFFS' <u>SECOND SET OF INTERROGATORIES</u>**

Defendants Liberty Power Corp., LLC and Liberty Power Holdings, LLC ("Defendants"), by counsel, object and respond to Plaintiffs' Second Set of Interrogatories as follows.

**<u>OBJECTIONS TO INSTRUCTION B. SCOPE</u>**

1.　　Defendants object to Plaintiffs' definition of "Scope" because Defendants are only required to provide information in their legal possession, custody, or control. They are not required to provide information that is "otherwise available to it, including information in the possession or custody [third-parties]."

**<u>OBJECTIONS TO INSTRUCTION C. CERTIFICATION</u>**

1.　　Defendants object to Plaintiffs' certification instruction, paragraph 2, "If any interrogatory cannot be answered in full after exercising due diligence to secure the information with which to do so, Liberty's response should answer as much of the Interrogatory as possible but then expressly include the extent to which the answer is incomplete. The response should also state with specificity why Liberty is unable to provide a complete answer, and state

whatever knowledge or information presently is available concerning the unanswered portion of the response." The objection is that this instruction exceeds what is required under Fed. R. Civ. P. 33(b)(4).

## OBJECTIONS TO INSTRUCTION F. METHOD OF PROVIDING DATA AND INFORMATION

1. Defendants object to Plaintiffs' "Method of Providing Data and Information" because it exceeds what Defendants are required to do under the Federal Rules of Civil Procedure and the rules of this District. Defendants are not required to produce "a spreadsheet format that is searchable and filterable, with each data file delimited."

## SPECIFIC OBJECTIONS

2. Identify all telephone dialing equipment, systems, or software used by you or telesales channels during the Class Period. For each telephone dialing equipment, system or software, state (a) the name and address of the company that uses or used such telephone dialing equipment, systems or software; and (b) the time period it was used.

**SPECIFIC OBJECTION:** Defendants object because "telephone dialing equipment, systems, or software" is not defined and thus renders the Interrogatory vague. Defendants object to this Interrogatory because there is a pending motion to bifurcate individual and class discovery (ECF No. 66) that the Court has yet to rule on. The Court thus has not decided whether or this litigation is limited to individual discovery. If it is, the Interrogatory is not proportional to the needs of the case and is not important to resolving the issues of the three named Plaintiffs' claims. Fed. R. Civ. P. 26(b)(1). Specifically, the three named Plaintiffs allege specific calls in various precise timeframes (*e.g.*, Samuel Katz alleges calls in September and October 2016). Thus, whatever "telephone dialing equipment, systems, or software" were used other than during those specific time frames is not relevant to any party's claims or defenses and Defendants identifying same (if they even could given that undefined expression) is not proportional to the needs of the case. *Id.* Defendants also object to this Interrogatory because it seeks information not in their possession, custody, or control.

**ANSWER**: Subject to and without waiving the foregoing objections, Interactive Purecloud, Inc., address 7601 Interactive Way, Indianapolis, IN 46278, used August 2017 to present.

2

**FIRST SUPPLEMENTAL ANSWER**: Subject to and without waiving the foregoing objections:

1. Interactive Purecloud, Inc., address 7601 Interactive Way, Indianapolis, IN 46278, used August 2017 to present.
2. Dialer360
3. IP PBX
4. LiveVox
5. TCN
6. Trikon
7. VICI Dialer /VicDialer
8. Five9
9. Eyebeam 1.5
10. Livevox
11. Hosted Dialer
12. AVAYA Platform
13. Genesys Outbound Contact Solutions

   3.   Identify all databases, software, or systems (for e.g., lead databases or customer relations management databases) used by Liberty Power or Telesales Channels to store and access information about Liberty Power's potential or existing customers (including, by way of example and without limitation, such potential or existing customers' contact information and information about attempts to contact such potential or existing customers).

3

**SPECIFIC OBJECTION:** Defendants object because "lead databases or customer relation management databases" are not defined and thus renders the Interrogatory vague. Defendants object to this Interrogatory because there is a pending motion to bifurcate individual and class discovery (ECF No. 66) that the Court has yet to rule on. The Court thus has not decided whether or this litigation is limited to individual discovery. If it is, the Interrogatory is not relevant to any party's claims or defenses because potential or other existing customers are not relevant to the claims of Mr. Katz, Ms. Rhodes, and Mr. Braurman. Fed. R. Civ. P. 26(b)(1). Defendants' answering the Interrogatory would provide no information about Defendants' policies and maintenance of their internal do not call list (First Am. Compl. ¶ 100), national do not call list (*Id.*), use of prerecorded/artificial invoices, (*id.*), or about Defendants' alleged fraudulent transfers (*id.* ¶¶ 134-44). Defendants object because the Interrogatory is not proportional to the needs of the case and is not important to resolving the issues of the three named Plaintiffs cases. Fed. R. Civ. P. 26(b)(1). Specifically, the three named Plaintiffs allege specific calls in various precise timeframes (*e.g.*, Samuel Katz alleges calls in September and October 2016). Thus, whatever "lead databases or customer relation management databases" were used is not relevant to any party's claims or defenses and Defendants identifying same (if they even could given that undefined expression) is not proportional to the needs of the case. *Id.* In addition, Defendants object to this Interrogatory because it seeks information regarding Telesales Channels which is not in Defendants' possession, custody, or control. *See* Order, ECF No. 84, at 2-3.

**ANSWER:** Subject to and without waiving the foregoing objections,

1. Purecloud, 7601 Interactive Way, Indianapolis, IN 46278
2. Deal Capture
3. Possible Now
4. Excel disposition reports from channel partners
5. Internal Liberty Power Servers
6. Data Axle
7. Amerilist, 40 Ramland Road So. #203B, Orangeburg, NY 10962
8. KBsynergy
9. Melissa Data
10. List GIANT
11. Speedeon Data, LLC
12. Hoovers

**FIRST SUPPLEMENTAL ANSWER:** Subject to and without waiving the foregoing objections, Internal Liberty Power Servers means:

SQL Server – LPCNOCSALINT1\DW1
File Server – LPCFTLFS1
LPCNOCZOOM1
SFTP
FTP
Vault Symantec

4

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 24, 2021

_____
Derik Viner

AS TO OBJECTIONS:

**LIBERTY POWER CORP., LLC,**
**LIBERTY POWER HOLDINGS, LLC,**

By their attorneys,

Craig R. Waksler (B.B.O. # 566087)
ECKERT SEAMANS CHERIN & MELLOTT, LLC
Two International Place, 16th Floor
Boston, MA  02110-2602
Telephone: 617.342.6800
Facsimile: 617.342.6899
cwaksler@eckertseamans.com

*/s/ Jeffrey P. Brundage*
Charles A. Zdebski (*pro hac vice*)
Jeffrey P. Brundage (*pro hac vice*)
ECKERT SEAMANS CHERIN & MELLOTT, LLC
1717 Pennsylvania Avenue, N.W.
12th Floor
Washington, DC  20006
Telephone:  202-659-6676
Facsimile:  202-659-6699
Email: czdebski@eckertseamans.com
Email:  jbrundage@eckertseamans.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2021 the foregoing document was served via first-class mail postage prepaid and via electronic mail on the following:

John L. Fink, Esq.
FINK LAW OFFICE
18 Lyman Street, Suite 208
J&N Professional Building
Westborough, MA  01581
*Co-Counsel for Plaintiff*

David C. Parisi, *Pro Hac Vice*
Suzanne Havens Beckman, *Pro Hac Vice*
PARISI & HAVENS LLP
212 Marine Street, Unit 100
Santa Monica, CA  90405
*Co-Counsel for Plaintiff*

Yitzchak H. Lieberman, *Pro Hac Vice*
Grace E. Parasmo, *Pro Hac Vice*
PARASMO LIEBERMAN LAW
7400 Hollywood Blvd., Suite 505
Los Angeles, CA  90046
*Co-Counsel for Plaintiff*

Ethan M. Preston, *Pro Hac Vice*
PRESTON LAW OFFICES
4054 McKinney Avenue
Suite 310
Dallas, TX 75204
*Co-Counsel for Plaintiff*

Matthew R. Mendelsohn, *Pro Hac Vice*
MAZIE SLATER KATZ & FREEMAN, LLC
103 Eisenhower Parkway
Roseland, NJ 07068
*Co-Counsel for Plaintiff*

*/s/ Jeffrey P. Brundage*
Jeffrey P. Brundage