# Exhibit B



# STATE OF CONNECTICUT

**PUBLIC UTILITIES REGULATORY AUTHORITY**
**TEN FRANKLIN SQUARE**
**NEW BRITAIN, CT 06051**

**DOCKET NO. 06-12-07RE07**   **APPLICATION OF LIBERTY POWER HOLDINGS, LLC FOR AN ELECTRIC SUPPLIER LICENSE - REVIEW OF ALLEGATIONS OF CONSUMER PROTECTION VIOLATIONS**

July 31, 2019

By the following Commissioners:

Michael A. Caron
John W. Betkoski, III

## <u>DECISION</u>

believe that Liberty writes the policies simply to defend itself from allegations of wrongdoing and to placate regulators who attempt to investigate it. Moreover, when presented with evidence of blatant violations of statutes during the hearings in this matter, Liberty often tried to excuse the behavior of its agents. *See e.g.*, Transcript p. 657-663. Such actions do not indicate a good-faith effort to achieve compliance, nor the ability to ensure future compliance.

The Authority also notes that Liberty has exhibited a disrespect for this adjudicative body and this investigation. Liberty designated the same witness as responsible for all of its interrogatory answers, but hearings clearly revealed she had limited to no knowledge of many of the interrogatories. OCC's first series of questions to Liberty during the hearings illustrated that Liberty did not provide its regulatory and compliance personnel as part of the hearing panel and that the panel had not reviewed the interrogatory questions prior to the hearing. Transcript p. 467, Lines 20-21 ("There's the primary resource for regulatory and compliance --- is not on this panel."), p. 471-473, 718-719. Multiple times the panel indicated that it was not familiar with a document in the record or if the document was correct. *See e.g.*, Transcript p. 475-76. Throughout the hearing, it was shown that Liberty supplied inaccurate information in its interrogatory answers – information that was readily contradicted by its witnesses. This leads the Authority to wonder who prepared Liberty's interrogatory answers and if Liberty takes seriously its obligations regarding candor to this tribunal. Moreover, Liberty revised many of its interrogatory answers multiple times (the last revision coming at 8:16 p.m. the night before the first hearing), not due to updates in policies, but due either to inaccuracies in the original answers or Liberty's desire to tweak the answers to serve its needs. Liberty hid behind the volume of interrogatories (a volume of which the Authority was well aware as it read and studied every interrogatory prior to the hearings) and claimed that it was not required to leave no stone unturned in responding to an interrogatory. Transcripts p. 266. Yet during the hearing Liberty witnesses were able to recall multiple incidents that should have been revealed in interrogatory answers. The Authority doubts it would require unearthing any stones to find information so readily recalled when questioned.

The Authority also notes Liberty's history of noncompliance with other legal obligations. Liberty has recently been subject to another civil penalty for an attempted back-billing scheme that violated Conn. Gen. Stat. § 16-259a(d) and would have generated bills greater than $5,000 for many customers. Docket No. 06-12-07RE05, Application of Liberty Power Holdings, LLC for an Electric Supplier License – Re-billing. This blatant violation, when coupled with the new allegations cited herein, call into question Liberty's managerial capabilities in maintaining its electric supplier license in Connecticut and its dedication to properly serving Connecticut customers.

Liberty's violations in the present case go to the heart of the intent of the electric supplier market. The Connecticut legislature set forth a statutory scheme to balance the benefits of electric supply with the customer protections necessary to facilitate a fair market. If suppliers are allowed to systemically violate the legal protections created by the legislature, it erodes confidence in the entire supplier market. The Authority's response to such violations will take into consideration the harm they cause to customers and to the market as a whole.

**DOCKET NO. 06-12-07RE07   APPLICATION OF LIBERTY POWER HOLDINGS, LLC FOR AN ELECTRIC SUPPLIER LICENSE - REVIEW OF ALLEGATIONS OF CONSUMER PROTECTION VIOLATIONS**

This Decision is adopted by the following Commissioners:


Michael A. Caron


John W. Betkoski, III


CERTIFICATE OF SERVICE

The foregoing is a true and correct copy of the Decision issued by the Public Utilities Regulatory Authority, State of Connecticut, and was forwarded by Certified Mail to all parties of record in this proceeding on the date indicated.


_____          July 31, 2019
Jeffrey R. Gaudiosi, Esq.                                 Date
Executive Secretary
Public Utilities Regulatory Authority