UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAMUEL KATZ and LYNNE RHODES, individually, and on their own behalf and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br> v.<br><br>LIBERTY POWER CORP., LLC, LIBERTY POWER HOLDINGS, LLC, Delaware limited liability companies,<br><br>    Defendants.<br><br>LIBERTY POWER CORP., LLC, and LIBERTY POWER HOLDINGS, LLC,<br><br>    Third-Party Plaintiffs,<br> v.<br><br>MEZZI MARKETING, LLC,<br><br>    Third-Party Defendant. | No. 1:18-cv-10506<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE A SUMMARY JUDGMENT BRIEF IN EXCESS OF LOCAL RULE PAGE LIMITS** |

  Plaintiffs Samuel Katz and Lynne Rhodes ("Plaintiffs") submit their opposition to Defendants Liberty Power Corp., LLC and Liberty Power Holdings, LLC's (collectively, "Defendants") motion for leave to file a motion for summary judgment with pages in excess of L.R. 7.1(b)(4). (ECF No. 299.)

  1. Plaintiffs oppose excess page limits on Defendants' memorandum of law to because Defendants do not present good cause for additional pages, and at this point excess briefing would unduly consume the resources of the Court and Plaintiffs, and lead to undue delay of the proceedings.

  2. In the parties' Local Rule 7.1(a)(2) conference, Defendants represented to Plaintiffs that they would move for summary judgment on (1) agency/vicarious liability, and (2) whether an "automatic telephone dialing system" ("ATDS") under 47 U.S.C. § 227(a)(1) was

used to make any of the calls to Plaintiffs. Plaintiffs could not take a position on their request for excess pages without seeing their briefing first, and explained to Defendants that they did not consent to the request as the Court had denied Defendants' prior request for an extension of page length in connection with Defendants' prior summary judgment briefing. (*See* ECF No. 157.)

3. As good cause for the excess pages, Defendants cite supposedly "unique facts and circumstances applicable to each of the four remaining counts in the Complaint," and including the calls made to Plaintiffs and Plaintiffs' "requests to be placed on [Defendants'] internal do-not-call list. . ." (ECF No. 299 ¶3.) But Defendants have not explained why their *legal* arguments, in the memorandum for summary judgment, require excess pages. Defendants are plainly able to address all the *factual* material in the record in their statement of facts under Local Rule 56.1 (which does not have a similar page limit). The facts cited by Defendants' motion for excess pages do not relate to either vicarious liability or to the definition of an ATDS.

4. Oversize briefs inevitably consume more time and attention by both Plaintiffs' counsel and the Court, and—at this point (especially given Defendants' refusal to offer a deponent on its policies with respect to its telemarketers and to supplement their interrogatories to identify which telemarketers used what telephone dialer and when)—might even cause further delays to the briefing schedule. (*Cf.* ECF Nos. 269, 275 *with* ECF Nos. 293 at 10-11; 298)

5. The Court should also consider the rest of the record, which weighs against further excess pages.[1] In June 2019, Defendants sought leave to file up to forty (40) pages for their first motion for summary judgment—and Plaintiffs opposed. (ECF Nos. 155, 156.) The Court curbed Defendants, and permitted only five (5) excess pages. (ECF No. 157.) Before that

---

[1] *Cf. APL Co. PTE. v. Valley Forge Ins. Co.*, No. 09-5641, 2011 WL 5101708, at *2 (N.D. Cal. Feb. 24, 2011) ("filing ad seriatim motions [for summary judgment] also bypasses the page limits set by the Civil Local Rules"; *sua sponte* striking second motion for summary judgment as remedy for prior piecemeal motion, and ordering defendant to show cause why leave should be granted for the filing of any further motions).

point, however, Defendants had filed 35 and 45-page motions to dismiss (ECF Nos. 56, 119) with Plaintiffs' consent (sometimes after the fact). (ECF Nos. 51-52, 120.) In June 2020, the Court ruled it "does not presume any inappropriate intent on the part of Liberty Power and understands that it must vigorously defend itself in this case, it would be unfair to Plaintiffs to further delay these proceedings" for further developments on Defendants' arguments in its dispositive motions. (ECF No. 233 at 8.)

6.      In the context of this case and specifically the motion for summary judgment described by Defendants, the request for excess pages does not overcome the presumption in favor of the existing page limitations.[2]

Dated: March 14, 2021        By:        s/Ethan Preston
David C. Parisi
dcparisi@parisihavens.com
Suzanne Havens Beckman
shavens@parisihavens.com
**PARISI & HAVENS LLP**
100 Pine Street, Suite 1250
San Francisco, California 94111
Telephone: (818) 990-1299
Facsimile: (818) 501-7852

Matthew R. Mendelsohn
mrm@mazieslater.com
**MAZIE SLATER KATZ & FREEMAN, LLC**
103 Eisenhower Parkway
Roseland, New Jersey 07068
Telephone: (973) 228-0391
Facsimile: (973) 228-0303

Yitzchak H. Lieberman
ylieberman@parasmoliebermanlaw.com
Grace E. Parasmo
gparasmo@parasmoliebermanlaw.com
**PARASMO LIEBERMAN LAW**

---

[2] *See Roberts v. Bayhealth Med. Ctr., Inc.*, No. 13-1779, 2015 WL 5031961, *4 (D. Del. Aug. 25, 2015) ("Local Rules limiting opening briefs [were] a necessity given the Court's large docket").

        7400 Hollywood Boulevard, Suite 505
        Los Angeles, California 90046
        Telephone: (917) 657-6857
        Facsimile: (877) 501-3346

        John Fink
        **SIMS & SIMS LLP**
        53 Arlington Street
        Brockton, Massachusetts, 02301
        Telephone: (508)-588-6900
        Facsimile: (508)-586-3320

        Ethan Preston
        ep@eplaw.us
        **PRESTON LAW OFFICES**
        4054 McKinney Avenue, Suite 310
        Dallas, Texas 75204
        Telephone: (972) 564-8340
        Facsimile: (866) 509-1197

        *Attorneys for Plaintiffs Samuel Katz, and Lynne Rhodes, on their own behalf, and behalf of all others similarly situated*

## CERTIFICATE OF SERVICE

I, Ethan Preston, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: March 14, 2021    By: _____s/Ethan Preston_____
                                                Ethan Preston