UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAMUEL KATZ and LYNNE RHODES, individually, and on their own behalf and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br>  v.<br><br>LIBERTY POWER CORP., LLC, LIBERTY POWER HOLDINGS, LLC, Delaware limited liability companies,<br><br>      Defendants. | No. 1:18-cv-10506<br><br>**PLAINTIFFS' REPLY TO DEFENDANT LIBERTY POWER CORP., LLC'S RESPONSE TO THE COURT'S JUNE 16, 2021 ORDER**<br><br>**Leave to file granted on July 9, 2021** |
| LIBERTY POWER CORP., LLC, and LIBERTY POWER HOLDINGS, LLC,<br><br>      Third-Party Plaintiffs,<br>  v.<br><br>MEZZI MARKETING, LLC,<br><br>      Third-Party Defendant. | |

Plaintiffs Samuel Katz and Lynne Rhodes ("Plaintiffs") hereby reply to Defendants Liberty Power Corp., LLC's ("LPC") response to the Court's June 16, 2021 order.

**I.      The Assignment Did Not End LPC's Duty to Comply with the Court's Orders**

Mr. Hernandez executed LPC's assignment for benefit of creditors ("ABC") on May 21, 2021. (Ex. 1 (*In re Liberty Power Holdings, LLC*, No. 21-13797, Assignee's Motion for Adequate Protection and Reservation of Rights (S.D. Fla. May 21, 2021), ECF No. 130 at 12-14 of 36.) Mr. Hernandez's June 23, 2021 declaration asserts that "[b]ecause of the ABC, Liberty Power Corp. is no longer in custody, control, or possession of its servers containing emails and documents." (ECF No. 350-1 ¶4.)

Assignment of assets does not "permit[]" the assignor "to abandon the responsibility for producing its own documents in discovery after" participating in litigation. *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 148 (S.D.N.Y. 1997). LPC "cannot be permitted to circumvent the rules of discovery by engaging in conduct during the litigation that eliminates its responsibility to produce responsive documents to an opposing party." *Id.* at 149.

> Thus, either the [assignment] gave [LPC] the ability to obtain relevant documents and ESI from [the assignee], in which case it had sufficient "control" to be responsible to produce the material in discovery, or if the [assignment] did not give defendant [LPC] that right, then defendant [LPC] failed to have a sufficient litigation hold in place and therefore engaged in spoliation when it transferred documents to [the assignee].

*In re NTL, Inc. Sec. Litig.*, 244 F.R.D. 179, 197 (S.D.N.Y. 2007).[1] However, if the assignment

---

[1] *See Centimark Corp. v. Pegnato & Pegnato Roof Mgmt., Inc.*, No. 05-708, 2008 WL 1995305, *6 (W.D. Pa. May 6, 2008) ("Defendants could have . . . taken precautions to preserve the information for litigation by maintaining copies of the documents pertaining to the lawsuit, giving CentiMark access to them before the sale was completed or, at the very least, by ensuring that CentiMark would have access to them after the sale was completed," citing *In re NTL, Inc. Sec. Litig.*, 244 F.R.D. 179, collecting other cases); *Cyntegra, Inc. v. Idexx Labs., Inc.*, No. 06-4170, 2007 WL 5193736, *5 (C.D. Cal. Sept. 21, 2007) (party could not "bypass . . . duty [to preserve] by abandoning its documents to a third-party and claiming lack of control" because it "could have saved . . . the information").

rendered LPC unable to comply with the Court's orders or to otherwise defend this action, it warrants terminating sanctions:

> A court faced with a disobedient litigant has wide latitude to choose from among an armamentarium of available sanctions. . . . The entry of a default is one of these sanctions. . . . [D]efault may be a condign sanction when a court is confronted with a persistently noncompliant litigant.

*Hooper-Haas v. Ziegler Holdings, LLC*, 690 F.3d 34, 37–38 (1st Cir. 2012). *Cf. In re Power Recovery Sys., Inc.*, 950 F.2d 798, 803 (1st Cir. 1991) ("a party may defend contempt and failure to comply on the grounds that compliance was impossible; self-induced inability, however, does not meet the test"). Conversely, the Court's inherent authority to sanction reaches beyond LPC and LPH to the extent it is necessary to do so prompt compliance with the discovery orders, notwithstanding LPC's claimed inability to do so.[2]

## II. LPC Should Produce Evidence in Its Counsel's Possession

LPC's counsel concedes it has "access" to Mr. Hernandez's emails, but asserts that the "emails belong to the Assignee." (ECF No. 350 at 6.) Under Rule 34, "legal ownership of the document is not determinative . . . parties in possession of documents [owned by another person] have 'possession, custody or control' within the meaning of Rule 34, notwithstanding the fact that the [other person has] ownership and restricts disclosure." *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995) (citations omitted). LPC has "possession, custody, or control" over these emails under Rule 34, regardless of the assignee's property rights.[3] Even if LPC accepted a

---

[2] *See Corder v. Howard Johnson & Co.*, 53 F.3d 225, 232 (9th Cir. 1994) (court may sanction "non-party as an exercise of the court's inherent power to impose sanctions to curb abusive litigation practices"); *JTR Enterprises, LLC v. An Unknown Quantity*, 93 F. Supp. 3d 1331, 1366-67 (S.D. Fla. 2015) (same); *In re Intel Corp. Microprocessor Antitrust Litig.*, 562 F. Supp. 2d 606, 611 (D. Del. 2008) ("court's inherent authority to sanction extends to the conduct of a nonparty"); *In re Sasson Jeans, Inc.*, 83 B.R. 206, 208 (Bankr. S.D.N.Y. 1988) (contempt sanctions against debtor's executives).

[3] Under Rule 34, "'control' does not require that the party have legal ownership. . ." *In re NTL*, 244 F.R.D. at 195 (quoting *Bank of New York*, 171 F.R.D. at 146-47, quoted, followed

default, these documents are still relevant to litigating against non-parties which may satisfy Plaintiffs' claims.[4]

### III. LPC Should Accept a Default If It Will Not Comply with the Court's Orders

LPC demands that "Plaintiffs to pursue any relief they seek by filings proofs of claim and conducting discovery in the Florida proceedings." (ECF No. 350 at 7.) Plaintiffs retain the right to litigate their claims before this Court, and they wish to exercise that right. LPC did not move to transfer Plaintiffs' claims to the Florida state court, and the Court could not grant that relief. LPC opted for an ABC proceeding, not to file a bankruptcy petition. That was LPC's prerogative, but it has consequences. "There is no automatic stay provision built into Chapter 727 [the Florida ABC statute]. . . . While no lawsuit may be brought against the assignee except as provided in the statute, there is no stay against proceeding to judgment against an assignor in a separate proceeding." *Exportadora Atlantico, S.A. v. Fresh Quest, Inc.*, No. 16-23112, 2017 WL 3218465, *2 (S.D. Fla. July 28, 2017) (whether or not claims "would fall under the exclusive province of the Assignee, there is no justifiable reason to stay the proceedings against them").

LPC says it does not have the employee or the funds to pay counsel necessary to comply with the Court's orders. (ECF No. 350 at 5-6; ECF No. 350-1 ¶¶6-7.) LPC is faced with a simple

---

by *Merchia v. United States Internal Revenue Serv.*, 336 F.R.D. 396, 399 (D. Mass. 2020)); *Haseotes v. Abacab Int'l Computers, Inc.*, 120 F.R.D. 12, 14 (D. Mass. 1988) ("Legal ownership is not the determining factor" for control under Rule 34).

  Conversely, LPC's cases are inapposite. *In re Grand Jury Subpoena*, 646 F.2d 963 (5th Cir. 1981) concerns self-incrimination in grand jury subpoenas, not civil discovery. *Learning Connections, Inc. v. Kaufman, Englett & Lynd, PLLC*, 280 F.R.D. 639, 640 (M.D. Fla. 2012) held a subpoena served on an individual did not compel the individual's employer to provide a records custodian to testify at trial.

[4] LPC's vague assertion of privilege does not forestall complying with the discovery orders either: LPC "bears the burden of establishing that it applies to the communications at issue and that it has not been waived." *In re Keeper of Recs. (Grand Jury Subpoena Addressed to XYZ Corp.)*, 348 F.3d 16, 22 (1st Cir. 2003). "A party that fails to submit a privilege log is deemed to waive the underlying privilege claim." *In re Grand Jury Subpoena*, 274 F.3d 563, 576 (1st Cir. 2001). LPC waived any privilege by failing to produce a timely privilege log.

decision. If LPC wants to defend this litigation, it must immediately comply with the Court's discovery orders. If it no longer wants to defend this litigation, then it should accept a default judgment on Plaintiffs' class claims (without prejudice to any other relief Plaintiffs may seek to secure Court-ordered discovery).[5] A default judgment would also have the salutory effect of mooting much or most of the docket in this case. And no one can complain about a default judgment against LPC if it is just an empty shell, as it says. But LPC cannot continue to oppose Plaintiffs at every turn, and cry poverty when the time comes to comply with the Court's orders.

On this record, the Court should take LPC and Mr. Hernandez at its word: the assignment rendered LPC (but not necessarily Mr. Hernandez or LPC's counsel) unable comply with the Court's orders, and so must accept a default. The Court should allow Plaintiffs to prove up damages via their class certification motion. Again, Plaintiffs face several deadlines in the bankruptcy and ABC proceedings in the next few weeks, and Plaintiffs require immediate relief to address those deadlines effectively. This delay has already been extensive and prejudicial: the Court ordered discovery in June 2020 and in March 2021, while LPC has used the ABC proceeding to delay complying with those orders since May 20, 2021. Further, any relief ordered Judge Cabell may order also faces potential delay from objections, and corresponding review from Judge Burroughs. *See* Fed. R. Civ. P. 59.[6] ***Plaintiffs ask for immediate sanctions to allow Plaintiffs to liquidate their class claim in time to be useful in the ABC and bankruptcy proceedings. The timing of the Court's relief is a critical and urgent issue***.

---

[5] *Cf.* Fed. R. Civ. P. 55(a) (when a party "has failed to . . . defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default"). LPC cannot defend this case without counsel. *Volumetric Imaging, Inc. v. Teledyne, Inc.*, 194 F.R.D. 373, 375 (D. Mass. 2000) (corporation "'must be represented by a licensed attorney,'" citation omitted).
[6] (*See also* ECF No. 329 (March 29 order to answer Interrogatories 7 to 9); ECF No. 321 (Defendants' April 21 objection).

Dated: July 12, 2021        By:        s/Ethan Preston
                                       David C. Parisi
                                       dcparisi@parisihavens.com
                                       Suzanne Havens Beckman
                                       shavens@parisihavens.com
                                       **PARISI & HAVENS LLP**
                                       100 Pine Street, Suite 1250
                                       San Francisco, California 94111
                                       Telephone: (818) 990-1299
                                       Facsimile: (818) 501-7852

                                       Yitzchak H. Lieberman
                                       ylieberman@parasmoliebermanlaw.com
                                       Grace E. Parasmo
                                       gparasmo@parasmoliebermanlaw.com
                                       **PARASMO LIEBERMAN LAW**
                                       7400 Hollywood Boulevard, Suite 505
                                       Los Angeles, California 90046
                                       Telephone: (917) 657-6857
                                       Facsimile: (877) 501-3346

                                       Ethan Preston
                                       ep@eplaw.us
                                       **PRESTON LAW OFFICES**
                                       4054 McKinney Avenue, Suite 310
                                       Dallas, Texas 75204
                                       Telephone: (972) 564-8340
                                       Facsimile: (866) 509-1197

                                       *Attorneys for Plaintiff Plaintiffs Samuel Katz and Lynne Rhodes, on their own behalf, and behalf of all others similarly situated*

## CERTIFICATE OF SERVICE

I, Ethan Preston, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: July 12, 2021        By:        s/Ethan Preston
                                       Ethan Preston