# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAMUEL KATZ and LYNNE RHODES, individually, and on their own behalf and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>LIBERTY POWER CORP., LLC, LIBERTY POWER HOLDINGS, LLC, Delaware limited liability companies,<br><br>          Defendants. | No. 1:18-cv-10506<br><br>**PLAINTIFFS' MOTION FOR A DEFAULT AGAINST DEFENDANT LIBERTY POWER CORP., LLC** |
| LIBERTY POWER CORP., LLC, and LIBERTY POWER HOLDINGS, LLC,<br><br>          Third-Party Plaintiffs,<br><br>     v.<br><br>MEZZI MARKETING, LLC,<br><br>          Third-Party Defendant. | |

Plaintiffs Samuel Katz and Lynne Rhodes ("Plaintiffs") hereby submit their motion to default Defendants Liberty Power Corp., LLC ("LPC") under Rule 55. Plaintiffs previously filed a reply to LPC's response to the Court's Court's June 16, 2021 order. (ECF No. 353.) This motion simply recasts that reply as a formal motion for affirmative relief.

## I.     LPC Cannot or Will Not Comply with the Court's Orders

1.     The Court has entered several orders requiring Defendants to produce a range of discovery. In June 2020, the Court compelled production of a broad range of documents. *Katz v. Liberty Power Corp., LLC*, No. 18-10506, 2020 WL 3492469 (D. Mass. June 26, 2020). At the March 24, 2021 hearing, the Court directed the immediate production of emails of Defendants' CEO, David Hernandez. (Ex. 1 at 64:25-65:14 (Excerpts of Mar. 24, 2021 Hrg. Tr.).)

2.     LPC has not complied with these orders. For instance, in a July 21, 2020 letter,

Defendants stated they were "not aware of any responsive, non-privileged documents" concerning payments to insiders. (ECF No. 243-5 (RFPs 70 and 76).) The Court's June 2020 order compelled production of all documents "concerning" any payments Defendants made to, debts incurred, or releases executed in favor of "any manager, member, insider, affiliate, subsidiary, parent, or related corporation, partnership, limited liability company, or other entity. . ." *Katz*, 2020 WL 3492469, at *6-7. These documents plainly exist: Plaintiffs obtained an "Index of Liberty Power Corp. Funding Requests for Payments to Its Managers, Other Members, Insiders and/or Affiliates Since July 2020" reflecting various requests for payments to David Hernandez from Defendants' partner, BETM.  (ECF No. 271-1 ¶15.) But LPC never produced any communications with BETM or documents reflecting its payments to Mr. Hernandez. (*Id.*)

3.       Likewise, the Court directed the immediate production of Mr.'s Hernandez's emails:

> Obviously, Mr. Hernandez is a player, a majority player, and he's important in the context of this case. It seems to me to be utterly commonsensical that any searches for responsive documents should include documents that are maintained by Mr. Hernandez. I will leave it at that and simply direct the defendants to make every effort to ensure that searches have included documents in his possession as well as everywhere else you have looked. . . I would order that that search take place immediately if it has not yet taken. I'm not making a finding whether it has happened or not. I'm making directive that it happen immediately and any nonprivileged information be produced.

(Ex. 1 at 64:25-65:14.) Defendants still have not produced these emails. (ECF No. 333 ¶2 (Defendants' counsel was "continuing to review emails from David Hernandez . . . received from its clients" on April 20, 2021).) All of the discovery LPC has withheld is relevant to various aspects of Plaintiffs' claims including willfulness, class certification under Rule 23(b)(1), and liability of unnamed defendants under the TCPA.

4.       On May 14, 2021, Mr. Hernandez executed LPC's assignment for benefit of

creditors ("ABC") as LPC's CEO.[1] As a result, LPC argues, it "cannot comply any further with the Court's discovery Orders." (ECF No. 350 at 4. *Cf.* ECF No. 350-1 ¶4 (declaration that LPC cannot comply with discovery "[b]ecause of the ABC").) LPC's counsel concedes they have "access" to a set of the Hernandez emails, but contends that it cannot produce them because they "do not belong to defense counsel—they belong to the assignee . . ." (ECF No. 350 at 6.)

## II.    The Court Should Enter a Default Against LPC

5.      LPC's CEO avers that, due to the assignment, LPC "is unable to hire defense counsel to collect, review, and produce [discovery.]" (ECF No. 350-1 ¶7.) LPC cannot defend this case without counsel. "'One of the time-hallowed restrictions on corporations has been that, in court proceedings, they must be represented by a licensed attorney.'" *Volumetric Imaging, Inc. v. Teledyne, Inc.*, 194 F.R.D. 373, 375 (D. Mass. 2000) (citation omitted). Where LPC "has failed to . . . defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "When the prerequisites of Rule 55(a) are satisfied, an entry of default may be made by the clerk without any action being taken by the court." 10A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2682 (4th ed. 2021). Default is appropriate when a corporation fails to retain counsel to defend itself in federal court.[2]

---

[1]    (ECF No. 351-2 at 12-14 of 36 (*In re Liberty Power Holdings, LLC*, No. 21-13797, Assignee's Motion for Adequate Protection and Reservation of Rights (S.D. Fla. May 21, 2021), ECF No. 130).) The day before, Plaintiffs asked LPC to consent to an amended complaint to add Hernandez as a defendant in the Massachusetts court case (LPC refused).

[2]    *Mantouvalos v. Mantouvalos*, 319 F.R.D. 420, 422 (D. Mass. 2017) (default under Rule 55 appropriate relief against defendant which "obstructed the timely disposition" of case by failing to communicate with counsel); *Green v. Nat'l Mgmt. Recovery Corp.*, No. 11-00625, 2011 WL 7789450, *1 (M.D. Fla. Nov. 10, 2011) ("failure of a corporate defendant to obtain counsel may be construed as a failure to defend within the meaning of Rule 55"; collecting Eleventh Circuit cases). *See also Castrodad-Soto v. Rivera-Sanchez*, 103 F. App'x 401, 402 (1st Cir. 2004) (pro se plaintiff's case dismissed "because he failed to comply with a court order requiring him to retain new counsel"); *Spiller v. U.S.V. Lab'ys, Inc.*, 842 F.2d 535, 537 (1st Cir. 1988) (case dismissed where plaintiff "dallied in retaining new counsel and failed to produce the requested discovery"); *Transportes Aereos de Angola v. Ronair, Inc.*, 104 F.R.D.

6.    Likewise, Rule 37 authorizes remedies including "striking pleadings" when a party "fails to obey an order to provide or permit discovery . . ." Fed. R. Civ. P. 37(b)(2)(A)(iii).[3] LPC's continued failure to comply with the Court's discovery orders warrants terminating sanctions:

> [A] party who flouts a court order does so at its own peril. . . . A court faced with a disobedient litigant has wide latitude to choose from among an armamentarium of available sanctions. . . . The entry of a default is one of these sanctions. . . . [D]efault may be a condign sanction when a court is confronted with a persistently noncompliant litigant.

*Hooper-Haas v. Ziegler Holdings, LLC*, 690 F.3d 34, 37-38 (1st Cir. 2012). The assignment is irrelevant: the assignment was LPC's voluntary act, and so it cannot excuse LPC for any ostensible inability to comply with the Court's orders. *Cf. In re Power Recovery Sys., Inc.*, 950 F.2d 798, 803 (1st Cir. 1991) ("a party may defend contempt and failure to comply on the grounds that compliance was impossible; self-induced inability, however, does not meet the test"). Where LPC "willfully, and deliberately, failed to comply with [discovery] order" by dint of the assignment, "its conduct fully justifies entry of a default judgment." *Kozlowski v. Sears, Roebuck & Co.*, 71 F.R.D. 594, 597 (D. Mass. 1976).

## III.    The Assignment Did Not End LPC's Duty to Comply with the Court's Orders

7.    LPC's assignment did not exempt LPC from complying with the Court's pending discovery orders. Assignment does not "permit[] [an assignor] to abandon the responsibility for producing its own documents in discovery . . ." *Bank of New York v. Meridien BIAO Bank*

---

482, 505 (D. Del. 1985) (where record showed no one was "willing to put up any money to pay for representation," corporation's "refusal to pay for . . . attorneys," together with "cavalier and repeated disregard of Court orders," warranted dismissal of corporation's case).

[3]    *Aetrex Worldwide, Inc. v. Sourcing For You Ltd.*, No. 14-2504, 2016 WL 10574252, *2 (D.N.J. May 26, 2016) (default as sanction under Rule 37(b)(2) where, "due to financial concerns," defendants "willfully decided not to pay their prior counsel or to retain new counsel thereafter, despite the negative consequences that may result therefrom"); *Ests. of Ungar & Ungar ex rel. Strachman v. Palestinian Auth.*, 325 F. Supp. 2d 15, 23 (D.R.I. 2004) (default as sanction under Rule 37 where defendants "refused to participate in discovery").

*Tanzania Ltd.*, 171 F.R.D. 135, 148 (S.D.N.Y. 1997). LPC "cannot be permitted to circumvent the rules of discovery by engaging in conduct during the litigation that eliminates its responsibility to produce responsive documents to an opposing party." *Id*. at 149.

> Thus, either the [assignment] gave [LPC] the ability to obtain relevant documents and ESI from [the assignee], in which case it had sufficient "control" to be responsible to produce the material in discovery, or if the [assignment] did not give defendant [LPC] that right, then defendant [LPC] failed to have a sufficient litigation hold in place and therefore engaged in spoliation when it transferred documents to [the assignee].

*In re NTL, Inc. Sec. Litig.*, 244 F.R.D. 179, 197 (S.D.N.Y. 2007).[4] Default does not exempt LPC from complying with discovery.[5] The Court's inherent authority reaches beyond LPC and LPH to the extent it is necessary to do so prompt compliance with it discovery orders.[6]

8.    In particular, LPC's counsel concedes it has "access" to Mr. Hernandez's emails, but asserts that the "emails belong to the Assignee." (ECF No. 350 at 6.) Under Rule 34, "legal

---

[4]  *See Centimark Corp. v. Pegnato & Pegnato Roof Mgmt., Inc.*, No. 05-708, 2008 WL 1995305, *6 (W.D. Pa. May 6, 2008) ("Defendants could have . . . taken precautions to preserve the information for litigation by maintaining copies of the documents pertaining to the lawsuit, giving CentiMark access to them before the sale was completed or, at the very least, by ensuring that CentiMark would have access to them after the sale was completed," citing *In re NTL, Inc. Sec. Litig.*, 244 F.R.D. 179, collecting other cases); *Cyntegra, Inc. v. Idexx Labs., Inc.*, No. 06-4170, 2007 WL 5193736, *5 (C.D. Cal. Sept. 21, 2007) (party could not "bypass . . . duty [to preserve] by abandoning its documents to a third-party and claiming lack of control" because it "could have saved . . . the information").

[5]  *See Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146 (9th Cir. 2010) (citing *Blazek v. Capital Recovery Assocs., Inc.*, 222 F.R.D. 360 (E.D. Wis. 2004)); *Monsanto Co. v. Woods*, 250 F.R.D. 411 (E.D. Mo. 2008); *Sheridan v. Oak Street Mortg., LLC*, 244 F.R.D. 520 (E.D. Wis. 2007).

[6]  *See Corder v. Howard Johnson & Co.*, 53 F.3d 225, 232 (9th Cir. 1994) (court may sanction "non-party as an exercise of the court's inherent power to impose sanctions to curb abusive litigation practices"); *JTR Enterprises, LLC v. An Unknown Quantity*, 93 F. Supp. 3d 1331, 1366-67 (S.D. Fla. 2015) (same); *In re Intel Corp. Microprocessor Antitrust Litig.*, 562 F. Supp. 2d 606, 611 (D. Del. 2008) ("court's inherent authority to sanction extends to the conduct of a nonparty"); *US Sprint Commc'ns Co. v. Buscher*, 89 B.R. 154, 156 (D. Kan. 1988) (when debtor violated court orders, it was "within this court's inherent power to take whatever steps necessary to ensure those persons within its power comply with its orders," collecting cases); *In re Sasson Jeans, Inc.*, 83 B.R. 206, 208 (Bankr. S.D.N.Y. 1988) (contempt sanctions against debtor's executives).

ownership of the document is not determinative . . . parties in possession of documents [owned by another person] have 'possession, custody or control' within the meaning of Rule 34, notwithstanding the fact that the [other person has] ownership and restricts disclosure." *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995) (citations omitted). Through its counsel, LPC retains "possession, custody, or control" over these emails under Rule 34, regardless of the assignee's property rights.[7] *See Axler v. Sci. Ecology Grp., Inc.*, 196 F.R.D. 210, 212 (D. Mass. 2000) ("a party must produce otherwise discoverable documents that are in his attorneys' possession, custody or control").

9.      LPC's assertion it cannot review documents for privilege is not any shield to complying with the Court's orders either: "the party who invokes the privilege bears the burden of establishing that it applies to the communications at issue and that it has not been waived." *In re Keeper of Recs. (Grand Jury Subpoena Addressed to XYZ Corp.)*, 348 F.3d 16, 22 (1st Cir. 2003). "A party that fails to submit a privilege log is deemed to waive the underlying privilege claim." *In re Grand Jury Subpoena*, 274 F.3d 563, 576 (1st Cir. 2001). LPC waived its privilege claims: while the relevant discovery orders were entered in June 2020 and March 2021it still has not produced any privilege logs for the documents it has withheld.

## IV.     The Assignment Did Not End LPC's Duty to Comply with the Court's Orders

10.     If LPC wants to defend this litigation, it must immediately comply with the

---

[7]     "Under Rule 34, '"control" does not require that the party have legal ownership. . ." *In re NTL*, 244 F.R.D. at 195 (quoting *Bank of New York*, 171 F.R.D. at 146-47, quoted, followed by *Merchia v. United States Internal Revenue Serv.*, 336 F.R.D. 396, 399 (D. Mass. 2020)); *Haseotes v. Abacab Int'l Computers, Inc.*, 120 F.R.D. 12, 14 (D. Mass. 1988) ("Legal ownership is not the determining factor" for control under Rule 34).

    Conversely, LPC's cases are inapposite. *In re Grand Jury Subpoena*, 646 F.2d 963 (5th Cir. 1981) concerns self-incrimination in grand jury subpoenas, not civil discovery. *Learning Connections, Inc. v. Kaufman, Englett & Lynd, PLLC*, 280 F.R.D. 639, 640 (M.D. Fla. 2012) held a subpoena served on an individual did not compel the individual's employer to provide a records custodian to testify at trial.

Court's discovery orders. If it does not, then it should accept a default judgment on Plaintiffs'

class claims. A default judgment would moot much or most of the docket in this case. And if

LPC is just an empty shell, as it says, no one can complain about a default judgment against it.

But LPC cannot continue to oppose Plaintiffs at every turn, only to cry it is too impoverished to

comply with the Court's discovery orders.

11.     LPC demands that "Plaintiffs to pursue any relief they seek by filings proofs of

claim and conducting discovery in the Florida proceedings." (ECF No. 350 at 7.) An assignment

for the benefit of creditors cannot be a mechanism where LPC ultimately and finally prevails

over Plaintiffs where it has lost on the merits in motion practice. Plaintiffs retain the right to

litigate their claims against LPC and others before this Court, and they wish to exercise that

right. LPC did not move to transfer Plaintiffs' claims to the Florida state court, and the Court

could not transfer this case to a state court even if it had. LPC opted for an ABC proceeding,

rather than file for bankruptcy. That was LPC's prerogative, but it has consequences.[8] The Court

should enter a default against LPC and bring this portion of the case to a close.


Dated: July 20, 2021            By:  _____s/Ethan Preston_____
                                      Ethan Preston
                                      ep@eplaw.us
                                      **PRESTON LAW OFFICES**
                                      4054 McKinney Avenue, Suite 310
                                      Dallas, Texas 75204
                                      Telephone: (972) 564-8340
                                      Facsimile: (866) 509-1197

                                      *Attorneys for Plaintiff Plaintiffs Samuel Katz and*
                                      *Lynne Rhodes, on their own behalf, and behalf of*

---

[8]     "There is no automatic stay provision built into Chapter 727 [the Florida ABC statute]. . . .
While no lawsuit may be brought against the assignee except as provided in the statute, there
is no stay against proceeding to judgment against an assignor in a separate proceeding."
*Exportadora Atlantico, S.A. v. Fresh Quest, Inc.*, No. 16-23112, 2017 WL 3218465, *2 (S.D.
Fla. July 28, 2017) (whether or not claims "would fall under the exclusive province of the
Assignee, there is no justifiable reason to stay the proceedings against them").

*all others similarly situated*

## **LOCAL RULE 7.1(a)(2) CERTIFICATE OF COMPLIANCE**

I, Ethan Preston, hereby certify that the parties met and conferred on the relief sought in this document consistent with the foregoing.

Dated: July 20, 2021          By: _____s/Ethan Preston_____
                                              Ethan Preston

## **CERTIFICATE OF SERVICE**

I, Ethan Preston, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: July 20, 2021          By: _____s/Ethan Preston_____
                                              Ethan Preston