# Exhibit 1

```
 1                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MASSACHUSETTS
 2

 3   SAMUEL KATZ, an individual, on    )
     his own behalf and on behalf of   )
 4   all others similarly situated,    )
                                       )  No. 1:18-cv-10506-ADB
 5                  Plaintiff          )
                                       )
 6   vs.                               )
                                       )
 7   Liberty Power Corp., LLC, et      )
     al.,                              )
 8                  Defendants.        )
                                       )
 9

10

11          BEFORE THE HONORABLE DONALD L. CABELL
                 UNITED STATES MAGISTRATE JUDGE
12                      MOTION HEARING

13

14

15
          John Joseph Moakley United States Courthouse
16                     One Courthouse Way
                   Boston, Massachusetts 02210
17

18                      March 24, 2021
                          2:00 p.m.
19

20

21            Kristin M. Kelley, RPR, CRR
                  Official Court Reporter
22        John Joseph Moakley United States Courthouse
                 One Courthouse Way, Room 3209
23                Boston, Massachusetts 02210
                   E-mail: kmob929@gmail.com
24
           Mechanical Steno - Computer-Aided Transcript
25
```

```
 1   APPEARANCES:
 2
 3        Ethan Mark Preston
 4        Preston Law Offices
 5        4054 McKinney Avenue
 6        Suite 310
 7        Dallas, TX 75204
 8        (972) 564-8340
 9        Ep@eplaw.us
10        for Plaintiffs.
11
12
13        Grace Parasmo
14        Parasmo Lieberman Law
15        7400 Hollywood Blvd. #505
16        Los Angeles, CA 90046
17        844-200-5623
18        Gparasmo@parasmoliebermanlaw.com
19        for Plaintiffs.
20
21
22
23
24
25
```

```
 1   APPEARANCES:
 2
 3        Nicole Joyce Cocozza
 4        Eckert Seamans Cherin & Mellott, LLC
 5        Two International Place, 16th Flr.
 6        Boston, MA 02110
 7        617-342-6800
 8        Ncocozza@eckertseamans.com
 9        for Defendants.
10
11        Jeffrey P. Brundage
12        Robert J. Gastner
13        Eckert Seamans Cherin & Mellott, LLC
14        Two Liberty Place
15        1717 Pennsylvania Avenue, N.W.
16        Washington, DC 20006
17        (202) 659-6676
18        Jbrundage@eckertseamans.com
19        for Defendants.
20
21
22
23
24
25
```

```
 1                    P R O C E E D I N G S
 2           THE CLERK:  This is the case of Katz versus Liberty
 3   Power Corporation, LLC.  Civil Action No. 1810056 will now be
 4   heard before this court.
 5           Would counsel please introduce themselves for the
 6   record.
 7           MR. PRESTON:  Hello.  My name is Ethan Preston.  I
 8   represent the plaintiffs.
 9           THE COURT:  Good afternoon.
10           MS. PARASMO:  Good afternoon.  Grace Parasmo on behalf
11   of plaintiffs.
12           THE COURT:  Good afternoon.
13           MS. COCOZZA:  Good afternoon.  Nicole Cocozza on
14   behalf of the defendants.
15           THE COURT:  Good afternoon.
16           MR. BRUNDAGE:  Good afternoon.  Jeffrey Brundage on
17   behalf of the defendants.
18           THE COURT:  Good afternoon to you as well.
19           MR. GASTNER:  Good afternoon.  Robert Gastner on
20   behalf of the defendants.
21           THE COURT:  Good afternoon to you.
22           So this hearing is actually in connection with matters
23   we originally took up at the last hearing and then since then
24   there have been some more filings.  My hope is to resolve
25   everything that's pending.  We kind of talked back and forth
```

1     I say this to both parties.  It doesn't seem to me that the
2     parties have ever represented that we have conferred with
3     respect to this aspect of the order and we have reached an
4     agreement as to what exactly should be produced and what
5     shouldn't be produced.  If I'm wrong, tell me.  Otherwise,
6     Mr. Brundage, I think the onus is on you to say here's the
7     discovery this is what's consistent with Judge Burroughs' order
8     that plaintiffs are entitled to.  They can say we'll start with
9     that, work with that or we don't think that's enough.  If that
03:07 10    hasn't happened yet, that needs to happen ASAP.
11            MR. BRUNDAGE:  You are not incorrect about what you
12    said.
13            THE COURT:  So how do you want to proceed then?  It
14    seems to me that before this deposition can take place, we
15    might need to ensure that you've provided some paper or
16    narrative in an interrogatory.  What do we need to do in that
17    regard?
18            MR. BRUNDAGE:  As we said in our papers opposing the
19    motion for compelling financial discovery, the parties need to
03:07 20    get on the phone and hash it out.
21            THE COURT:  I don't mean to interrupt but this is
22    frustrating.  That was months ago.  That was several months
23    ago.  Where we are right now is exactly what Judge Burroughs
24    was hoping to avoid by placing it back in the parties' hands.
25            Here is a practical question to the plaintiffs, I

1  guess.  To the extent you got these topics here -- topic three,
2  do you think you could still benefit first from receiving some
3  discovery that relates to, and I don't have Judge Burroughs'
4  order in front of me, but some evidence or some discovery to
5  allow you to make an assessment of the bottom line performance
6  of the company?
7         If you say, thank you, but we think we've got enough,
8  then I say maybe this a nonissue and let's go ahead and have
9  this deposition take place.  If you say, no, we still don't
03:09 10  think we've gotten enough to make that assessment, you guys
11  have got to go back and confer, we're not going to be able to
12  solve that right now, I think what she was sort of saying was
13  on the plaintiff's request, you were looking for monthly
14  statements, and that struck her, and strikes me as well, that
15  that's over the top.  Maybe it's every six months.  Maybe we
16  take snapshots every quarter.  We do that for a period of three
17  or four years.  Then, for those snapshots, what type of
18  information is in those snapshots?
19         That's the conversation you guys have got to have.  If
03:09 20  you haven't had it yet and you think a deposition of a 30(b)(6)
21  designee might get to a point where they are being asked
22  questions that implicate the company's performance, I guess
23  that's my question.  Do you guy -- Mr. Brundage says yes.  Do
24  the plaintiffs agree you still need to work this part out?
25         MR. PRESTON:  Certainly, the plaintiffs would benefit

1  from additional financial discovery, but I want to frame that
2  issue, your Honor.  There was a court order requesting the
3  defendants to produce documents in June 2020, including
4  financial documents, which everybody agrees should be produced.
5  We found out in December that Mr. Hernandez, who owns the
6  company, makes funding requests to the finance people, the
7  shell and BTM.  Those are communications that would be
8  responsive.  We don't have those communications.
9       So after we filed this motion, we learned that
10 defendants never searched Mr. Hernandez's e-mail, never
11 searched his documents.  So we're now in a position where now
12 nine months after the Court's order there has been never a
13 single search of the key person in this litigation, the key
14 witness who owns the defendant's companies, not just for
15 financials but for anything.
16      THE COURT:  Hang on.  You're starting to merge issues
17 again.  That may be a concern.  I'm focusing on the financials.
18 That part of Judge Burroughs' order, and I'm trying to find it
19 here -- she said the Court will not order the production.  All
20 documents to determine defendants' net worth, including monthly
21 statements for all depository accounts, instead the parties are
22 ordered to meet and confer so that defendants may provide an
23 honest and accurate representation of their current net worth
24 in the least intrusive means available, with the goal of
25 determining the plausibility of punitive and class action

1           So what I would say is let's keep this focused on
2   something that may actually be an issue.  If you have you are
3   in possession of something you should not be in possession of,
4   then it's crystallized, then it's an issue, and then I think
5   it's fair to ask have you searched for.  If not, you should do
6   so.  You were motioning with your hand.  I think you want to
7   answer that.
8           MR. PRESTON:  Sure, your Honor.  So this is something
9   that got dragged into the reply brief for financial discovery.
10  It's ECF 271-1.  That's my declaration.  Then there's
11  paragraphs four through 8.  Lays out very simply, I think,
12  there are financial discovery that the Court ordered in June
13  that we don't have and that should have been produced.
14          THE COURT:  Here's how I'll deal with this.
15  Mr. Brundage, I'll order the defendants to go back and look to
16  see whether there has been a search for responsive documents
17  maintained by Mr. Hernandez.  It's kind of a two part, in a
18  demand that says give me everything that this person wrote in
19  and of itself is appropriate.  If you are requesting discovery
20  that's pertinent and you haven't gotten everything, and
21  reasonable people can wonder or can infer that that's because
22  there's an issue that hasn't been searched, the solution is to
23  search that area.
24          Mr. Brundage, you have the declaration of Mr. Preston.
25  You know where his concerns lie.  Obviously, Mr. Hernandez is a

1  player, a majority player, and he's important in the context of
2  this case.  It seems to me to be utterly commonsensical that
3  any searches for responsive documents should include documents
4  that are maintained by Mr. Hernandez.
5       I will leave it at that and simply direct the
6  defendants to make every effort to ensure that searches have
7  included documents in his possession as well as everywhere else
8  you have looked.
9       MR. BRUNDAGE:  Yes, your Honor.
04:01 10      THE COURT:  I would order that that search take place
11  immediately if it has not yet taken.  I'm not making a finding
12  whether it has happened or not.  I'm making directive that it
13  happen immediately and any nonprivileged information be
14  produced.
15      With that, it's 4:02.  We're 2 minutes over.  I think
16  that's a good place to stop.  I will end on this note, offering
17  our services and encouraging the parties to call us if you do
18  this and we need a telephone call.  It's not reported.  We
19  don't adjudicate.  We roll up our sleeves and talk the issue
04:02 20  through.  We have a pretty good track record in helping to
21  reduce the paper problem with the Court by having those sorts
22  of calls.
23      All right?  With that, everybody stay safe.  We'll be
24  in recess.
25      (Whereupon, the proceedings concluded at 4:03 p.m.)

```
 1                    C E R T I F I C A T E
 2
 3
 4   UNITED STATES DISTRICT COURT )
 5   DISTRICT OF MASSACHUSETTS    )
 6
 7
 8          I, Kristin M. Kelley, certify that the foregoing is a
 9   correct transcript from the record of proceedings taken
10   March 24, 2021 in the above-entitled matter to the best of my
11   skill and ability.
12
13
14       /s/ Kristin M. Kelley                    March 29, 2021
15       Kristin M. Kelley, RPR, CRR              Date
         Official Court Reporter
16
17
18
19
20
21
22
23
24
25
```