UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAMUEL KATZ and LYNN RHODES, individually, and on their own behalf and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>LIBERTY POWER CORP., LLC, and LIBERTY POWER HOLDINGS, LLC,<br><br>    Defendants.<br><br><br>LIBERTY POWER CORP., LLC,<br><br>    Counterclaim Plaintiff,<br><br>v.<br><br>SAMUEL KATZ,<br><br>    Counterclaim Defendant. | No. 18-cv-10506-ADB |

**REPORT AND RECOMMENDATION**

CABELL, U.S.M.J.

**I.   RELEVANT BACKGROUND**

This long-enduring litigation began on March 16, 2018, when plaintiff Samuel Katz filed a complaint against defendants Liberty Power Holdings, LLC ("LP Holdings"), and Liberty Power Corp., LLC ("LP Corp") (collectively, "defendants" or "Liberty Power"),

alleging that Liberty Power violated certain provisions of the Telephone Consumers Protection Act ("TCPA").[1] (D. 1). Katz and his later-joining co-plaintiff Lynne Rhodes assert claims on their own behalf and on behalf of multiple purported classes.[2] LP Corp asserts two counterclaims against Katz, alleging that he surreptitiously recorded certain conversations with Corp employees in violation of Florida law. (D. 209). The defendants also purportedly assert third-party claims against Mezzi Marketing, LLC, for indemnification, contribution, breach of contract, and negligence. (D. 28, pp. 20-23, ¶¶ 18-44). However, no one has ever entered an appearance in this action on behalf of Mezzi Marketing, and the defendants have never sought a default or otherwise litigated their third-party complaint.

In April 2021, LP Holdings filed for Chapter 11 bankruptcy in Florida, triggering an automatic stay pursuant to 11 U.S.C. § 362(a). (D. 338). In September 2021, the court extended the stay to LP Corp. (D. 363). That stay remains in place. (D. 392).

In the intervening years, the parties have filed reports to keep the court apprised of the status of LP Holdings' bankruptcy proceeding. (D. 383; D. 389; D. 394; D. 395). In their most

---

[1] The original complaint also asserted that the defendants and two of their officers and owners fraudulently transferred Liberty Power assets in violation of Florida state law. (D. 1, ¶¶ 93-103). The plaintiff later voluntarily dismissed the individual officers from this suit. (D. 25).

[2] A third named plaintiff, Alexander Braurman, voluntarily dismissed his individual claims in 2019. (D. 192).

2

recent status report, the parties indicated that the bankruptcy proceeding is complete and that both LP Holdings and LP Corp have been completely liquidated. (D. 395). Counsel of record for the defendants have been unable to contact anyone at either Liberty Power entity. (*Id.*). By all accounts, Liberty Power no longer exists.

The court convened a status conference with counsel on March 22, 2024. (D. 397). At that conference, the plaintiffs expressed their willingness to dismiss their claims provided LP Corp's counterclaims were also dismissed. Counsel of record for the defendants agreed that the court should dismiss the counterclaims, but there remained some uncertainty as to whether counsel still truly represented the defendants.

## II.   VOLUNTARY DISMISSAL OF THE PLAINTIFFS' CLAIMS

Federal Rule of Civil Procedure 41 governs dismissals. A plaintiff may voluntarily dismiss his or her own claims. Fed. R. Civ. P. 41(a), (c). However, when the opposing party has served a responsive pleading and does not stipulate to the dismissal, the plaintiff must request a court order. Fed. R. Civ. P. 41(a)(2); *see* Fed. R. Civ. P. 41(a)(1)(A), (c)(1). The court may grant the request "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Such a dismissal is without prejudice unless the order states otherwise. *Id.*

3

The plaintiffs are effectively unable to continue this litigation because the defendants are no longer participating. Notably, there is reason to believe that the defendants are out of business and that their assets have been liquidated. Rather than spending further time and money to pursue a default judgment on which they will likely never be able to collect, the plaintiffs instead agree that their claims should be dismissed conditional on LP Corp's counterclaim also being dismissed. Under the circumstances, this request is wholly reasonable. Because there is some doubt whether counsel of record can stipulate to a dismissal on behalf of the defendants, *see* Fed. R. Civ. P. 41(a)(1)(A)(ii), the best way to effect the dismissal is through a court order.

**III. DISMISSAL OF LP CORP'S COUNTERCLAIMS FOR FAILURE TO PROSECUTE**

"The authority of a federal trial court to dismiss a plaintiff's action . . . because of [its] failure to prosecute cannot seriously be doubted." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962); *see also* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it."). Such a dismissal is usually with prejudice unless stated otherwise. Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits."). The First Circuit "has often

4

recognized [that] the sanction of dismissal with prejudice for want of prosecution is a unique and awesome one." *Pomales v. Celulares Telefonica, Inc.*, 342 F.3d 44, 48 (1st Cir. 2003) (collecting cases). Because dismissal with prejudice is a harsh sanction, it is most "appropriate in the face of 'extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstance.'" *Id.* (quoting *Cosme Nieves v. Deshler*, 826 F.2d 1, 2 (1st Cir. 1987)). "Where the case is close, courts should prefer less severe sanctions that preserve the possibility of disposition on the merits." *Id.*; *see also Corujo v. Eurobank*, 299 F. App'x 1, 1 (1st Cir. 2008) (per curiam) (finding that district court has discretion to order dismissal for want of prosecution without prejudice even when a dismissal with prejudice would be appropriate).

As detailed above, the defendants have not been in touch with their counsel for over a year. (D. 395, p. 3). Both defendants have been liquidated and neither appears to have any remaining officers or employees. (*Id.*). Under the circumstances, the defendants are clearly both unwilling and unable to prosecute their counterclaims. Dismissal for want of prosecution is therefore appropriate.[3]

---

[3] This reasoning applies with even greater force to the defendants' third-party claims against Mezzi Marketing, as the defendants have apparently not taken any

5

It is unclear whether the defendants' inaction is so protracted as to warrant dismissal with prejudice. *See Pomales*, 342 F.3d at 48. Regardless, in this instance there would be little practical difference between a dismissal with prejudice and a dismissal without prejudice. The defendants' counterclaims surround Katz's alleged unlawful recording of certain telephone communications in 2018 in violation of Fla. Stat. § 934.03. Such actions have a two-year statute of limitations. Fla. Stat. § 934.10(3). Consequently, even if the defendants were to decide to refile their counterclaims, they would be time-barred, particularly since Florida, unlike Massachusetts, has no savings statute that might otherwise make a refiled claim timely. *HCA Health Servs. Of Fla., Inc. v. Hillman*, 906 So. 2d 1094, 1098 (Fla. Dist. Ct. App. 2004). As such, there no longer appears to be a "possibility of disposition on the merits." *Pomales*, 342 F.3d at 48.

---

steps to litigate these claims since serving Mezzi Marketing in July 2018. (D. 33).

## IV. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, this case should now come to a close.  To effect that result, the court recommends that the plaintiffs' claims be dismissed without prejudice (and with their assent).  The court further recommends that LP Corp's crossclaims against Katz and the defendants' third-party claims against Mezzi Marketing be dismissed for failure to prosecute.[4]

/s/ Donald L. Cabell  
DONALD L. CABELL, U.S.M.J.

DATED:  March 28,2024

---

[4] The parties are hereby advised that under the provisions of Federal Rule of Civil Procedure 72(b), any party who objects to this recommendation must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  *See Keating v. Secretary of Health and Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *see also Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L.Ed.2d 435 (1985).